JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Manufacturers Alliance Insurance Company | Unitex Textile Services, LLC and Unitex Textile Rental Services, Inc. |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Steven J. Engelmyer, Kleinbard LLC, 1717 Arch Street, 5th Fl., Philadelphia, PA 19103, 215-568-2000 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ✖ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ✖ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ✖ 5 | ✖ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ✖ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ✖ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Declaratory Judgment action related to insurance policy

## VII.  REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❏ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/21/2024 | /s/ Steven J. Engelmyer |

**FOR OFFICE USE ONLY**

RECEIPT #  _____    AMOUNT  _____    APPLYING IFP  _____    JUDGE  _____    MAG. JUDGE  _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY, | : : : | Civil Action No.: _____ |
| Plaintiff, | : : | |
| v. | : : | |
| UNITEX TEXTILE SERVICES, LLC and UNITEX TEXTILE RENTAL SERVICES, INC., | : : : : | |
| Defendants. | : : | |

## COMPLAINT

Plaintiff Manufacturers' Alliance Insurance Company ("MAIC"), by and through its undersigned counsel, hereby makes its complaint against Defendants Unitex Textile Services, LLC ("Unitex") and Unitex Textile Rental Services, Inc. ("Unitex Rental Services") and in support hereof, avers as follows:

## INTRODUCTION

1. This action is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as there is an actual case and controversy between the parties that requires adjudication by the Court.

2. MAIC is an insurer of Unitex and issued a Business Auto Policy to Unitex, bearing Policy No. 152200-91-26-38-4A, with a policy period of July 1, 2022 to July 1, 2023 (the "Policy").

3.      MAIC seeks a declaration that it has no duty to defend or indemnify Unitex or Unitex Rental Services under the Policy with respect to a third party complaint (the "Third Party Complaint") filed against Unitex Rental Services by the Trustees of Princeton University ("Princeton") in an underlying action captioned *Chad Cummings v. Trustees of Princeton University d/b/a Princeton University, et al.*, No. MID-L-002838-23 (N.J. Super., Law Div.) (the "Underlying Action").

4.      The plaintiff in the Underlying Action allegedly was injured by a dangerous and defective condition—a defective dock plate—on the premises of a loading dock at Princeton University.

5.      Unitex and/or Unitex Rental Services are not entitled to coverage under the Policy for the Third Party Complaint because: (i) the bodily injury and resulting damages alleged in the Underlying Action are not encompassed within the Policy because the alleged bodily injury was not caused by an accident resulting from the ownership, maintenance or use of a covered auto; (ii) the contractual indemnification claim asserted against Unitex Rental Services in the Third Party Complaint is a breach of contract claim that is not encompassed within the Policy; (iii) coverage is excluded by the exclusion for "Employee Indemnification and Employer's Liability"; and (iv) coverage is excluded by the exclusion for "Handling of Property".

## **PARTIES**

6.      MAIC is an insurance company incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business at 380 Sentry Parkway, Blue Bell, PA 19422-0754.

7.      Unitex is a Delaware limited liability company with its principal place of business located at 565 Taxter Road, Suite 620, Elmsford, NY 10523.

8.      Upon information and belief, Unitex Rental Services is a New York corporation with its principal place of business located at 565 Taxter Road, Suite 620, Elmsford, NY 10523.

9.      Unitex and Unitex Rental Services conduct business in New Jersey, including business with Princeton University, which gave rise to the Underlying Action.

## JURISDICTION AND VENUE

10.     Unitex and Unitex Rental Services are subject to the jurisdiction of this Court because, upon information and belief, they regularly conducts business in this District, including through business relationship with Princeton University.

11.     This Court has jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is over $75,000 and the lawsuit involves citizens of different states.

12.     This action is also brought pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Unitex and Unitex Rental Services are subject to this Court's personal jurisdiction and, therefore, resides in this District.

## FACTUAL BACKGROUND

### The Underlying Action

14.     Plaintiff in the Underlying Action, Chad Cummings ("Cummings"), upon information and belief is an employee of Unitex Rental Services.

15.     Cummings filed his Complaint in the Underlying Action (the "Complaint") on or about May 18, 2023 against Princeton, John Does 1-10 and John Doe Corporations 1-10.[1] A true and correct copy of the Complaint is attached hereto, and made a part hereof, as Exhibit "A".

16.     Cummings alleges in the Complaint that on November 7, 2022, he was making a delivery for his employer at the McCosh infirmary at Princeton University. *See* Complaint at ¶4.

17.     Cummings alleges that he pulled the truck he was driving into the loading dock. *Id.*

18.     Cummings further alleges that he "entered the loading dock, and placed a loading dock plate on his dock and the truck, and when [sic] the loading dock plate failed and caused the Plaintiff to fall due to certain conditions, which caused Plaintiff to sustain severe and permanent physical injuries in and about his body." *Id.* at ¶5.

19.     Based on these allegations, the Complaint asserts a single count for "Negligence and Premises Liability" against Princeton, John Does 1-10 and John Doe Corporations 1-10. *Id.* at ¶¶7-18.

20.     As part of this count, Cummings alleges that "Defendants … carelessly and negligently created or allowed dangerous and defective condition(s), including but not limited to, the defective, broken, or improperly maintained loading dock plate, to remain on the premises for an unreasonable period of time." *Id.* at ¶10.

21.     Cummings' Complaint clearly alleges that he was injured as a result of the defective condition of the loading dock caused by the dock plate. *Id.* at ¶¶11-14.

---

[1] Cummings alleges in the Complaint that John Does 1-10 and John Doe Corporations 1-10 "are fictitious persons operating as 'Princeton University' or 'McCosh Infirmary,' or who were responsible for the maintenance of the loading dock plate, whose correct or legal identities are presently unknown, or are otherwise persons or entities bearing liability or responsibility for their involvement with the Plaintiff's injury, but whose identities or liability is presently unknown to the Plaintiffs, or against whom Plaintiff cannot plead in good faith." See Complaint at ¶6.

**The Third Party Complaint**

22.     Princeton filed the Third Party Complaint against Unitex Rental Services on or about July 5, 2023. A true and correct copy of Princeton's Answer to Complaint, Affirmative Defenses and Designation of Trial Counsel, and Third Party Complaint is attached hereto, and made a part hereof, as Exhibit "B".

23.     The Third Party Complaint contains two counts: (i) Count One for contractual indemnification; and (ii) Count Two for common law indemnification and/or contribution. *See* Exhibit B, Third Party Complaint at p. 6-8.

24.     In support of Count One, Princeton alleges that Unitex Rental Services and it entered into a contract, effective January 1, 2022, which contained an indemnification provision requiring Unitex Rental Services to indemnify Princeton for certain claims, however, Unitex Rental Services is not required to indemnify Princeton "in the event University is proven to be solely negligent." *Id.* at ¶¶8-9.

25.     Princeton further alleges in the Third Party Complaint that "[b]ased on Plaintiff's allegations, the alleged fault is not exclusively that of Princeton[.]" *Id.* at ¶12.

**The Policy**

26.     MAIC issued the Policy to Unitex. A true and correct copy of the Policy is attached hereto, and made a part hereof, as Exhibit "C".

27.     The Business Auto Coverage Form of the Policy provides, in relevant part, the following grant of coverage:

> **A. Coverage**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this

5

insurance applies, caused by an "accident" and resulting from the
ownership, maintenance or use of a covered "auto".

*See* Policy, Business Auto Coverage Form, §II(A).

28.     In addition, the Business Auto Coverage Form of the Policy contains the
following exclusions for "Employee Indemnification and Employer's Liability" ("Exclusion 4")
the "Handling of Property ("Exclusion 7"):

This insurance does not apply to any of the following:

**\*\*\*\***

**4. Employee Indemnification And Employer's**

**Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of
and in the course of:

(1) Employment by the "insured"; or
(2) Performing the duties related to the
conduct of the "insured's" business;
**\*\*\*\***
But this exclusion does not apply to … liability assumed by the
"insured" under an "insured contract."[2]

**\*\*\*\***

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling
of property:

a. Before it is moved from the place where it is accepted by the
"insured" for movement into or onto the covered "auto"; or

b. After it is moved from the covered "auto" to the place where it is
finally delivered by the "insured".

---

[2] The Policy defines the term "insured contract," in relevant part, as "That part of any contract or agreement
pertaining to your business … under which you assume the tort liability of another to pay for 'bodily injury' or
'property damage' to a third party or organization. Tort liability means a liability that would be imposed by law in
the absence of any contract or agreement[.]" *See* Policy, Business Auto Coverage Form, §V(H)(5).

*Id.* at §II(B)(4) and (7).

**There is no Coverage Under the Policy for**
**Unitex or Unitex Rental Services for the Third Party Complaint in the Underlying Action**

29.     Unitex and/or Unitex Rental Services sought coverage under the Policy for the Third Party Complaint.

30.     MAIC denied this request for coverage because MAIC has no duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy for the Third Party Complaint.

31.     Based on the allegations of Underlying Action, MAIC has no duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy for the Third Party Complaint for four reasons.

### A. The Bodily Injury Alleged in the Complaint was not Caused by an Accident Resulting From the Ownership, Maintenance or use of a Covered Auto

32.     First, Cummings' alleged bodily injury and resulting alleged damages are not encompassed within the Policy because his alleged bodily injury was not caused by an accident resulting from the ownership, maintenance or use of a covered auto.

33.     The Complaint in the Underlying Action does not allege any injury resulting from the ownership or maintenance of a covered auto.

34.     With respect to an injury resulting from the use of a covered auto, under New Jersey Law, an injury that occurs as a result of negligent defects on the premises is not covered by an automobile insurance policy, even if the injury occurs during the loading or unloading process, because such injury does not result from the use of the automobile. *See, e.g.*, *Forsythe v. Teledyne Turner Tube*, 508 A.2d 1156, 116061 (N.J. Super., App. Div. 1986).

35.     Cummings' bodily injury, as alleged in the Complaint and the Third party Complaint, was caused by an accident that resulted from the dangerous and defective condition of Princeton University's loading dock (i.e., the defective dock plate).

36.     Such injury does not constitute bodily injury that was caused by an accident resulting from the use of a covered auto.

37.     Accordingly, the injury and resulting damages alleged in the Underlying Action are not encompassed within the coverage provided by the Policy under Section II(A) of the Business Auto Coverage Form.

38.     Rather, such an injury and damages should be covered by a general liability policy.

**B.  The Contractual Indemnification Claim is a Breach of Contract Claim**

39.     Second, the contractual indemnification claim asserted against Unitex Rental Services in the Third Party Complaint is a breach of contract claim that is not encompassed within the Policy.

40.     The Policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." *See* Policy, Business Auto Coverage Form, §II(A).

41.     The contractual indemnification claim in the Third Party Complaint alleges that Unitex Rental Services breached its purported contractual obligation to indemnify Princeton.

42.     The Policy does not provide coverage for a breach of contract claim.

43.     As such, the contractual indemnification claim is not covered by the Policy.

### C. Exclusion 4 Excludes Coverage

44.     Third, even if the grant of coverage encompassed the injury and resulting damages alleged in the Underlying Action (which it does not), coverage is excluded by Exclusion 4.

45.     Based on the allegations in the Complaint in the Underlying Action, Cummings suffered "bodily injury" in the course of his employment with Unitex Rental Services while performing duties related to Unitex Rental Services' business.

46.     As such, Exclusion 4 applies and bars coverage.

47.     The exception in Exclusion 4 for liability assumed under an "insured contract" is inapplicable because in the Complaint Cummings only alleges that Princeton was negligent.

48.     As a result, the contractual indemnification provision cited in the Third Party Complaint is inapplicable because it expressly states that Unitex Rental Services is not required to indemnify Princeton "in the event University is proven to be solely negligent." *See* Third party Complaint. at ¶¶8-9.

49.     While Princeton alleges in the Third Party Complaint Princeton that "the alleged fault is not exclusively that of Princeton" (*see id.* at ¶12), there is no basis for this allegation where the Complaint only alleges negligence against Princeton and such an allegation cannot change the allegations of the Complaint.

50.     Accordingly, Exclusion 4 applies, the Complaint alleges sole negligence on the part of Princeton, the exception to Exclusion 4 is inapplicable and, as a result, any coverage is excluded by Exclusion 4.

### D.  Exclusion 7 Excludes Coverage

51.     Fourth, even if the grant of coverage encompassed the injury and resulting damages alleged in the Underlying Action (which it does not), coverage is excluded by Exclusion 7.

52.     Based on the on the allegations in the Underlying Action and the Third Party Complaint, Cummings alleged injury occurred after the materials he was delivering had been moved from his truck to the place on the loading dock where they were to be delivered to Princeton University.

53.     Consequently, Cummings had completed the unloading operation and, as a result, any coverage is excluded by Section (b) of Exclusion 7.

54.     Accordingly, MAIC has no duty to defend or indemnify Unitex and/or Unitex Rental Services with respect to the Third Party Complaint.

### COUNT I – DECLARATORY JUDGMENT (28 U.S.C. § 2201)

55.     MAIC incorporates the averments of Paragraph 1 through 54 of this Complaint as though set forth fully.

56.     There is a real and live dispute between the parties concerning whether MAIC has a duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy for the Third Party Complaint.

57.     As set forth above, Cummings' alleged bodily injury and resulting alleged damages are not encompassed within the Policy because his alleged bodily injury was not caused by an accident resulting from the ownership, maintenance or use of a covered auto.

58.     As set forth above, the contractual indemnification claim asserted against Unitex Rental Services in the Third Party Complaint is a breach of contract claim that is not encompassed within the Policy.

59.     As set forth above, even if the grant of coverage encompassed the injury and resulting damages alleged in the Underlying Action (which it does not), coverage is excluded by Exclusion 4.

60.     As set forth above, even if the grant of coverage encompassed the injury and resulting damages alleged in the Underlying Action (which it does not), coverage is excluded by Exclusion 7.

61.     Accordingly, MAIC has no duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy for the Third Party Complaint.

62.     MAIC seeks a declaration that it has no duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy with respect to the Third Party Complaint because: (i) Cummings' alleged bodily injury and resulting alleged damages are not encompassed within the Policy because his alleged bodily injury was not caused by an accident resulting from the ownership, maintenance or use of a covered auto; (ii) the contractual indemnification claim asserted against Unitex Rental Services in the Third Party Complaint is a breach of contract claim that is not encompassed within the Policy; (iii) Exclusion 4 excludes coverage; and (iv) Exclusion 7 excludes coverage.

WHEREFORE, MAIC requests that this Court enter an Order declaring that MAIC has no duty to defend or indemnify Unitex and/or Unitex Rental Services under the Policy with respect to the Third Party Complaint.

Dated: May 21, 2024

/s/ Steven J. Engelmyer

**KLEINBARD LLC**
Steven J. Engelmyer (No. 42840)
Eric J. Schreiner (No. 76721)
Three Logan Square, 5th Floor
Philadelphia, PA 19103
(215)568-2000
sengelmyer@kleinbard.com
eschreiner@kleinbard.com

*Attorneys for Manufacturers Alliance*
*Insurance Company*

# EXHIBIT A

Filing Attorney:       Matthew H. Mueller
Attorney ID:           042202010

**CLEMENTE MUELLER, P.A.**
**ATTORNEYS AT LAW**
**A PROFESSIONAL CORPORATION**
Office:   222 Ridgedale Avenue, 2nd Floor
          Cedar Knolls, New Jersey 07927
Mail:     Post Office Box 1296
          Morristown, New Jersey 07962-1296
(973) 455-8008
Attorneys for Plaintiff, Chad Cummings
Our File No. 5189.00001

| | |
|---|---|
| CHAD CUMMINGS,<br><br>          Plaintiff,<br><br>     vs.<br><br>TRUSTEES OF PRINCETON<br>UNIVERSITY D/B/A PRINCETON<br>UNIVERSITY;<br>JOHN DOES 1-10,<br>JOHN DOE CORPORATIONS 1-10;<br><br>          Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No.:<br><br>**Civil Action**<br><br>**COMPLAINT JURY DEMAND, AND**<br>**DESIGNATION OF TRIAL**<br>**COUNSEL** |

Plaintiff, Chad Cummings, (hereinafter "Plaintiff"), residing 224 Hamilton Street, Apt 1, New Brunswick, NJ 08901, within the City of New Brunswick, the County of Middlesex, and the State of New Jersey, complaining of the Defendant(s), states:

## BACKGROUND AND PARTIES

1.      At all relevant times herein, the Plaintiff Chad Cummings is a natural person residing 224 Hamilton Street, Apt. 1, New Brunswick, NJ 08901, within the City of New Brunswick, the County of Middlesex, and the State of New Jersey.

2.      At all relevant times herein, the Defendant, Trustees of Princeton University, is a private, not-for-profit, nonsectarian institution, operating and doing business as "Princeton

University" in Princeton, New Jersey, within the Borough of Princeton, the County of Mercer, and the State of New Jersey.

3.      At all relevant times, the Plaintiff is and was employed as truck driver.

4.      On or about the morning of November 7, 2022, the day of the subject incident, the Plaintiff was making a delivery for his employer at the McCosh infirmary at Princeton University, and pulled the truck he was driving into loading dock.

5.      The Plaintiff entered the loading dock, and placed a loading dock plate on his dock and the truck, and when the loading dock plate failed and caused the Plaintiff to fall due to certain defective conditions, which caused Plaintiff to sustain severe and permanent physical injuries in and about his body.

6.      At all relevant times herein, the Defendants, John Does 1-10 and John Doe Corporations 1-10 are fictitious persons operating as "Princeton University" or "McCosh Infirmary," or who were responsible for the maintenance of the loading dock plate, whose correct or legal identities are presently unknown, or are otherwise persons or entities bearing liability or responsibility for their involvement with the Plaintiff's injury, but whose identities or liability is presently unknown to the Plaintiffs, or against whom Plaintiff cannot plead against in good faith.

**COUNT ONE**
**NEGLIGENCE AND PREMISES LIABILITY**

7.      Plaintiff repeats, re-alleges, reiterates, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

8.      On or about the morning of November 7, 2022, the Plaintiff was lawfully on the Defendant's premises known as the McCosh infirmary at Princeton University.

9.      At the aforesaid date and time, Plaintiff was caused to suffer serious and permanent injuries as a result of the unreasonable and negligent actions of Defendants, and/or its agents/employees.

10.     At the aforesaid date and time, and for some time prior thereto, Defendants, acting personally and/or by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently created or allowed dangerous and defective condition(s), including but not limited to, the defective, broken, or improperly maintained loading dock plate, to remain on the premises for an unreasonable period of time.

11.     All Defendants created a dangerous condition and/or had actual and/or constructive notice of the dangerous condition in the areas where the Plaintiff sustained injuries.

12.     At the aforesaid date and time, as a direct and proximate result of the aforesaid Defendants' negligence, carelessness, failure to inspect their property, failure to warn of dangerous conditions on their property, and other improper conduct, Plaintiff was caused to suffer serious and permanent injuries in and about his body as a result of the aforesaid dangerous or defective condition(s), on Defendant's aforesaid property.

13.     All Defendants failed to take any action to correct said dangerous condition, failed to warn, failed to caution, failed to advise the Plaintiff of the dangerous and defective condition(s), and/or were otherwise careless and negligent.

14.     All Defendants owed a duty of care to Plaintiff to operate their material and machinery in a safe and proper manner, to maintain proper upkeep and maintenance of their material, machinery, and loading dock plates, as well as to remain alert and observe others while operating their material, machinery and loading dock plates.

15.     All Defendants failed to operate their material and machinery in a safe and proper manner, to maintain proper upkeep and maintenance of their material and machinery, as well as to remain alert and observe others while operating their material and machinery.

16.     All Defendants owed Plaintiff a duty of care to avoid enlisting or requesting Plaintiff to engage in a technical task for which he was neither qualified nor received the proper training, and to provide adequate warnings, safety equipment, notice or precautions to Plaintiff.

17.     All Defendants, enlisted or requested Plaintiff to engage in a technical task for which he was neither qualified nor received the proper training, and failed to provide adequate warnings, safety equipment, notice or precautions to Plaintiff.

18.     As a direct, proximate and foreseeable result of the carelessness, recklessness, negligence, or other improper conduct of the Defendants, the Plaintiff sustained severe and permanent physical injuries, lost wages and other economic and non-economic damages, suffers and will suffer great pain and anguish; and was and will be required to seek medical assistance.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly, severally, individually and in the alternative on the Complaint for compensatory damages, punitive damages, attorneys' fees, interest and costs of suit.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that Matthew H. Mueller, Esq. is hereby designated a trial counsel for the Plaintiff in the captioned matter pursuant to rule 4:25-4.

### DEMAND FOR ANSWERS TO FORM INTERROGATORIES

Plaintiff demands that Defendants to provide answers to Form C and C(2) interrogatories.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I am an attorney for the Plaintiff in the above-captioned matter and am filing this Certification pursuant to Rule 4:5-1.

2. I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, except for the following:

    a. None.

3. I further certify that the within matter is not pending in any arbitration proceeding and, as of the date of the filing of this Certification, no such arbitration proceeding is contemplated.

4. I further certify that no additional parties should be joined in the within action.

**CLEMENTE MUELLER, P.A.**
Attorneys for Plaintiff

By:  s/ Matthew H. Mueller
[electronic signature pursuant to R. 1:32-2A(c)]
Matthew H. Mueller

Dated:      May 18, 2023

# EXHIBIT B

Edward G. Sponzilli, Esq. (Atty. ID - 013701975)
NORRIS McLAUGHLIN, P.A.
400 Crossing Boulevard, 8th Floor
P.O. Box 5933
Bridgewater, NJ 08807-5933
(908) 722-0700
Attorneys for Defendants

|  |  |
|---|---|
| CHAD CUMMINGS, <br><br> Plaintiff, <br><br> vs. <br><br> TRUSTEES OF PRINCETON UNIVERSITY D/B/A PRINCETON UNIVERSITY; JOHN DOES 1-10, JOHN DOE CORPORATIONS 1-10; <br><br> Defendants/Third Party Plaintiff, <br><br> vs. <br><br> UNITEX TEXTILE RENTAL SERVICES, INC., <br><br> Third Party Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY <br><br> DOCKET NO. MID-L-2838-23 <br><br> CIVIL ACTION <br><br> SUMMONS |

From The State of New Jersey
To The Third Party Defendant Named Above:

**UNITEX TEXTILE RENTAL SERVICES, INC.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The third party complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.

Dated:   JULY 6, 2023

/s/ Michelle M. Smith
MICHELLE M. SMITH
Clerk of the Superior Court

Name of Defendant to be Served:
Address of Defendant to be Served

UNITEX TEXTILE RENTAL SERVICES, INC.
c/o Greenbaum, Rowe, Smith & Davis, Registered Agent
99 S. Wood Avenue
Iselin, NJ  08830

ATLANTIC COUNTY
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL (609) 345-3444
LEGAL SERVICES (609) 348-4200

BERGEN COUNTY
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL (201) 488-0044
LEGAL SERVICES (201) 487-2166

BURLINGTON COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Rd.
Mount Holly, NJ 08060
LAWYER REFERRAL (609) 261-4862
LEGAL SERVICES (609) 261-1088

CAMDEN COUNTY
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth Street
Camden, NJ 08103
LAWYER REFERRAL (856) 482-0618
LEGAL SERVICES (856) 964-2010

CAPE MAY COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May County Court House, NJ 08210
LAWYER REFERRAL (609) 463-0313
LEGAL SERVICES (609) 465-3001

CUMBERLAND COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL (856) 696-5550
LEGAL SERVICES (856) 691-0494

ESSEX COUNTY
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL (973) 622-6204
LEGAL SERVICES (973) 624-4500

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First FL, Court House
1 North Broad Street, P. O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL (856) 848-4589
LEGAL SERVICES (856) 848-5360

HUDSON COUNTY
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL (201) 798-7727
LEGAL SERVICES (201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL (908) 236-6109
LEGAL SERVICES (908) 782-7979

MERCER COUNTY
Deputy Clerk of the Superior Court
Local Filing Office, Court House
175 S. Broad Street, P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL (609) 585-6200
LEGAL SERVICES (609) 695-6249

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson St., PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL (732) 828-0053
LEGAL SERVICES (732) 246-7600

MONMOUTH COUNTY
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL (732) 431-5544
LEGAL SERVICES (732) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
Washington & Court Streets
PO Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 285-6911

OCEAN COUNTY
Deputy Clerk of the Superior Court
Court House, Room 121
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL (732) 240-3666
LEGAL SERVICES (732) 341-2727

PASSAIC COUNTY
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223
LEGAL SERVICES (973) 523-2900

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL (856) 935-5629
LEGAL SERVICES (856) 691-0494

SOMERSET COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
P. O. Box 3000
40 N. Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL (908) 685-2323
LEGAL SERVICES (908) 231-0840

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL (973) 267-5882
LEGAL SERVICES (973) 383-7400

UNION COUNTY
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL (908) 353-4715
LEGAL SERVICES (908) 354-4340

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07825-1500
LAWYER REFERRAL (908) 859-4300
LEGAL SERVICES (908) 475-2010

Edward G. Sponzilli, Esq. (Atty. ID #013701975)
NORRIS McLAUGHLIN, P.A.
400 Crossing Boulevard, 8th Floor
P.O. Box 5933
Bridgewater, NJ 08807-5933
(908) 722-0700
Attorneys for Defendants

| | |
|---|---|
| CHAD CUMMINGS,<br><br>    Plaintiff,<br><br>vs.<br><br>TRUSTEES OF PRINCETON UNIVERSITY D/B/A PRINCETON UNIVERSITY; JOHN DOES 1-10, JOHN DOE CORPORATIONS 1-10;<br><br>    Defendants/Third Party Plaintiff,<br><br>vs.<br><br>UNITEX TEXTILE RENTAL SERVICES, INC.,<br><br>    Third Party Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-2838-23<br><br><u>CIVIL ACTION</u><br><br>ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND DESIGNATION OF TRIAL COUNSEL, AND THIRD PARTY COMPLAINT |

Defendant, Trustees of Princeton University ("Princeton" or "Defendant"), 1 Nassau Street, Princeton, New Jersey 08542, by way of Answer to the Complaint, says:

### As to Background and Parties

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     Defendant admits that it is a private institution of higher education located in Princeton, Mercer County, New Jersey.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

12198932

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.     Defendant denies that it or any of its employees bear any liability for Plaintiff's alleged injury.

## COUNT ONE
### AS TO PLAINTIFF'S CLAIM OF NEGLIGENCE AND PREMISES LIABILITY

7.     Defendant repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 6 of the Complaint, as if same where fully set forth at length herein.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies that it owed a duty to Plaintiff, however, to the extent there was a duty, there was no breach thereof.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies having a duty of care as to Plaintiff, however, to the extent there was a duty, there was no breach thereof, except that Defendant is without knowledge or

2

information sufficient to form a belief as to the truth of what Plaintiff was qualified or trained to do.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

WHEREFORE, Defendant demands judgment in its favor dismissing the Complaint with prejudice and costs and for such other and further relief as the Court deems equitable or just.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted and Defendant hereby reserves the right to move at or before the time of trial to dismiss said Complaint.

### SECOND SEPARATE DEFENSE

This action is barred by Plaintiff's failure to comply with the applicable statute of limitations, or if not, the action is barred by the doctrine of laches.

### THIRD SEPARATE DEFENSE

Defendant owed no duty to Plaintiff.

### FOURTH SEPARATE DEFENSE

All employees and/or agents of Defendant acted as reasonably prudent persons and in good faith at all times relevant thereto.

### FIFTH SEPARATE DEFENSE

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same was caused by the supervening or intervening conduct of persons other than Defendant for whose conduct Defendant is not responsible, or with whom Defendant had no

legal relation or legal duty to control.

### SIXTH SEPARATE DEFENSE

Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendant had no control or right to control and whose actions are not, therefore, imputable to Defendant.

### SEVENTH SEPARATE DEFENSE

Defendant did not proximately cause any injury or damage to Plaintiff.

### EIGHTH SEPARATE DEFENSE

Plaintiff's alleged damages, if any, are not recoverable as against Defendant since Plaintiff has failed and/or refused to mitigate his purported damages in accordance with the laws of the State of New Jersey.

### NINTH SEPARATE DEFENSE

Plaintiff's alleged injuries and damages, if any, were the result of his own actions, inactions, or other course of wrongful, reckless, intentional or negligent conduct. Alternatively, the Plaintiff's own negligence and carelessness was greater than any negligence on the part of Defendant and therefore recovery must be barred or reduced by reason of the contributory and comparative negligence provisions set forth in N.J.S.A. 2A:15-5.1 et seq.

### TENTH SEPARATE DEFENSE

Plaintiff should have come to Defendant's premises fully equipped to make a delivery without taking a dock plate from Plaintiff's premises. Plaintiff's negligent use thereof caused his own injury.

### ELEVENTH SEPARATE DEFENSE

Plaintiff in using the dock plate did not adequately secure same and he did not properly

4

MID-L-002838-23   07/05/2023 4:52:10 PM   Pg 5 of 18   Trans ID: LCV20232008848

position his truck so that the dock plate would be secure.

## TWELFTH SEPARATE DEFENSE

Plaintiff has not alleged, nor can he, that Defendant's premises were dangerous or that the premises caused his injury.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff was negligent in his delivery to Defendant and his negligence was the sole and exclusive cause of his injury.

## FOURTEENTH SEPARATE DEFENSE

Defendant is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of New Jersey, or any other law found applicable in this action.

## RESERVATION OF RIGHTS

Defendant hereby reserves the right to amend this pleading and assert additional Separate Defenses, Cross-claim(s), and/or otherwise supplement this pleading based upon the discovery of more definite and additional facts relative hereto during the continuing discovery process.

## DEMAND FOR STATEMENT FOR DAMAGES

Pursuant to Rule 4:5-2, Defendant hereby demand that Plaintiff furnish a written statement of the amount of damages claimed from Defendant within five (5) days of service hereof.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1, 2 and 4, et. seq., Defendant hereby demands that plaintiff furnish fully responsive and certified answers to Uniform Interrogatories, Appendix II, Form A, together with attachments required therein, within sixty (60) days of the service of the within pleading.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-2, Defendant demand that Plaintiff produce a true and complete copy of all documents referenced in Plaintiff Complaint within five (5) days of service hereof.

## THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, Trustees of Princeton University ("Princeton" or "Defendant"), 1 Nassau Street, Princeton, New Jersey 0852, by way of Third Party Complaint against Third Party Defendant, Unitex Textile Rental Services, Inc. ("Unitex"), having its principal place of business located at Elmsford, New York.

### FIRST COUNT
### (Contractual Indemnification)

1.     The jurisdiction of this court is invoked pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, et seq.

2.     This Court has jurisdiction over Third Party Defendant because, upon information and belief, Third Party Defendant is licensed or authorized to do business in New Jersey and, within the relevant time period, engaged in business in New Jersey.

3.     Venue is proper in this County, Pursuant to R. 4:3-2, because the underlying personal injury matter allegedly occurred in this County.

4.     Plaintiff, Chad Cummings ("Plaintiff" or "Cummings"), at all relevant times, was an employee of Third Party Defendant, Unitex.

5.     Plaintiff claims that on or about the morning of November 7, 2022, he was making a delivery on behalf of Unitex to the McCosh Infirmary at Princeton.

6.     Plaintiff claims that when making his delivery, he did not have a dock plate to bridge the distance from Unitex's delivery truck and the loading dock at Princeton.

6

7.    Plaintiff alleges that he found a dock plate at Princeton and used that, which he claims caused him to fall and sustain injury, for which he has sued Princeton.  A true copy of Plaintiff's Complaint is attached hereto as Exhibit A.

8.    Unitex and Princeton entered into a contract, effective, January 1, 2022.

16. INDEMNIFICATION: Contractor shall defend, indemnify and hold harmless University, its officers, employees, trustees, agents and representatives from and against any and all claims, demands, damages, liabilities, expenses, losses of every nature and kind, including but not limited to attorney's fees and costs, (collectively, "Claims") sustained or alleged to have been sustained in connection with or arising out of the performance hereunder of Contractor, its agents, employees, subcontractors and consultants, even in the event University is alleged or found to be partially negligent. However, Contractor shall not be obligated to so indemnify University in the event University is proven to be solely negligent.

If any Claim alleging infringement of intellectual property rights, including but not limited to claims of patent or copyright infringement or misappropriation of trade secrets, are brought against University in connection with University's use of any goods or materials that Contractor specifically produces for the performance of this Agreement, Contractor shall not only indemnify University as set forth above but also, upon University's request, shall procure for University the right to continue to use such goods or materials, or replace or modify such goods or materials, such that the alleged infringement is removed; provided, however, that such alleged infringement does not arise solely from University's alteration or modification of the goods or materials.

A full copy of the Contract will be provided upon request.

9.    Pursuant to Paragraph 16 of the aforesaid Contract, Unitex agreed to "defend, indemnify and hold harmless [Princeton] University, its officers, employees, trustees, agents and representatives from and against any and all claims, demands, damages, liabilities, expenses, losses of every nature and kind, including, but not limited to attorney's fees and costs (collectively "Claims") sustained or alleged to have been sustained in connection with or arising out of the performance thereunder of Contractor [Unitex], or its agents, employees, subcontractors and consultants, even in the event the University is alleged or found to be partially negligent. However, Contractor shall not be obligated to so indemnify University in the event University is proven to be solely negligent."

7

10.     Plaintiff's allegation against Princeton is that the premises were dangerous due to the dock plate Plaintiff employed while executing his duties for his employer, Third Party Defendant, Unitex.

11.     Based on Plaintiff's allegations, any negligence, if any, arose out of Plaintiff's use of the dock plate, which Unitex should have provided Plaintiff and trained him in the use of, including how to park the delivery vehicle so as to unload his delivery.

12.     Based on Plaintiff's allegations, the alleged fault is not exclusively that of Princeton, therefore Unitex, under its contract with Princeton, has an obligation to defend Plaintiff's claims, and indemnify Princeton.

13.     Third Party Defendant's failure to defend and indemnify Princeton has caused it damage.

14.     WHEREFORE, Third Party Plaintiff, Princeton, demands judgment against Third Party Defendant, Unitex, declaring it liable for all compensatory damages, attorney's fees, interest and the costs of suit and for other and further relief as the Court deems equitable and just.

## COUNT TWO
### (Common-Law Indemnification and/or Contribution)

1.     Princeton repeats and realleges the allegations of the First Count of the Third Party Complaint, as if same were set forth below in their entirety.

2.     If it is determined that Princeton is liable to the Plaintiff, which is denied, said liability would be passive, secondary, vicarious and/or derivative in nature, whereas the liability of Unitex is active or primary in nature, so as to give rise to a cause of action for indemnification and/or contribution against Unitex.

WHEREFORE, Defendant/Third Party Plaintiff, Princeton, demands judgment against the Third Party Defendant, Unitex, for full and complete defense and indemnification of any

8

liability imposed upon it by the claims of Plaintiff, together with interest, counsel fees, costs, and such other and further relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates Edward G. Sponzilli, Esq. as its trial counsel on all issues.

> NORRIS MCLAUGHLIN, P.A.
> Attorneys for Defendant,
> Trustees of Princeton University
>
> /s/ Edward G. Sponzilli

Dated: July 5, 2023                    By_____
                                              Edward G. Sponzilli, Esq.

## CERTIFICATION UNDER RULE 4:5-1

We hereby certify pursuant R. 4:5-1 that, to our knowledge, the matter in controversy is not the subject of any other action in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

We further certify that, to our knowledge, no other party should be joined in the within action.

## CERTIFICATION UNDER RULE 1:38-7(b)

I certify that Confidential Personal Identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

<u>**CERTIFICATION UNDER RULE 4:6**</u>

I hereby certify that the within pleading was served within the time provided by Rule 4:6 and any applicable extensions.

NORRIS MCLAUGHLIN, P.A.
Attorneys for Defendant,
Trustees of Princeton University

/s/ Edward G. Sponzilli

By_____
Edward G. Sponzilli

Dated: July 5, 2023

MID-L-002838-23   07/05/2023 4:52:10 PM   Pg 11 of 18   Trans ID: LCV20232008846

# EXHIBIT "A"

MID-L-002838-23   07/05/2020 4:52:10 PM   Pg 12 of 18   Trans ID: LCV20232008846

Filing Attorney:   Matthew H. Mueller
Attorney ID:   032202010

**CLEMENTE MUELLER, P.A.**
**ATTORNEYS AT LAW**
**A PROFESSIONAL CORPORATION**
Office:   222 Ridgedale Avenue, 2nd Floor
          Cedar Knolls, New Jersey 07927
Mail:     Post Office Box 1296
          Morristown, New Jersey 07962-1296
(973) 455-8008
Attorneys for Plaintiff, Chad Cummings
Our File No. 5189.00201

| | |
|---|---|
| CHAD CUMMINGS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
| | MIDDLESEX COUNTY |
| vs. | Docket No.: |
| TRUSTEES OF PRINCETON | Civil Action |
| UNIVERSITY D/B/A PRINCETON | |
| UNIVERSITY; | COMPLAINT JURY DEMAND, AND |
| JOHN DOES 1-10 | DESIGNATION OF TRIAL |
| JOHN DOE CORPORATIONS 1-10; | COUNSEL |
| Defendant(s) | |

Plaintiff, Chad Cummings, (hereinafter "Plaintiff"), residing 224 Hamilton Street, Apt 1,

New Brunswick, NJ 08901, within the City of New Brunswick, the County of Middlesex, and the

State of New Jersey, complaining of the Defendant(s), states:

## BACKGROUND AND PARTIES

1.      At all relevant times herein, the Plaintiff Chad Cummings is a natural person

residing 224 Hamilton Street, Apt. 1, New Brunswick, NJ 08901, within the City of New

Brunswick, the County of Middlesex, and the State of New Jersey.

2.      At all relevant times herein, the Defendant, Trustees of Princeton University, is a

private, not-for-profit, nonsectarian institution, operating and doing business as "Princeton

University" in Princeton, New Jersey, within the Borough of Princeton, the County of Mercer, and the State of New Jersey.

3.    At all relevant times, the Plaintiff is and was employed as truck driver.

4.    On or about the morning of November 7, 2022, the day of the subject incident, the Plaintiff was making a delivery for his employer at the McCosh infirmary at Princeton University, and pulled the truck he was driving into loading dock.

5.    The Plaintiff entered the loading dock, and placed a loading dock plate on his dock and the truck, and when the loading dock plate failed and caused the Plaintiff to fall due to certain defective conditions, which caused Plaintiff to sustain severe and permanent physical injuries in and about his body.

6.    At all relevant times herein, the Defendants, John Does 1-10 and John Doe Corporations 1-10 are fictitious persons operating as "Princeton University" or "McCosh Infirmary," or who were responsible for the maintenance of the loading dock plate, whose correct or legal identities are presently unknown, or are otherwise persons or entities bearing liability or responsibility for their involvement with the Plaintiff's injury, but whose identities or liability is presently unknown to the Plaintiffs, or against whom Plaintiff cannot plead against in good faith.

## COUNT ONE
## NEGLIGENCE AND PREMISES LIABILITY

7.    Plaintiff repeats, re-alleges, reiterates, and incorporates by reference each and every preceding paragraph as if set forth at length herein.

8.    On or about the morning of November 7, 2022, the Plaintiff was lawfully on the Defendant's premises known as the McCosh infirmary at Princeton University.

9.      At the aforesaid date and time, Plaintiff was caused to suffer serious and permanent injuries as a result of the unreasonable and negligent actions of Defendants, and/or its agents/employees.

10.     At the aforesaid date and time, and for some time prior thereto, Defendants, acting personally and/or by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently created or allowed dangerous and defective condition(s), including but not limited to, the defective, broken, or improperly maintained loading dock plate, to remain on the premises for an unreasonable period of time.

11.     All Defendants created a dangerous condition and/or had actual and/or constructive notice of the dangerous condition in the areas where the Plaintiff sustained injuries.

12.     At the aforesaid date and time, as a direct and proximate result of the aforesaid Defendants' negligence, carelessness, failure to inspect their property, failure to warn of dangerous conditions on their property, and other improper conduct, Plaintiff was caused to suffer serious and permanent injuries in and about his body as a result of the aforesaid dangerous or defective condition(s), on Defendant's aforesaid property.

13.     All Defendants failed to take any action to correct said dangerous condition, failed to warn, failed to caution, failed to advise the Plaintiff of the dangerous and defective condition(s), and/or were otherwise careless and negligent.

14.     All Defendants owed a duty of care to Plaintiff to operate their material and machinery in a safe and proper manner, to maintain proper upkeep and maintenance of their material, machinery, and loading dock plates, as well as to remain alert and observe others while operating their material, machinery and loading dock plates.

15.     All Defendants failed to operate their material and machinery in a safe and proper manner, to maintain proper upkeep and maintenance of their material and machinery, as well as to remain alert and observe others while operating their material and machinery.

16.     All Defendants owed Plaintiff a duty of care to avoid enlisting or requesting Plaintiff to engage in a technical task for which he was neither qualified nor received the proper training, and to provide adequate warnings, safety equipment, notice or precautions to Plaintiff.

17.     All Defendants, enlisted or requested Plaintiff to engage in a technical task for which he was neither qualified nor received the proper training, and failed to provide adequate warnings, safety equipment, notice or precautions to Plaintiff.

18.     As a direct, proximate and foreseeable result of the carelessness, recklessness, negligence, or other improper conduct of the Defendants, the Plaintiff sustained severe and permanent physical injuries, lost wages and other economic and non-economic damages, suffers and will suffer great pain and anguish; and was and will be required to seek medical assistance.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly, severally, individually and in the alternative on the Complaint for compensatory damages, punitive damages, attorneys' fees, interest and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Matthew H. Mueller, Esq. is hereby designated a trial counsel for the Plaintiff in the captioned matter pursuant to rule 4:25-4.

## DEMAND FOR ANSWERS TO FORM INTERROGATORIES

Plaintiff demands that Defendants to provide answers to Form C and C(2) interrogatories.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. I am an attorney for the Plaintiff in the above-captioned matter and am filing this Certification pursuant to Rule 4:5-1.

2. I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, except for the following:

   a. None.

3. I further certify that the within matter is not pending in any arbitration proceeding and, as of the date of the filing of this Certification, no such arbitration proceeding is contemplated.

4. I further certify that no additional parties should be joined in the within action.

CLEMENTE MUELLER, P.A.
Attorneys for Plaintiff

By: _s/ Matthew H. Mueller_
[electronic signature pursuant to R. 1:32-2A(c)]
Matthew H. Mueller

Dated:        May 18, 2023

MID-L-002838-23   07/05/2023 4:52:10 PM   Pg 18 of 18   Trans ID: LCV20232008846

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002838-23**

Case Caption: CUMMINGS CHAD VS TRUSTEES OF
PRINCETO N UNIVERS

Case Initiation Date: 05/18/2023

Attorney Name: MATTHEW H MUELLER

Firm Name: CLEMENTE MUELLER PA

Address: PO BOX 1296
MORRISTOWN NJ 07962

Phone: 9734558008

Name of Party: PETITIONER : Cummings, Chad

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: PERSONAL INJURY

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: Chad Cummings? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship.

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
      If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
      If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/18/2023
Dated

/s/ MATTHEW H MUELLER
Signed

# EXHIBIT C

UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD NY 10523-2369

ATTACHED ARE DOCUMENTS FOR THE FOLLOWING NAMED INSURED:

UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD NY 10523-2369

07-14-22

INSURED COPY



**PMA COMPANIES**

380 Sentry Parkway, P.O. Box 3031, Blue Bell, PA  19422 | T: 888.476.2669 | www.pmacompanies.com

# Commercial Insurance Policy

**CPJ CIP 04 17**



INSURED COPY

PIL SIG 04 17 A

# SIGNATURE PAGE

In witness whereof, the Company has caused this policy to be signed by its President, or a Vice-President and Secretary, at Blue Bell, PA.

**PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE COMPANY**

**A STOCK INSURANCE COMPANY**

**MANUFACTURERS ALLIANCE
INSURANCE COMPANY**

**A STOCK INSURANCE COMPANY**

**PENNSYLVANIA MANUFACTURERS
INDEMNITY COMPANY**

**A STOCK INSURANCE COMPANY**

[ *John Santulli III* ]                    [ *Stephen L. Kibblehouse* ]

[John Santulli III], President          [Stephen L. Kibblehouse], Secretary

PIL SIG 04 17 A                 **TOLL FREE:  888-476-2669**                 Page 1 of 1

INSURED COPY

 **PMA COMPANIES** **CONNECTICUT INSURANCE IDENTIFICATION CARD**

CONNECTICUT INSURANCE CARD
ISSUED PURSUANT TO CONNECTICUT LAW.

| COMPANY | | NAIC NUMBER |
|---|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY 380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754 | | 36897 |

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 1522009126384A | 07-01-2022 | 07-01-2023 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2015 | FORD TRANSIT CONNECT | NM0LS6E75F1179619 |

### NOTICE:
### YOU HAVE THE RIGHT TO CHOOSE THE LICENSED REPAIR SHOP
### WHERE THE DAMAGE TO YOUR MOTOR VEHICLE WILL BE REPAIRED

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDCT         10-13
SEE IMPORTANT NOTICE ON REVERSE SIDE

---

 **PMA COMPANIES** **CONNECTICUT INSURANCE IDENTIFICATION CARD**

CONNECTICUT INSURANCE CARD
ISSUED PURSUANT TO CONNECTICUT LAW.

COMPANY                                    NAIC NUMBER
MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754      36897

POLICY NUMBER      EFFECTIVE DATE      EXPIRATION DATE
1522009126384A     07-01-2022          07-01-2023

YEAR      MAKE/MODEL      VEHICLE IDENTIFICATION NUMBER
2015      FORD TRANSIT CONNECT      NM0LS6E75F1179619

### NOTICE:
### YOU HAVE THE RIGHT TO CHOOSE THE LICENSED REPAIR SHOP
### WHERE THE DAMAGE TO YOUR MOTOR VEHICLE WILL BE REPAIRED

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDCT         10-13
SEE IMPORTANT NOTICE ON REVERSE SIDE

**THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

IN CASE OF ACCIDENT: Report all accidents to your Agent / Company as soon as possible. Obtain the following information:

1. Name and address of each driver, passenger and witness.

2. Name of Insurance Company and policy number for each vehicle involved.

---

**THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

IN CASE OF ACCIDENT: Report all accidents to your Agent / Company as soon as possible. Obtain the following information:

1. Name and address of each driver, passenger and witness.

2. Name of Insurance Company and policy number for each vehicle involved.

 **PMA COMPANIES** **CONNECTICUT INSURANCE IDENTIFICATION CARD**

CONNECTICUT INSURANCE CARD
ISSUED PURSUANT TO CONNECTICUT LAW.

COMPANY
MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

NAIC NUMBER
36897

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 1522009126384A | 07-01-2022 | 07-01-2023 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2018 | FORD TRANSIT XL CONNECT CARGO | NM0LS6E78J1361775 |

**NOTICE:**
**YOU HAVE THE RIGHT TO CHOOSE THE LICENSED REPAIR SHOP**
**WHERE THE DAMAGE TO YOUR MOTOR VEHICLE WILL BE REPAIRED**

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_Jerek R. Boyer_
Authorized Representative

IDCARDCT        10-13
SEE IMPORTANT NOTICE ON REVERSE SIDE

---

**PMA COMPANIES** **CONNECTICUT INSURANCE IDENTIFICATION CARD**

CONNECTICUT INSURANCE CARD
ISSUED PURSUANT TO CONNECTICUT LAW.

COMPANY
MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

NAIC NUMBER
36897

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 1522009126384A | 07-01-2022 | .07-01-2023 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2018 | FORD TRANSIT XL CONNECT CARGO | NM0LS6E78J1361775 |

**NOTICE:**
**YOU HAVE THE RIGHT TO CHOOSE THE LICENSED REPAIR SHOP**
**WHERE THE DAMAGE TO YOUR MOTOR VEHICLE WILL BE REPAIRED**

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_Jerek R. Boyer_
Authorized Representative

IDCARDCT        10-13
SEE IMPORTANT NOTICE ON REVERSE SIDE

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.

2.  Name of Insurance Company and policy number for each vehicle involved.

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.

2.  Name of Insurance Company and policy number for each vehicle involved.

INSURED COPY



**STATE OF NEW JERSEY**
**INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER   COMPANY
MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 1522009126384A | 07-01-2022 | 07-01-2023 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2019 | FORD TRANSIT CONNECT XL LWB | NM0LS7E28K1384310 |

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ            04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE

---



**STATE OF NEW JERSEY**
**INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER   COMPANY
MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

| POLICY NUMBER | EFFECTIVE DATE | EXPIRATION DATE |
|---|---|---|
| 1522009126384A | 07-01-2022 | 07-01-2023 |

| YEAR | MAKE/MODEL | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| 2019 | FORD TRANSIT CONNECT XL LWB | NM0LS7E28K1384310 |

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ            04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE

INSURED COPY

**THIS CARD MUST BE KEPT IN THE INSURED**
**VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as
soon as possible. Obtain the following information:

   1.   Name and address of each driver, passenger and witness.
   2.   Name of Insurance Company and policy number for each vehicle involved.

**THIS CARD MUST BE KEPT IN THE INSURED**
**VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as
soon as possible. Obtain the following information:

   1.   Name and address of each driver, passenger and witness.
   2.   Name of Insurance Company and policy number for each vehicle involved.



## STATE OF NEW JERSEY
## INSURANCE IDENTIFICATION CARD

COMPANY NUMBER  COMPANY
957  MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

POLICY NUMBER  EFFECTIVE DATE  EXPIRATION DATE
1522009126384A  07-01-2022  07-01-2023

YEAR  MAKE/MODEL  VEHICLE IDENTIFICATION NUMBER
2013  FORD TRANSIT CONNECT  NM0LS7BN9DT161683

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ  04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE



## STATE OF NEW JERSEY
## INSURANCE IDENTIFICATION CARD

COMPANY NUMBER  COMPANY
957  MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

POLICY NUMBER  EFFECTIVE DATE  EXPIRATION DATE
1522009126384A  07-01-2022  07-01-2023

YEAR  MAKE/MODEL  VEHICLE IDENTIFICATION NUMBER
2013  FORD TRANSIT CONNECT  NM0LS7BN7DT158961

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ  04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE

INSURED COPY

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as
soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.
2.  Name of Insurance Company and policy number for each vehicle involved.

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent/Company as
soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.
2.  Name of Insurance Company and policy number for each vehicle involved.



**STATE OF NEW JERSEY**
**INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER   COMPANY
957   MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

POLICY NUMBER   EFFECTIVE DATE   EXPIRATION DATE
1522009126384A   07-01-2022   07-01-2023

YEAR   MAKE/MODEL   VEHICLE IDENTIFICATION NUMBER
2016   FORD TRANSIT CONNECT   NM0LS7E77G1256188

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ          04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE



**STATE OF NEW JERSEY**
**INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER   COMPANY
957   MANUFACTURERS ALLIANCE INSURANCE COMPANY
380 SENTRY PARKWAY, BLUE BELL, PA 19422-0754

POLICY NUMBER   EFFECTIVE DATE   EXPIRATION DATE
1522009126384A   07-01-2022   07-01-2023

YEAR   MAKE/MODEL   VEHICLE IDENTIFICATION NUMBER
2016   FORD TRANSIT CONNECT   NM0LSE70G1241502

INSURED
UNITEX TEXTILE SERVICES LLC
565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

_____
Authorized Representative

IDCARDNJ          04-14
SEE IMPORTANT NOTICE ON REVERSE SIDE

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent / Company as
soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.
2.  Name of Insurance Company and policy number for each vehicle involved.

**THIS CARD MUST BE KEPT IN THE INSURED
VEHICLE AND PRESENTED UPON DEMAND**

Emergency Phone – 1-888-476-2669

AGENT'S NAME & ADDRESS

LAWLEY SERVICE INSURANCE GROUP
361 DELAWARE AVENUE
BUFFALO, NY 14202-0000

ADDRESS FOR NOTIFICATION OF COMMENCEMENT OF
MEDICAL TREATMENT

The PMA Insurance Group P.O. Box 5231, Janesville, WI 53547-5231

IN CASE OF ACCIDENT: Report all accidents to your Agent / Company as
soon as possible. Obtain the following information:

1.  Name and address of each driver, passenger and witness.
2.  Name of Insurance Company and policy number for each vehicle involved.

# COMMON POLICY DECLARATIONS

POLICY NO. 152200-91-26-38-4A

| NAMED INSURED | PRODUCER'S NAME |
|---|---|
| UNITEX TEXTILE SERVICES LLC<br>565 TAXTER RD STE 620<br>ELMSFORD NY 10523-2369 | LAWLEY SERVICE INSURANCE GROUP<br>361 DELAWARE AVENUE<br>BUFFALO NY 14202-0000 |

**POLICY PERIOD:  FROM** 07-01-2022  **TO:**   07-01-2023
**12:01 A.M.  Standard Time at your mailing address shown above.**

**BUSINESS DESCRIPTION:**

**NAMED INSURED IS:**   CORPORATION

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

|  | | **PREMIUM** |
|---|---|---|
| Commercial Business Auto Coverage Part | $ | 38,307.00 |
| TAX OR SURCHARGE | $ | 156.00 |

The PMA Insurance Group
380 Sentry Parkway
P.O. Box 3031
Blue Bell, PA 19422-0754
(888)476-2669

|  | **TOTAL** $ | 38,463.00 |
|---|---|---|

**FORMS APPLICABLE TO ALL COVERAGE PARTS:**

**SEE SCHEDULE OF ENDORSEMENTS**

**COUNTERSIGNED** _____ **BY** _____
                               **(Date)**                                            **(Authorized Representative)**

CPD2 03 90

**SCHEDULE OF TAXES, SURCHARGES OR FEES**

**Policy Number**
**152200-91-26-38-4A**

## MANUFACTURERS ALLIANCE INSURANCE COMPANY

Named Insured   UNITEX TEXTILE SERVICES LLC

Effective Date:   07-01-22
12:01 A.M., Standard Time

CPD2 (cont.)

TAXES/SURCHARGES DETAILED BREAKDOWN :

NJ-PLIGA SURCHARGE                              $          156.00
                                                     --------------
TOTAL TAXES/SURCHARGES                          $          156.00

INSURED COPY



### PMA COMPANIES

380 Sentry Parkway, P.O. Box 3031, Blue Bell, PA 19422 | T: 888.476.2669 | www.pmacompanies.com

Dear UNITEX TEXTILE SERVICES LLC

Thank you for again selecting the PMA Insurance Group as your business partner and placing your insurance with us. We are passionate about servicing your insurance and risk management needs and delivering tangible value to you. Enclosed please find your insurance policy.

We encourage you to continue to access PMA's many available services, programs and resources to help manage your total cost of risk.

In particular, we encourage you to review PMA Websource®, our on-line portal of safety and risk management resources, exclusively for PMA Companies' clients. PMA Websource contains practical loss prevention and safety information and solutions. In addition, we invite you to register for PMA Risk Control educational webinars, our one-hour web-based distance learning programs on timely risk management topics. Access PMA Websource at http://websource.pmagroup.com.

If you need another copy of the *PMA Welcome Kit* please access it on-line at www.pmagroup.com, Services, Welcome Kit. If you do not have internet access or encounter any problems, simply call our Customer Service Center at 1-888-4PMANOW (1-888-476-2669) for assistance.

We look forward to continuing to work with you. PMA's unyielding commitment to customer service is designed to help you reduce your risk and control costs. Every PMA employee conducts themselves in accordance with our core values – passion, accountability, execution, professionalism and teamwork.

Thank you for your business. Please feel free to contact us with any questions that you may have.

Sincerely,

PMA Insurance Group

INSURED COPY



## New Jersey Internal Appeals Procedure

PMA Insurance Company has established an Internal Appeals procedure to review disputed claims decisions, in accordance with New Jersey Administrative Code, Title 11, Chapter 25, Subchapter 2, Internal Appeals Procedure.

Information regarding how to invoke the Internal Appeals procedure will be provided on all 1st and 3rd party claims settlement letters, as follows:

> **If you do not agree with the disposition of your claim, you may request that this decision be reviewed through our Internal Appeals procedure.**

The letter will include the name and contact information for the employee responsible for administering the Internal Appeals process.

Once a complaint is submitted to the Internal Appeals Procedure contact, the claimant will receive written notification that the complaint has been received. The complaint will be reviewed by a panel of three corporate-level employees, possessing significant expertise in the management of claims. The panel will review the original settlement decision, the complaint and the corresponding claim file and render an independent judgment as to how the claim should be resolved. The claimant will receive written notification of the panel's decision within 10 business days from PMA Insurance Company's receipt of their complaint.

If the claimant is still not satisfied with the decision of the Internal Appeals panel, they will be advised to submit their complaint to the New Jersey Insurance Department Claims Ombudsman.

INSURED COPY

## The PMA Privacy Policy

Insurance companies routinely obtain a variety of information provided by customers, agents and brokers, various claimants, medical providers, and other third parties. It is the policy of the PMA Insurance Group of companies to maintain an appropriate level of confidentiality for all the information we collect by restricting access to that information. We also maintain appropriate physical, electronic, and procedural safeguards to protect such information from unauthorized access.

***The business of insurance requires information.*** Insurance companies cannot effectively provide insurance services unless they are given access to and are able to process different kinds of information. For example, underwriters cannot evaluate individual risks without information regarding the individual insured's loss experience, safety practices and so forth; and claims cannot be administered without information regarding the nature and extent of the damage incurred, including relevant medical information.

Much of the information we obtain is public and not of a personal or sensitive nature. We believe that those who entrust us with nonpublic personal information do so with the reasonable expectation that we will use the information only for the limited purpose for which we obtain it; i.e. for insurance related purposes. We are concerned about protecting the privacy of our customers and the other individuals with whom we interact, and have taken steps to protect the confidentiality of the nonpublic personal information that we obtain.

***Types and sources of information.*** PMA accumulates information from many sources.

o   Customers provide us with information we need as part of the insurance application or evaluation process. We may also request reports from various sources in connection with applications for insurance and/or any renewal of such insurance. The kind of information we collect depends upon the type of policy, but may include such things as automobile motor vehicle reports, loss and claim reports, risk management reports, financial rating reports and property inspections, and other information. We also may receive and verify information from government agencies or independent reporting companies to help us correctly rate and properly underwrite a particular insurance risk.

o   We maintain detailed claim files which contain information about the claim and the claimant, including accident reports, wage information, medical reports bearing on the claim, and evidence relating to the validity or eligibility of the claim, We obtain such information from claimants, their employers, their medical providers, and other generally reliable sources. We cannot administer claims or pay benefits without appropriate access to such information.

Much of the information we obtain is generally accessible or otherwise not nonpublic personal information, and PMA cannot be responsible for preserving the privacy of such information.

***Medical information*** PMA obtains personally identifiable medical information only in connection with underwriting specific insurance policies or administering claims under those policies. We will not use or share with third parties personally identifiable medical information for any purpose other than the underwriting or administration of a policy, claim, account or program, or as otherwise disclosed to the subject when the information is collected, except as may be permitted by applicable law.

***Our use of customer information*** PMA's policy is to limit access to nonpublic personal information to those who need it in order to serve our own and our customers' insurance business needs, to administer claims and to maintain and improve customer service. We do not disclose nonpublic

PIL 50 16 01 20

personal information to third parties except as necessary to conduct business, e.g., processing claims or as permitted or required by law.  In particular, we do not buy or sell nonpublic personal information, although we may acquire or transfer such information in connection with the acquisition or sale of companies or books of business.

***Records retention***   PMA retains the information it has collected for various periods established by the records retention policies of the Company.

***Who has access to the information***   Except as permitted or required by law, we will not disclose nonpublic personal information about a person without that person's consent.  We may, without prior permission but only to the extent permitted by law, provide information contained in our records and files to certain persons or organizations which are fundamental to the insurance services we provide, such as:

- o   Our customers, and their independent agents or brokers;

- o   Our affiliated property and casualty insurance companies;

- o   Independent claim adjusters, medical examiners, vocational counselors, attorneys or investigators, when appropriate;

- o   Companies that provide insurance related services to or on behalf of PMA, such as claim administration, medical review or treatment, and pharmacy network services;

- o   Persons or organizations that conduct research for or on behalf of the insurance industry, including actuarial or underwriting studies;

- o   Insurance support or rating organizations or, at our customers' request, other insurers; and

- o   To appropriate entities as necessary to prevent fraud or to properly underwrite a risk.

Also, on some occasions, we may be required to share this information:

- o   With state insurance departments or other governmental agencies, to the extent required by federal, state or local laws;

- o   If ordered by a summons, court order, search warrant or subpoena; or

- o   To protect our own legal interests, or in a case of suspected fraud or other illegal activities.

***Privacy Notice***   For more information on how PMA Companies collects, uses, shares and protects personal information, please access PMA Companies' Privacy Notice at www.pmacompanies.com/privacy-policy.

PIL 50 16 01 20

## SCHEDULE OF ENDORSEMENTS

**Policy Number**
**152200-91-26-38-4A**

# MANUFACTURERS ALLIANCE INSURANCE COMPANY

Named Insured   UNITEX TEXTILE SERVICES LLC

Effective Date:   07-01-22
12:01 A.M., Standard Time

COMMON POLICY FORMS AND ENDORSEMENTS

| | | |
|---|---|---|
| CPD2 | 03-90 | COMMON POLICY DECLARATIONS |
| PCA 99 02 | 08-12 | SCHEDULE OF TAXES, SURCHARGES OR FEES |
| R LETTER | 03-16 | POLICYHOLDER COVER LETTER |
| PIL 50 10 | 04-01 | NEW JERSEY INTERNAL APPEALS PROCEDURE |
| PIL 50 16 | 01-20 | PMA PRIVACY NOTICE |
| CA100 | 01-03 | SCHEDULE OF ENDORSEMENTS |
| P0913 | 01-03 | SCHEDULE OF NAMED INSURED(S) |
| IL 00 03 | 09-08 | CALCULATION OF PREMIUM |
| IL 00 17 | 11-98 | COMMON POLICY CONDITIONS |
| IL 00 21 | 09-08 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDT |
| IL 01 40 | 09-08 | CONNECTICUT CHANGES - CIVIL UNION |
| IL 01 41 | 09-08 | NEW JERSEY CHANGES - CIVIL UNION |
| IL 02 08 | 09-07 | NJ CHANGES-CANC & NONRENL |
| IL 02 60 | 01-19 | CONNECTICUT CHANGES-CANC & NONRENL |

AUTOMOBILE FORMS AND ENDORSEMENTS

| | | |
|---|---|---|
| PCA 51 04 | 07-10 | MVRR NOTICE TO POLICYHOLDERS |
| PCA DS 03 | 01-21 | BUSINESS AUTO DECLARATIONS |
| CA 23 86 | 10-13 | EXCLUSION OF TERRORISM/MIN STAT LIMITS |
| PCA 50 40 | 10-01 | INSURANCE FOR PERSONALLY OWNED VEHICLE |
| P0432B | 08-97 | NJ PROP-LIAB INS GUARANTY ASSOC ASSES SU |
| CA 00 01 | 11-20 | BUSINESS AUTO COVERAGE FORM |
| CA 01 07 | 10-13 | CONNECTICUT CHANGES |
| CA 01 88 | 10-13 | NEW JERSEY CHANGES |
| CA 23 94 | 10-13 | SILICA/SILICA-RELATED EXCL FOR COVRD AU |
| CA 21 14 | 10-16 | NJ UNINSURED AND UNDERINSURED COVERAGE |
| CA 21 57 | 03-16 | CT UM AND UIM COVERAGE |
| P02104 | 08-03 | SCHED OF UN/UNDERINSURED MOTOR COV LIMIT |
| CA 22 30 | 01-20 | NJ PERSONAL INJURY PROTECTION |
| CA 05 10 | 11-20 | NJ PUBLC LIVERY PASS TRANS ON-DEMND EXCL |
| CA 04 44 | 10-13 | WVR OF TRNSFR OF RGHTS OF RCVRY AGNST |
| CA 20 48 | 10-13 | DESIGNATED INSURED |
| CA 99 03 | 10-13 | AUTO MEDICAL PAYMENTS COVERAGE |
| CA 99 33 | 10-13 | EMPLOYEES AS INSUREDS |
| PCA 05 21 | 04-14 | TOWING |
| CA9910. | 10-13 | DRIVE OTHER CAR |

**CA100 01 03**

**SCHEDULE OF NAMED INSURED(S)**

**Policy Number**
**152200-91-26-38-4A**

## MANUFACTURERS ALLIANCE INSURANCE COMPANY

Named Insured   UNITEX TEXTILE SERVICES LLC

Effective Date:   07-01-22
12:01 A.M., Standard Time

| | |
|---|---|
| A&P COAT, APRON & LINEN SUPPLY LLC | 13-2911931 |
| SHARED TEXTILE SERVICES INC | 20-5424687 |
| FIFTH GENERATION REALTY, INC. | 22-3427471 |
| WASHINGTON STREET REALTY LLC | 06-1448117 |
| DAJORO LLC | 06-1564022 |
| LEDYARD ST., LLC | 13-3414998 |
| MED-APPAREL SERVICES, LLC | |
| FIFTH GENERATION REALTY LLC | |

P0913 01 03

**IL 00 03 09 08**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CALCULATION OF PREMIUM

This endorsement modifies insurance provided under the following:

CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
EQUIPMENT BREAKDOWN COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART

The following is added:

The premium shown in the Declarations was computed based on rates in effect at the time the policy was issued. On each renewal, continuation, or anniversary of the effective date of this policy, we will compute the premium in accordance with our rates and rules then in effect.

INSURED COPY

IL 00 17 11 98

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. Inspections And Surveys

1. We have the right to:

   a. Make inspections and surveys at any time;

   b. Give you reports on the conditions we find; and

   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

   a. Are safe or healthful; or

   b. Comply with laws, regulations, codes or standards.

3. Paragraphs **1.** and **2.** of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph **2.** of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

## E. Premiums

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. Transfer Of Your Rights And Duties Under This Policy

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Copyright, Insurance Services Office, Inc.,  1998

INSURED COPY

IL 00 21 09 08

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

   (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

   (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

   (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

   (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

© ISO Properties, Inc., 2007

INSURED COPY

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

    **(a)** Any "nuclear reactor";

    **(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

    **(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    **(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

INSURED COPY

IL 01 40 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CONNECTICUT CHANGES – CIVIL UNION

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
ELECTRONIC DATA LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PRODUCT WITHDRAWAL COVERAGE PART

**A.** The term "spouse" is replaced by the following:

Spouse or party to a civil union recognized under Connecticut law.

**B.** Under the Commercial Auto Coverage Part, the term "family member" is replaced by the following:

"Family member" means a person related to the:

**1.** Individual Named Insured by blood, adoption, marriage or civil union recognized under Connecticut law, who is a resident of such Named Insured's household, including a ward or foster child; or

**2.** Individual named in the Schedule by blood, adoption, marriage or civil union recognized under Connecticut law, who is a resident of the individual's household, including a ward or foster child, if the Drive Other Car Coverage — Broadened Coverage For Named Individual Endorsement is attached.

**C.** With respect to coverage for the ownership, maintenance, or use of "covered autos" provided under the Commercial Liability Umbrella Coverage Part, or Farm Umbrella Liability Policy, the term "family member" is replaced by the following:

"Family member" means a person related to you by blood, adoption, marriage or civil union recognized under Connecticut law, who is a resident of your household, including a ward or foster child.

ISO Properties, Inc., 2007            **Page 1 of 1**

INSURED COPY

IL 01 41 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW JERSEY CHANGES – CIVIL UNION

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
ELECTRONIC DATA LIABILITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCT WITHDRAWAL COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**A.** The term "spouse" is replaced by the following:

Spouse or party to a civil union recognized under New Jersey law.

**B.** Under the Commercial Auto Coverage Part, the term "family member" is replaced by the following:

"Family member" means a person related to the:

**1.** Individual Named Insured by blood, adoption, marriage or civil union recognized under New Jersey law, who is a resident of such Named Insured's household, including a ward or foster child; or

**2.** Individual named in the Schedule by blood, adoption, marriage or civil union recognized under New Jersey law, who is a resident of the individual's household, including a ward or foster child, if the Drive Other Car Coverage — Broadened Coverage For Named Individual Endorsement is attached.

**C.** With respect to coverage for the ownership, maintenance, or use of "covered autos" provided under the Commercial Liability Umbrella Coverage Part, the term "family member" is replaced by the following:

"Family member" means a person related to you by blood, adoption, marriage or civil union recognized under New Jersey law, who is a resident of your household, including a ward or foster child.

© Insurance Services Office, Inc., 2008

INSURED COPY

IL 02 08 09 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW JERSEY CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
EQUIPMENT BREAKDOWN COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**A.** Pursuant to New Jersey law, this policy cannot be cancelled or nonrenewed for any underwriting reason or guideline which is arbitrary, capricious or unfairly discriminatory or without adequate prior notice to the insured. The underwriting reasons or guidelines that an insurer can use to cancel or nonrenew this policy are maintained by the insurer in writing and will be furnished to the insured and/or the insured's lawful representative upon written request.

This provision shall not apply to any policy which has been in effect for less than 60 days at the time notice of cancellation is mailed or delivered, unless the policy is a renewal policy.

**B.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

**2.** If this policy has been in effect for less than 60 days, we may cancel this policy for any reason subject to the following:

**a.** We may cancel this policy by mailing or delivering to the first Named Insured and any person entitled to notice under this policy written notice, of cancellation, at least:

**(1)** 10 days before the effective date of cancellation if we cancel for:

**(a)** Nonpayment of premium; or

**(b)** Existence of a moral hazard, as defined in N.J.A.C. 11:1-20.2(f) as follows:

**(i)** "The risk, danger or probability that the insured will destroy, or permit to be destroyed, the insured property for the purpose of collecting the insurance proceeds. Any change in the circumstances of an insured that will increase the probability of such a destruction may be considered a 'moral hazard'"; and

**(ii)** "The substantial risk, danger or probability that the character, circumstances or personal habits of the insured may increase the possibility of loss or liability for which an insurer will be held responsible. Any change in the character or circumstances of an individual, corporate, partnership or other insured that will increase the probability of such a loss or liability may be considered a 'moral hazard'".

© ISO Properties, Inc., 2006 ☐

INSURED COPY

**(2)** 30 days before the effective date of cancellation if we cancel for any other reason.

**b.** In the notice of cancellation which is sent to the first Named Insured, we will state the reason for cancellation.

**C.** The following is added to the **Cancellation** Common Policy Condition:

**7. Cancellation Of Policies In Effect For 60 Days Or More**

**a.** If this policy has been in effect for 60 days or more, or is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

**(1)** Nonpayment of premium;

**(2)** Existence of a moral hazard, as defined in N.J.A.C. 11:1-20.2(f);

**(3)** Material misrepresentation or nondisclosure to us of a material fact at the time of acceptance of the risk;

**(4)** Increased hazard or material change in the risk assumed which we could not have reasonably contemplated at the time of assumption of the risk;

**(5)** Substantial breaches of contractual duties, conditions or warranties that materially affect the nature and/or insurability of the risk;

**(6)** Lack of cooperation from the insured on loss control matters materially affecting insurability of the risk;

**(7)** Fraudulent acts against us by the insured or its representative that materially affect the nature of the risk insured;

**(8)** Loss of or reduction in available insurance capacity;

**(9)** Material increase in exposure arising out of changes in statutory or case law subsequent to the issuance of the insurance contract or any subsequent renewal;

**(10)** Loss of or substantial changes in applicable reinsurance;

**(11)** Failure by the insured to comply with any Federal, State or local fire, health, safety or building or construction regulation, law or ordinance with respect to an insured risk which substantially increases any hazard insured against within 60 days of written notification of a violation of any such law, regulation or ordinance;

**(12)** Failure by the insured to provide reasonable and necessary underwriting information to us upon written request therefore and a reasonable opportunity to respond.

**(13)** Agency termination, provided:

**(a)** We document that replacement coverage at comparable rates and terms has been provided to the first Named Insured, and we have informed the first Named Insured, in writing, of the right to continue coverage with us; or

**(b)** We have informed the first Named Insured, in writing, of the right to continue coverage with us and the first Named Insured has agreed, in writing, to the cancellation or nonrenewal based on the termination of the first Named Insured's appointed agent.

**(14)** Any other reasons in accordance with our underwriting guidelines for cancellation of commercial lines coverage.

**b.** If we cancel this policy based on Paragraph **7.a.(1)** or **(2)** above, we will mail or deliver a written notice, to the first Named Insured and any person entitled to notice under this policy, at least 10 days before the effective date of cancellation. If we cancel this policy for any other reason listed above, we will mail or deliver a written notice to the first Named Insured and any person entitled to notice under this policy, not more than 120 days nor less than 30 days before the effective date of such cancellation.

**c.** In the notice of cancellation which is sent to the first Named Insured, we will state the reason for cancellation. For cancellation due to the nonpayment of premium, the notice will state the effect of nonpayment by the due date. Cancellation for nonpayment of premium will not be effective if payment of the amount due is made before the effective date set forth in the notice.

**d.** Notice will be sent to the last mailing addresses known to us, by:

**(1)** Certified mail; or

**(2)** First class mail, if we have obtained from the post office a date stamped proof of mailing showing names and addresses.

© ISO Properties, Inc., 2006          IL 02 08 09 07          □

INSURED COPY

**e.** We need not send notice of cancellation if you have:

    **(1)** Replaced coverage elsewhere; or

    **(2)** Specifically requested termination.

**D.** The following is added and supersedes any other provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy for any reason permitted to cancel it. If we elect not to renew this policy, we will mail a notice of nonrenewal, stating the reasons for nonrenewal, to the first Named Insured at least 30 days but not more than 120 days before the expiration date of this policy. If this policy does not have a fixed expiration date, it shall be deemed to expire annually on the anniversary of its inception.

**2.** This notice will be sent to the first Named Insured at the last mailing address known to us by:

    **a.** Certified mail; or

    **b.** First class mail, if we have obtained from the post office a date stamped proof of mailing showing the first Named Insured's name and address.

**3.** We need not mail or deliver this notice if you have:

    **a.** Replaced coverage elsewhere; or

    **b.** Specifically requested termination.

© ISO Properties, Inc., 2006

INSURED COPY

IL 02 60 01 19

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CONNECTICUT CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

CAPITAL ASSETS PROGRAM (OUTPUT POLICY) COVERAGE PART
COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
CRIME AND FIDELITY COVERAGE PART
EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
EQUIPMENT BREAKDOWN COVERAGE PART
FARM COVERAGE PART
FARM UMBRELLA LIABILITY POLICY
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
STANDARD PROPERTY POLICY

**A.** The **Cancellation** Common Policy Condition is replaced by the following:

**Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. Cancellation of policies in effect for less than 60 days.

   If this policy has been in effect for less than 60 days and is not a renewal of a policy we issued, we may cancel this policy for any reason by giving you written notice of cancellation at least:

   **a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   **b.** 30 days before the effective date of cancellation if we cancel for any other reason.

3. Cancellation of policies in effect for 60 days or more.

   **a.** If this policy has been in effect for 60 days or more or this is a renewal of a policy we issued, we may cancel this policy by giving you written notice of cancellation at least:

   **(1)** 10 days before the effective date of cancellation if we cancel for one or more of the following reasons:

   **(a)** Nonpayment of premium;

   **(b)** Conviction of a crime arising out of acts increasing the hazard insured against;

   **(c)** Discovery of fraud or material misrepresentation by you in obtaining the policy or in perfecting any claim thereunder;

   **(d)** Discovery of any willful or reckless act or omission by you increasing the hazard insured against; or

   **(e)** A determination by the Commissioner that continuation of the policy would violate or place us in violation of the law; or

© Insurance Services Office, Inc., 2018

INSURED COPY

**(2)** 60 days before the effective date of cancellation if we cancel for one or more of the following reasons:

    **(a)** Physical changes in the property which increase the hazard insured against;

    **(b)** A material increase in the hazard insured against; or

    **(c)** A substantial loss of reinsurance by us affecting this particular line of insurance.

**b.** We may not cancel policies in effect for 60 days or more or renewal policies for any reason other than the reasons described in Paragraph **3.a.** above.

**c.** If we cancel for nonpayment of premium, you may continue the coverage and avoid the effect of the cancellation by payment in full at any time prior to the effective date of cancellation.

**d.** Notice of cancellation will be delivered or sent by:

    **(1)** Registered mail;

    **(2)** Certified mail; or

    **(3)** Mail evidenced by a United States Post Office certificate of mailing.

**4.** We will give notice to you at your last mailing address known to us.

**5.** Notice of cancellation will state the specific reason for the cancellation and the effective date of cancellation. The policy period will end on that date.

**6.** If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

**7.** If notice is mailed, proof of mailing will be sufficient proof of notice.

**B.** The following conditions are added and supersede any other provision to the contrary:

    **1. Nonrenewal**

    If we decide not to renew this policy, we will send notice as provided in Paragraph **B.3.** of this endorsement.

With respect to automobile liability insurance policies only, your policy shall terminate on the effective date of any other insurance policy you purchase with respect to any automobile designated in both policies.

    **2. Conditional Renewal**

    **a.** If we conditionally renew this policy under terms or conditions less favorable to the insured than currently provided under this policy, then we will send notice as provided in Paragraph **B.3.** of this endorsement.

    **b.** The conditional renewal notice shall clearly state or be accompanied by a statement clearly identifying any:

        **(1)** Reduction in coverage limits;

        **(2)** Coverage provisions added or revised that reduce coverage; or

        **(3)** Increases in deductibles.

    **3. Notices Of Nonrenewal And Conditional Renewal**

    **a.** If we decide not to renew this policy or to conditionally renew this policy as provided in Paragraphs **B.1.** and **B.2.** of this endorsement, we will mail or deliver to you a written notice of nonrenewal or conditional renewal, stating the specific reason for nonrenewal or conditional renewal, at least 60 days before the expiration date of this policy. The notice will be sent to your address last known to us.

    **b.** This notice will be delivered or sent by:

        **(1)** Registered mail;

        **(2)** Certified mail; or

        **(3)** Mail evidenced by a certificate of mailing.

        If notice is mailed, proof of mailing is sufficient proof of notice.

    **c.** However, we are not required to send notice of nonrenewal if nonrenewal is due to your failure to pay any advance premium required for renewal.

**C.** The **When We Do Not Renew** Condition of the Commercial General Liability Coverage Part, Commercial Liability Umbrella Coverage Part and Employment-Related Practices Liability Coverage Part does not apply.

© Insurance Services Office, Inc., 2018

INSURED COPY

COMMERCIAL AUTO
PCA 51 04 07 10

# State Department of Motor Vehicles Reporting Requirements

## NOTICE TO POLICYHOLDERS

The Department of Motor Vehicles (DMV) in certain states require that proof of coverage be on file in their data bases. This requires the filing of specific data elements, which elements must be provided to us through your broker when Automobile Liability Coverage is bound. Without this information we are unable to report to the DMV as mandated. It is very important that you provide the requested information to your broker in a timely manner. A failure to comply with the reporting requirements, may result in fines, surrender of your vehicle plates, impoundment of your vehicles(s), including cargo, and/or you may not be able to register your vehicle(s).

It is also your responsibility, after the effective date of the policy, to provide to your broker all changes to your list of vehicles covered by the policy. This must be done on a timely basis.

## THE INFORMATION TO BE REPORTED VARIES BY STATE, BUT MAY INCLUDE:

- The vehicle owner (registrant) name, address (including zip code) and Federal Employers identification Number (FEIN), or owner's drivers license number, date of birth and the issuing state.
- The registration state and garaging location of each vehicle.
- The complete Vehicle Identification Number (VIN).
- The Year, Make and Model of each vehicle.

For some states, this information must be reported as soon as 7 days after the effective date of the coverage of a vehicle or change in vehicles.

Please contact your broker to ensure that all the needed information has been, and will continue to be, provided to us. Without this information, we are unable to provide the required reports to the state DMVs.

The PMA Insurance Group 2010

INSURED COPY

POLICY NUMBER:   152200-91-26-38-4A                    COMMERCIAL AUTO

# BUSINESS AUTO DECLARATIONS

**ITEM ONE**

| COMPANY NAME | PRODUCER NAME |
|---|---|
| **Manufacturers Alliance Insurance Company**<br><br>**380 Sentry Parkway**<br>**P. O. Box 3031**<br>**Blue Bell, PA 19422-0754**<br>**(888) 476-2669** | LAWLEY SERVICE INSURANCE GROUP |

**NAMED INSURED:**   UNITEX TEXTILE SERVICES LLC

**MAILING ADDRESS:**   565 TAXTER RD STE 620
ELMSFORD, NY 10523-2369

**POLICY PERIOD:**   From   07-01-2022   to   07-01-2023   at 12:01 A.M. Standard Time at your
mailing address shown above

**PREVIOUS POLICY NUMBER:**   152100-91-26-38-4

**FORM OF BUSINESS:**

[X] CORPORATION       [ ] LIMITED LIABILITY COMPANY (LLC)       [ ] INDIVIDUAL
[ ] PARTNERSHIP       [ ] OTHER   _____

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY,
WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| Premium shown is payable at inception: $   38,463.00 | | | | | | |
|---|---|---|---|---|---|---|
| AUDIT PERIOD (IF APPLICABLE) | X | ANNUALLY | | SEMI-ANNUALLY | | QUARTERLY | | MONTHLY |

**ENDORSEMENTS ATTACHED TO THIS POLICY:**
  **IL 00 17 —** Common Policy Conditions (**IL 01 46** in Washington)
  **IL 00 21 —** Broad Form Nuclear Exclusion (not Applicable in New York) (**IL 01 98** in Washington)

### SEE SCHEDULE OF FORMS AND ENDORSEMENTS

COUNTERSIGNED _____   BY _____
                                  (Date)                                     (Authorized Representative)

INSURED COPY

**ITEM TWO**

**Schedule Of Coverages And Covered Autos**
This Policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.**

| COVERAGES | COVERED AUTOS | LIMIT OR DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| COVERED AUTOS LIABILITY | 7, 8, 9 | $2,000,000 | $       31,061 |
| PERSONAL INJURY PROTECTION (or equivalent No-fault Coverage) | 7 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS SEE ENDT DEDUCTIBLE. | $          40 |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT. | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE PROPERTY PROTECTION INSURANCE ENDORSEMENT MINUS                     DEDUCTIBLE  FOR EACH ACCIDENT. | |
| AUTO MEDICAL PAYMENTS | 7 | $       5,000 EACH INSURED | $          94 |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia only) | | SEPARATELY STATED IN THE MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | |
| UNINSURED MOTORISTS | 7 | $   2,000,000 (For vehicles principally used or garaged in the state of New York, see NY Declaration Supplement for applicable limit.) | $         896 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | (For vehicles principally used or garaged in the state of New York, see NY Declaration Supplement for applicable limit.) | |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | 7, 8 | DEDUCTIBLE FOR EACH COVERED AUTO, FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM (A maximum deductible may also apply. Refer to Coverage Form for details.)                     OR SEE SCHEDULE DEDUCTIBLE FOR ALL PERILS FOR EACH COVERED AUTO (A maximum deductible may also apply.  Refer to Coverage Form for details.) See ITEM FOUR For Hired or Borrowed Autos. | $       1,254 |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details.)                     OR                     DEDUCTIBLE FOR ALL PERILS FOR EACH COVERED AUTO (A maximum deductible may also apply.  Refer to Coverage Form for details.) | |

INSURED COPY

| | | See ITEM FOUR For Hired Or Borrowed Autos. | | |
|---|---|---|---|---|
| PHYSICAL DAMAGE COLLISION COVERAGE | 7, 8 | SEE SCHEDULE DEDUCTIBLE, FOR EACH COVERED AUTO.<br>See ITEM FOUR For Hired Or Borrowed Autos. | $ | 2,894 |
| PHYSICAL DAMAGE TOWING AND LABOR | 3 | SEE SCHEDULE FOR EACH DISABLEMENT OF A PRIVATE PASSENGER AUTO, LIGHT OR MEDIUM TRUCK | | |
| (Note, Tax/Surcharge/Fee does not apply in Puerto Rico) TAX/SURCHARGE/FEE | | | $ | 156.00 |
| PREMIUM FOR ENDORSEMENTS | | | $ | 1,660 |
| *ESTIMATED TOTAL PREMIUM | | | $ | 38,463.00 |

*This Policy may be subject to final audit.

Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, Inc. 2019

INSURED COPY

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS YOU OWN**

| | DESCRIPTION | | TERRITORY | |
|---|---|---|---|---|
| Covered Auto No. | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | | Town & State Where The Covered Auto Will Be Principally Garaged | Original Cost New |
| NJ1 | 2013, FORD TRANSIT CONNECT, NM0LS7BN9DT161683 | | NEW BRUNSWICK NJ, 140 | $ 35,000    ACV |
| NJ2 | 2013, FORD TRANSIT CONNECT, NM0LS7BN7DT158961 | | NEW BRUNSWICK NJ, 140 | $ 35,000    ACV |
| CT3 | 2015, FORD TRANSIT CONNECT, NM0LS6E75F1179619 | | HARTFORD CT, 011 | $ 24,000    ACV |
| NJ4 | 2016, FORD TRANSIT CONNECT, NM0LS7E77G1256188 | | NEW BRUNSWICK NJ, 140 | $ 24,600    ACV |
| NJ5 | 2016, FORD TRANSIT CONNECT, NM0LSE70G1241502 | | NEW BRUNSWICK NJ, 140 | $ 24,600    ACV |

| | CLASSIFICATION | | | | | | EXCEPT For Towing And Labor, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss: |
|---|---|---|---|---|---|---|---|
| Covered Auto No. | Radius Of Operation | Business Use s= service r= retail c= commercial | Size GVWR, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code | |
| NJ1 | 50 | C | 4,950 | 10 | All Others | 034990 | |
| NJ2 | 50 | C | 4,950 | 10 | All Others | 034990 | |
| CT3 | 50 | C | 4,950 | 8 | All Others | 034990 | |
| NJ4 | 50 | C | 4,950 | 7 | All Others | 034990 | |
| NJ5 | 50 | C | 4,950 | 7 | All Others | 034990 | |

**COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES**

(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| | COVERED AUTOS LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | PROPERTY PROTECTION (Michigan Only) | |
|---|---|---|---|---|---|---|---|
| Covered Auto No. | Limit | Premium | Limit Stated In Each P.I.P. Endt. Minus Deductible Shown Below | Premium | Premium For Limit Stated In Each Added P.I.P. Endt. | Limit Stated In P.P.I. Endt. Minus Deductible Shown Below | Premium |
| NJ1 | $ 2,000,000 | $   4,451 | | $      10 | | | |
| NJ2 | $ 2,000,000 | $   4,451 | | $      10 | | | |
| CT3 | $ 2,000,000 | $   3,401 | | | | | |
| NJ4 | $ 2,000,000 | $   4,451 | | $      10 | | | |
| NJ5 | $ 2,000,000 | $   4,451 | | $      10 | | | |
| Total Premium | | | | | | | |

INSURED COPY

**ITEM THREE**
**SCHEDULE OF COVERED AUTOS YOU OWN**

| Covered Auto No. | DESCRIPTION — Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | TERRITORY — Town & State Where The Covered Auto Will Be Principally Garaged | Original Cost New |
|---|---|---|---|
| CT6 | 2018, FORD TRANSIT XL CONNECT CARGO VAN REGULAR, NM0LS6E78J1361775 | HARTFORD CT, 011 | $ 23,420   ACV |
| CT7 | 2019, FORD TRANSIT CONNECT XL LWB, NM0LS7E28K1384310 | HARTFORD CT, 011 | $ 27,095   ACV |
| | | | |
| | | | |
| | | | |

| Covered Auto No. | CLASSIFICATION — Radius Of Operation | Business Use s=service r=retail c=commercial | Size GVWR, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code | EXCEPT For Towing And Labor, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At The Time Of The Loss: |
|---|---|---|---|---|---|---|---|
| CT6 | 50 | C | 5,020 | 5 | All Others | 034990 | |
| CT7 | 50 | C | 5,260 | 4 | All Others | 034990 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES**
(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | COVERED AUTOS LIABILITY — Limit | Premium | PERSONAL INJURY PROTECTION — Limit Stated In Each P.I.P. Endt. Minus Deductible Shown Below | Premium | ADDED P.I.P. — Premium For Limit Stated In Each Added P.I.P. Endt. | PROPERTY PROTECTION (Michigan Only) — Limit Stated In P.P.I. Endt. Minus Deductible Shown Below | Premium |
|---|---|---|---|---|---|---|---|
| CT6 | $ 2,000,000 | $   3,401 | | | | | |
| CT7 | $ 2,000,000 | $   3,401 | | | | | |
| | | | | | | | |
| | | | | | | | |
| Total Premium | | $   28,007 | | $   40 | | | |

INSURED COPY

**ITEM THREE**
**SCHEDULE OF COVERED AUTOS YOU OWN (Continued)**

| | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | |
|---|---|---|---|---|
| | **AUTO MEDICAL PAYMENTS** | | **MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only)** | |
| **Covered Auto No.** | Limit Each Person | Premium | Limit Stated In The Medical Expense and Income Loss Benefits Endorsement For Each Person | Premium |
| NJ1 | $ 5,000 | $     16 | | |
| NJ2 | $ 5,000 | $     16 | | |
| CT3 | $ 5,000 | $     10 | | |
| NJ4 | $ 5,000 | $     16 | | |
| NJ5 | $ 5,000 | $     16 | | |
| **Total Premium** | | | | |

| | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **COMPREHENSIVE** | | | **SPECIFIED CAUSES OF LOSS** | | | **COLLISION** | |
| **Covered Auto No.** | *Deductible For Loss Caused By Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | *Deductible For Loss Caused By Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | Deductible | Premium |
| NJ1 | | $ 1,000 | $     106 | | | | $ 1,000 | $     273 |
| NJ2 | | $ 1,000 | $     106 | | | | $ 1,000 | $     273 |
| CT3 | | $ 1,000 | $     92 | | | | $ 1,000 | $     297 |
| NJ4 | | $ 1,000 | $     97 | | | | $ 1,000 | $     285 |
| NJ5 | | $ 1,000 | $     97 | | | | $ 1,000 | $     285 |
| **Total Premium** | | | | | | | | |

| | **TOWING & LABOR** | |
|---|---|---|
| **Covered Auto No.** | Limit Per Disablement | Premium |
| NJ1 | | |
| NJ2 | | |
| CT3 | | |
| NJ4 | | |
| NJ5 | | |
| **Total Premium** | | |

*(A maximum deductible may also apply.  Refer to Coverage Form for details.)

**PCA DS 03 01 21**        Includes copyrighted material of Insurance Services Office, with its permission.        **Page  6**
Copyright, Insurance Services Office, Inc. 2019

INSURED COPY

**ITEM THREE**
**SCHEDULE OF COVERED AUTOS YOU OWN (Continued)**

| Covered Auto No. | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | |
|---|---|---|---|---|---|
| | AUTO MEDICAL PAYMENTS | | MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only) | | |
| | Limit Each Person | Premium | Limit Stated In The Medical Expense and Income Loss Benefits Endorsement For Each Person | | Premium |
| CT6 | $ 5,000 | $     10 | | | |
| CT7 | $ 5,000 | $     10 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Total Premium | | $     94 | | | |

| Covered Auto No. | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | | SPECIFIED CAUSES OF LOSS | | | COLLISION | |
| | *Deductible For Loss Caused By Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | *Deductible For Loss Caused By Theft or Mischief or Vandalism | *Deductible For All Perils | Premium | Deductible | Premium |
| CT6 | | $ 1,000 | $     111 | | | | $ 1,000 | $     412 |
| CT7 | | $ 1,000 | $     145 | | | | $ 1,000 | $     569 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Total Premium | | | $     754 | | | | | $   2,394 |

| Covered Auto No. | TOWING & LABOR | |
|---|---|---|
| | Limit Per Disablement | Premium |
| CT6 | | |
| CT7 | | |
| | | |
| | | |
| Total Premium | | |

*(A maximum deductible may also apply.  Refer to Coverage Form for details.)

**PCA DS 03 01 21**          Includes copyrighted material of Insurance Services Office, with its permission.          **Page  7**
Copyright, Insurance Services Office, Inc. 2019

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS**

| COVERED AUTOS LIABILITY COVERAGE – Cost Of Hire Rating Basis for Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR ALL STATES** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | | | |
| **TOTAL HIRED AUTO PREMIUM** | | | |

For "autos" used in your motor carrier operations, cost of hire means:

(a) The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers), and if not included therein,

(b) The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and

(c) The total dollar amount of any other costs (*e.g.*, repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

| COVERED AUTOS LIABILITY COVERAGE – Cost Of Hire Rating Basis for Autos NOT Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | CT | IF ANY | INCL |
| **TOTAL HIRED AUTO PREMIUM** | | | |

For "autos" **NOT** used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

INSURED COPY

**ITEM FOUR**

**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS**

| COVERED AUTOS LIABILITY COVERAGE – Cost Of Hire Rating Basis for Autos Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR ALL STATES** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | | | |
| | | **TOTAL HIRED AUTO PREMIUM** | |

For "autos" used in your motor carrier operations, cost of hire means:

(a)  The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers), and if not included therein,

(b)  The total remunerations of all operators and drivers' helpers, of hired automobiles whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and

(c)  The total dollar amount of any other costs (*e.g.*, repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

| COVERED AUTOS LIABILITY COVERAGE – Cost Of Hire Rating Basis for Autos NOT Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE** | **PREMIUM** |
| Primary Coverage | | | |
| Excess Coverage | NJ | IF ANY | $            1,060 |
| | | **TOTAL HIRED AUTO PREMIUM** | $            1,060 |

For "autos" **NOT** used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Physical Damage Coverages – Cost Of Hire Rating Basis For All Autos (Other Than Mobile or Farm Equipment) | | | | |
|---|---|---|---|---|
| **COVERAGE** | **STATE** | **DEDUCTIBLE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE (Excluding Autos Hired With A Driver)** | **PREMIUM** |
| **COMPREHENSIVE** | CT | $ 100 DEDUCTIBLE OR EACH COVERED AUTO, FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM (A maximum deductible may also apply.  Refer to Coverage Form for details.) | IF ANY | INCL |
| **SPECIFIED CAUSES OF LOSS** | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details.) | | |
| **COLLISION** | CT | $ 1,000 DEDUCTIBLE FOR EACH COVERED AUTO. | IF ANY | INCL |
| | | **TOTAL HIRED AUTO PREMIUM** | | |
| For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver. | | | | |

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Physical Damage Coverages – Cost Of Hire Rating Basis For All Autos (Other Than Mobile or Farm Equipment) | | | | |
|---|---|---|---|---|
| **COVERAGE** | **STATE** | **DEDUCTIBLE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE (Excluding Autos Hired With A Driver)** | **PREMIUM** |
| **COMPREHENSIVE** | NJ | $ 100 DEDUCTIBLE OR EACH COVERED AUTO, FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM (A maximum deductible may also apply. Refer to Coverage Form for details.) | IF ANY | $ 500 |
| **SPECIFIED CAUSES OF LOSS** | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply. Refer to Coverage Form for details.) | | |
| **COLLISION** | NJ | $ 1,000 DEDUCTIBLE FOR EACH COVERED AUTO. | IF ANY | $ 500 |
| | | | **TOTAL HIRED AUTO PREMIUM** | $ 1,000 |
| For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver. | | | | |

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Cost Of Hire Rating Basis For Mobile Or Farm Equipment — Other Than Physical Damage Coverages | | | | | |
|---|---|---|---|---|---|
| **COVERAGE** | **STATE** | **ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE** | | **PREMIUM** | |
| | | **Mobile Equipment** | **Farm Equipment** | **Mobile Equipment** | **Farm Equipment** |
| Covered Autos Liability — Primary Coverage | | | | | |
| Covered Autos Liability — Excess Coverage | | | | | |
| Personal Injury Protection | | | | | |
| Medical Expense Benefits (Virginia Only) | | | | | |
| Income Loss Benefits (Virginia Only) | | | | | |
| Auto Medical Payments | | | | | |
| **TOTAL HIRED AUTO PREMIUMS** | | | | | |
| Cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers. | | | | | |

Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, Inc. 2019

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Cost Of Hire Rating Basis For Mobile or Farm Equipment — Physical Damage Coverages | | | | | | |
|---|---|---|---|---|---|---|
| | | | ESTIMATED ANNUAL COST OF HIRE FOR EACH STATE (Excluding Autos Hired With A Driver) | | PREMIUM | |
| **COVERAGE** | **STATE** | **DEDUCTIBLE** | Mobile Equipment | Farm Equipment | Mobile Equipment | Farm Equipment |
| **COMPREHENSIVE** | | DEDUCTIBLE FOR EACH COVERED AUTO, FOR LOSS CAUSED BY THEFT, OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details.) | | | | |
| **SPECIFIED CAUSES OF LOSS** | | DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY THEFT OR MISCHIEF OR VANDALISM. (A maximum deductible may also apply.  Refer to Coverage Form for details. | | | | |
| **COLLISION** | | DEDUCTIBLE FOR EACH COVERED AUTO. | | | | |
| **TOTAL HIRED AUTO PREMIUMS** | | | | | | |
| For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any auto that is leased, hired, rented or borrowed with a driver. | | | | | | |

INSURED COPY

**ITEM FOUR**
**SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS (Cont'd)**

| Rental Period Rating Basis For Mobile Or Farm Equipment | | | | | |
|---|---|---|---|---|---|
| | | **ESTIMATED NUMBER OF DAYS EQUIPMENT WILL BE RENTED** | | **PREMIUM** | |
| **COVERAGE** | **TOWN AND STATE WHERE THE JOB SITE IS LOCATED** | **Mobile Equipment** | **Farm Equipment** | **Mobile Equipment** | **Farm Equipment** |
| Covered Autos Liability – Primary Coverage | | | | | |
| Covered Autos Liability – Excess Coverage | | | | | |
| Personal Injury Protection | | | | | |
| Medical Expense Benefits (Virginia Only) | | | | | |
| Income Loss Benefits (Virginia Only) | | | | | |
| Auto Medical Payments | | | | | |
| **TOTAL HIRED AUTO PREMIUMS** | | | | | |

**ITEM FIVE**
**SCHEDULE FOR NON-OWNERSHIP COVERED AUTOS LIABILITY**

| NAMED INSURED'S BUSINESS | RATING BASIS | NUMBER | PREMIUM |
|---|---|---|---|
| Other Than Auto Service Operations, Partnerships Or LLCs | Number Of Employees | | |
| | Number Of Volunteers | | |
| Auto Service Operations | Number Of Employees Whose Principal Duty Involves The Operation Of Autos | | |
| | Number Of Volunteers | | |
| | Number Of Partners (Active And Inactive) Or LLC Members | | |
| Partnerships Or LLCs | Number Of Employees | IF ANY | $       235 |
| | Number Of Volunteers | | |
| | Number Of Partners (Active and Inactive) Or LLC Members | | |
| **TOTAL NON-OWNERSHIP COVERED AUTOS LIABILITY PREMIUM** | | $       235 | |

 Includes copyrighted material of Insurance Services Office, with its permission.
Copyright, Insurance Services Office, Inc. 2019

INSURED COPY

**ITEM SIX**

**SCHEDULE FOR GROSS RECEIPTS OR MILEAGE BASIS**

ADDRESS OF BUSINESS HEADQUARTERS LOCATION

| Type Of Risk (Check one): | ☐ Public Autos | ☐ Leasing Or Rental Concerns |
|---|---|---|
| Rating Basis (Check one): | ☐ Gross Receipts (Per $100) | ☐ Mileage (Per Mile) |
| Estimated Yearly: | Gross Receipts  OR | Mileage: |

| | Premiums |
|---|---|
| Covered Autos Liability | |
| Personal Injury Protection | |
| Added Personal Injury Protection | |
| Property Protection Insurance (Michigan Only) | |
| Auto Medical Payments | |
| Medical Expense And Income Loss Benefits (Virginia Only) | |
| Comprehensive | |
| Specified Causes Of Loss | |
| Collision | |
| Towing And Labor | |

When used as a premium basis:

**FOR PUBLIC AUTOS**

Gross receipts means the total amount earned by the named insured for transporting passengers, mail and merchandise.

Gross receipts does not include:

   1. Amounts paid to air, sea or land carriers operating under their own permits.
   2. Advertising revenue.
   3. Taxes collected as a separate item and paid directly to the government.
   4. C.O.D. collections for cost of mail or merchandise including collection fees.

Mileage means the total live and dead mileage of all revenue producing "autos" during the policy period.

**FOR RENTAL OR LEASING CONCERNS**

Gross receipts means the total amount earned by the named insured for the leasing or renting of "autos" to others without drivers.

Mileage means the total live and dead mileage of all "autos" you leased or rented to others without drivers.

INSURED COPY

COMMERCIAL AUTO
CA 23 86 10 13

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following definitions are added and apply under this endorsement wherever the term terrorism, or the phrase any injury, damage, loss or expense, is enclosed in quotation marks:

**1.** "Terrorism" means activities against persons, organizations or property of any nature:

**a.** That involve the following or preparation for the following:

**(1)** Use or threat of force or violence; or

**(2)** Commission or threat of a dangerous act; or

**(3)** Commission or threat of an act that interferes with or disrupts an electronic, communication, information or mechanical system; and

**b.** When one or both of the following apply:

**(1)** The effect is to intimidate or coerce a government or the civilian population or any segment thereof, or to disrupt any segment of the economy; or

**(2)** It appears that the intent is to intimidate or coerce a government, or to further political, ideological, religious, social or economic objectives or to express (or express opposition to) a philosophy or ideology.

**2.** "Any injury, damage, loss or expense" means any injury, damage, loss or expense covered under any Coverage Form or Policy to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "loss", loss of use, rental reimbursement after "loss" or "covered pollution cost or expense", as may be defined under this Coverage Form, Policy or any applicable endorsement.

**B.** Except with respect to Physical Damage Coverage, Trailer Interchange Coverage, Garagekeepers Coverage, Garagekeepers Coverage – Customers' Sound Receiving Equipment or the Single Interest Automobile Physical Damage Insurance Policy, the following exclusion is added:

**Exclusion Of Terrorism**

We will not pay for "any injury, damage, loss or expense" caused directly or indirectly by "terrorism", including action in hindering or defending against an actual or expected incident of "terrorism". "Any injury, damage, loss or expense" is excluded, regardless of any other cause or event that contributes concurrently or in any sequence to such injury, damage, loss or expense. **But this exclusion applies only when one or more of the following are attributed to an incident of "terrorism":**

**1.** The "terrorism" is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination; or

CA 23 86 10 13                    © Insurance Services Office, Inc., 2013                    Page 1 of 3

INSURED COPY

2. Radioactive material is released, and it appears that one purpose of the "terrorism" was to release such material; or

3. The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

4. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials; or

5. The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions; or

6. Fifty or more persons sustain death or serious physical injury. For the purposes of this provision, serious physical injury means:

   a. Physical injury that involves a substantial risk of death; or

   b. Protracted and obvious physical disfigurement; or

   c. Protracted loss of or impairment of the function of a bodily member or organ.

Multiple incidents of "terrorism" which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, for the purpose of determining whether the thresholds in Paragraphs **B.5.** and **B.6.** are exceeded.

With respect to this exclusion, Paragraphs **B.5.** and **B.6.** describe the thresholds used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply, for the purpose of determining whether this exclusion will apply to that incident. When the exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Form, Policy or any applicable endorsement.

However, with respect to Covered Autos Liability Coverage and Personal Injury Protection Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the state compulsory or financial responsibility law minimum limits for each coverage.

With respect to Uninsured and/or Underinsured Motorists Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the minimum statutory permitted limits for Uninsured and/or Underinsured Motorists Coverage. Those limits are equal to the minimum limit permitted for Covered Autos Liability Coverage.

**C.** With respect to Physical Damage Coverage, Trailer Interchange Coverage, Garagekeepers Coverage, Garagekeepers Coverage – Customers' Sound Receiving Equipment or the Single Interest Automobile Physical Damage Insurance Policy, the following exclusion is added:

**Exclusion Of Terrorism**

We will not pay for any "loss", loss of use or rental reimbursement after "loss" caused directly or indirectly by "terrorism", including action in hindering or defending against an actual or expected incident of "terrorism". **But this exclusion applies only when one or more of the following are attributed to an incident of "terrorism":**

1. The "terrorism" is carried out by means of the dispersal or application of radioactive material, or through the use of a nuclear weapon or device that involves or produces a nuclear reaction, nuclear radiation or radioactive contamination; or

2. Radioactive material is released, and it appears that one purpose of the "terrorism" was to release such material; or

3. The "terrorism" is carried out by means of the dispersal or application of pathogenic or poisonous biological or chemical materials; or

4. Pathogenic or poisonous biological or chemical materials are released, and it appears that one purpose of the "terrorism" was to release such materials; or

5. The total of insured damage to all types of property exceeds $25,000,000. In determining whether the $25,000,000 threshold is exceeded, we will include all insured damage sustained by property of all persons and entities affected by the "terrorism" and business interruption losses sustained by owners or occupants of the damaged property. For the purpose of this provision, insured damage means damage that is covered by any insurance plus damage that would be covered by any insurance but for the application of any terrorism exclusions.

 © Insurance Services Office, Inc., 2013

INSURED COPY

Multiple incidents of "terrorism" which occur within a 72-hour period and appear to be carried out in concert or to have a related purpose or common leadership will be deemed to be one incident, for the purpose of determining whether the threshold in Paragraph **C.5.** is exceeded.

With respect to this exclusion, Paragraph **C.5.** describes the threshold used to measure the magnitude of an incident of "terrorism" and the circumstances in which the threshold will apply, for the purpose of determining whether this exclusion will apply to that incident. When the exclusion applies to an incident of "terrorism", there is no coverage under this Coverage Form, Policy or any applicable endorsement.

**D.** In the event of any incident of "terrorism" that is not subject to the exclusion in Paragraph **B.** or **C.,** coverage does not apply to "any injury, damage, loss or expense" that is otherwise excluded under this Coverage Form, Policy or any applicable endorsement.

 © Insurance Services Office, Inc., 2013

INSURED COPY

# ***NOTICE TO POLICYHOLDERS***

### SUBJECT:  <u>INSURANCE FOR PERSONALLY OWNED VEHICLES</u>

Enclosed please find your Business Automobile Policy underwritten by PMA.  Because of our commitment to provide affordable insurance for the <u>business</u> community, PMA made a decision in 1978 to remove itself from the marketplace for <u>personal</u> automobile insurance.  Since that time, it has been our policy not to insure personally owned vehicles under Business Automobile insurance contracts.  This notice is meant to re-affirm that policy and to inform you that placement of a personally owned vehicle on a Business Automobile contract can have detrimental consequences for the owner or operator of such a vehicle in the event of an accident.

The "insured" under a Business Automobile Policy is usually a commercial enterprise either in the form of a corporation, partnership, or proprietorship.  It is a legal requirement that the insured have an insurable interest in property that is insured against loss.  Unless the vehicle is owned or leased by the business entities that we insure, PMA is not responsible for collision loss to that vehicle.  Additionally, the driver of a vehicle that is not owned, leased, or borrowed by our policyholder is not eligible for liability coverage.  Further, when a vehicle is personally owned by an employee of our policyholder and is then leased or lent to the employer, neither the owner (employee) or any member of the owner's household is eligible for liability coverage under our policy when using that vehicle.

PMA believes that the proper method to insure personally owned or titled vehicles is under a Personal Automobile Policy.  We ask your cooperation in reviewing your attached policy and / or the list of vehicles given to your broker / agent for the creation of the policy to determine if any of the vehicles listed are, in fact, personally owned.  If there are such vehicles listed, we ask that you contact your insurance agent or broker for information and assistance.

**BRO**

PCA 50 40 10 01

INSURED COPY

# NEW JERSEY PROPERTY – LIABILITY INSURANCE GUARANTY ASSOCIATION ASSESSMENT SURCHARGE

This policy and billing notice includes a Property – Liability Insurance Guaranty Assessment Surcharge.  This assessment surcharge has been authorized by New Jersey Law  N.J.S.A. 17:30A-8a(3) effective on or after January 1, 1997.

Total Surcharge Amount     $      156.00

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

Effective date of this endorsement

This endorsement forms a part of

**POLICY No.**                                                    **ISSUED TO**

**ISSUED BY**

**POLICY DATED**

**Date issued**

Q4498-FMT7 (NEW 08/97)                                        P0432B

COMMERCIAL AUTO
CA 00 01 11 20

# BUSINESS AUTO COVERAGE FORM

Various provisions in this Policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the Policy begins. |
| **3** | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the Policy begins. |
| **4** | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the Policy begins. |
| **5** | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the Policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| **6** | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the Policy begins provided they are subject to the same state uninsured motorists requirement. |
| **7** | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| **8** | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| **9** | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

© Insurance Services Office, Inc., 2019

INSURED COPY

| 19 | Mobile Equipment Subject To Compulsory Or Financial Responsibility Or Other Motor Vehicle Insurance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this Policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |

### B. Owned Autos

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire after the policy period begins of the type described for the remainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire after the policy period begins will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

3. An "auto" that is leased or rented to you without a driver, under a written agreement for a continuous period of at least six months that requires you to provide primary insurance covering such "auto", will be considered a covered "auto" you own.

### C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:

1. "Trailers" with a registered Gross Vehicle Weight Rating of 3,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1. **Who Is An Insured**

   The following are "insureds":

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto".

© Insurance Services Office, Inc., 2019

INSURED COPY

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

**(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

**(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**2. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed, we will:

**(1)** Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

© Insurance Services Office, Inc., 2019

INSURED COPY

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

  **(1)** Employment by the "insured"; or

  **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

  **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

  **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

**a.** Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

**b.** After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

**8. Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

**9. Operations**

"Bodily injury" or "property damage" arising out of the operation of:

**a.** Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

**b.** Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

**10. Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

**a.** Work or operations performed by you or on your behalf; and

**b.** Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

  **(1)** When all of the work called for in your contract has been completed;

  **(2)** When all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

© Insurance Services Office, Inc., 2019

CA 00 01 11 20

INSURED COPY

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts if:

(1) The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

(2) The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(a) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(b) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**14. Unmanned Aircraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance or use of "unmanned aircraft".

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

 © Insurance Services Office, Inc., 2019

INSURED COPY

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

### A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

    **a. Comprehensive Coverage**

    From any cause except:

    **(1)** The covered "auto's" collision with another object; or

    **(2)** The covered "auto's" overturn.

    **b. Specified Causes Of Loss Coverage**

    Caused by:

    **(1)** Fire, lightning or explosion;

    **(2)** Theft;

    **(3)** Windstorm, hail or earthquake;

    **(4)** Flood;

    **(5)** Mischief or vandalism; or

    **(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

    **c. Collision Coverage**

    Caused by:

    **(1)** The covered "auto's" collision with another object; or

    **(2)** The covered "auto's" overturn.

2. **Towing And Labor**

    We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" that is a private passenger type, light truck or medium truck is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

    If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

    **a.** Glass breakage;

    **b.** "Loss" caused by hitting a bird or animal; and

    **c.** "Loss" caused by falling objects or missiles.

    However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

    **a. Transportation Expenses**

    We will pay up to $30 per day, to a maximum of $900, for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the Policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

    **b. Loss Of Use Expenses**

    For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

    **(1)** Other than collision only if the Declarations indicates that Comprehensive Coverage is provided for any covered "auto";

    **(2)** Specified Causes of Loss only if the Declarations indicates that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

© Insurance Services Office, Inc., 2019
CA 00 01 11 20

INSURED COPY

(3) Collision only if the Declarations indicates that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $30 per day, to a maximum of $900.

## B. Exclusions

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   **b. War Or Military Action**

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

3. We will not pay for "loss" due and confined to:

   **a.** Wear and tear, freezing, mechanical or electrical breakdown.

   **b.** Blowouts, punctures or other road damage to tires.

   This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

4. We will not pay for "loss" to any of the following:

   **a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   **b.** Any device designed or used to detect speed-measuring equipment, such as radar or laser detectors, and any jamming apparatus intended to elude or disrupt speed-measuring equipment.

   **c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

   **d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

5. Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

   **a.** Permanently installed in or upon the covered "auto";

   **b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

   **c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

   **d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

6. We will not pay for "loss" to a covered "auto" due to "diminution in value".

## C. Limits Of Insurance

1. The most we will pay for:

   **a.** "Loss" to any one covered "auto" is the lesser of:

   (1) The actual cash value of the damaged or stolen property as of the time of the "loss"; or

   (2) The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

© Insurance Services Office, Inc., 2019

INSURED COPY

**b.** All electronic equipment that reproduces, receives or transmits audio, visual or data signals in any one "loss" is $1,000, if, at the time of "loss", such electronic equipment is:

   **(1)** Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

   **(2)** Removable from a permanently installed housing unit as described in Paragraph **b.(1)** above; or

   **(3)** An integral part of such equipment as described in Paragraphs **b.(1)** and **b.(2)** above.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations prior to the application of the Limit Of Insurance, provided that:

**1.** The Comprehensive or Specified Causes Of Loss Coverage deductible applies only to "loss" caused by:

   **a.** Theft or mischief or vandalism; or

   **b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the maximum deductible applicable for all "loss" in any one event caused by:

   **a.** Theft or mischief or vandalism; or

   **b.** All perils,

will be equal to five times the highest deductible applicable to any one covered "auto" on the Policy for Comprehensive or Specified Causes Of Loss Coverage. The application of the highest deductible used to calculate the maximum deductible will be made regardless of which covered "autos" were damaged or stolen in the "loss".

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

   **1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

   **2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

      **(1)** How, when and where the "accident" or "loss" occurred;

      **(2)** The "insured's" name and address; and

      **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

      **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

© Insurance Services Office, Inc., 2019

INSURED COPY

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment, you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Covered Autos Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this Policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option, we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own; or

INSURED COPY

(2) Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this Policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this Policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the Policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

(1) The United States of America;

(2) The territories and possessions of the United States of America;

(3) Puerto Rico; and

(4) Canada; and

(5) Anywhere else in the world if a covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less,

provided that the "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada, or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

© Insurance Services Office, Inc., 2019

INSURED COPY

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement; or

© Insurance Services Office, Inc., 2019

INSURED COPY

**6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

**b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

**c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**2.** Vehicles maintained for use solely on or next to premises you own or rent;

**3.** Vehicles that travel on crawler treads;

**4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

**a.** Power cranes, shovels, loaders, diggers or drills; or

**b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

**5.** Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

**a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

**b.** Cherry pickers and similar devices used to raise or lower workers; or

**6.** Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

**a.** Equipment designed primarily for:

**(1)** Snow removal;

**(2)** Road maintenance, but not construction or resurfacing; or

**(3)** Street cleaning;

**b.** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

**c.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**L.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**M.** "Property damage" means damage to or loss of use of tangible property.

**N.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense";

to which this insurance applies, are alleged.

© Insurance Services Office, Inc., 2019

INSURED COPY

"Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**O.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**P.** "Trailer" includes semitrailer.

**Q.** "Unmanned aircraft" means an aircraft that is not:

    **1.** Designed;

    **2.** Manufactured; or

    **3.** Modified after manufacture;

to be controlled directly by a person from within or on the aircraft.

INSURED COPY

**COMMERCIAL AUTO**
**CA 01 07 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CONNECTICUT CHANGES

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Connecticut, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Covered Autos Liability Coverage**

   **1.** The following is added to **Who Is An Insured:**

     If you are an individual, your "family member" is an "insured" while using any covered "auto" you own.

   **2. Coverage Extensions** is amended as follows:

     **a.** Paragraph **a.(2)** of **Supplementary Payments** is replaced by the following:

       **(2)** Up to $250 for the cost of bail bonds (including bonds for related traffic law violations). We do not have to furnish these bonds.

     **b. Supplementary Payments** is amended by the addition of the following:

       **(7)** We will pay all expenses incurred by an "insured" for first aid to others at the time of an "accident".

       **(8)** At your request we will issue (or arrange for the issuance of) a bond to release attachments. The amount of the bond will not exceed the limit of liability stated in the policy.

   **3.** The **Fellow Employee** Exclusion is replaced by the following:

     **Fellow Employee**

     "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business. However, we will cover "bodily injury" caused by your "employee" to his fellow "employee".

   **4.** The **Care, Custody Or Control** Exclusion does not apply to "property damage" to a residence or private garage caused by a covered "auto" of the private passenger type.

**B. Changes In Conditions**

   **Other Insurance** is changed as follows:

     **a.** If you are other than an "auto" dealer or repairer, Covered Autos Liability Coverage applies to and is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and owned by an "auto" dealer or repairer.

     **b.** If you are an "auto" dealer or repairer, Covered Autos Liability Coverage is excess for an "auto" you own if operated by a customer to whom you have loaned the "auto".

**C. Changes In Auto Medical Payments Coverage**

   Exclusion **C.8.** does not apply.

© Insurance Services Office, Inc., 2012

INSURED COPY

COMMERCIAL AUTO
CA 01 88 10 13

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW JERSEY CHANGES

For a covered "auto" licensed or principally garaged in New Jersey, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Covered Autos Liability Coverage**

1. Paragraph **1.b.(4)** of the **Who Is An Insured** provision is replaced by the following:

   **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

   However, this paragraph does not apply for coverage up to the minimum financial responsibility limits specified in N.J.S.A. 39:6B-1.

2. Exclusion **11. Pollution** is amended by the addition of the following:

   This exclusion does not apply for coverage up to the minimum financial responsibility limits specified in N.J.S.A. 39:6B-1.

**B. Changes In Conditions**

The following is added to the **Loss Payment – Physical Damages Coverages** Condition:

If we pay the amount necessary to repair the stolen or damaged property, you have the option to use either:

**a.** An "auto" repair facility with whom we have an arrangement; or

**b.** An "auto" repair facility of your choice;

in any repairs to the "auto".

If you choose to use an "auto" repair facility other than an "auto" repair facility with whom we have an arrangement, we will pay you in accordance with the terms and conditions, including price, provided by the "auto" repair facility with whom we have an arrangement.

CA 01 88 10 13                    © Insurance Services Office, Inc., 2012                    Page 1 of 1

INSURED COPY

COMMERCIAL AUTO
CA 23 94 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# SILICA OR SILICA-RELATED DUST EXCLUSION FOR COVERED AUTOS EXPOSURE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following exclusion is added to **Covered Autos Liability Coverage:**

**Silica Or Silica-related Dust Exclusion For Covered Autos Exposure**

This insurance does not apply to:

**1.** "Bodily injury" arising, in whole or in part, out of the actual, alleged, threatened or suspected inhalation of, or ingestion of, "silica" or "silica-related dust".

**2.** "Property damage" arising, in whole or in part, out of the actual, alleged, threatened or suspected contact with, exposure to, existence of, or presence of, "silica" or "silica-related dust".

**3.** Any loss, cost or expense arising, in whole or in part, out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any "insured" or by any other person or entity.

**B. Additional Definitions**

As used in this endorsement:

**1.** "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

**2.** "Silica-related dust" means a mixture or combination of silica and other dust or particles.

© Insurance Services Office, Inc., 2011

INSURED COPY

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 21 14 10 16**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW JERSEY UNINSURED AND UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, New Jersey, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** UNITEX TEXTILE SERVICES LLC | |
| **Endorsement Effective Date:** 07-01-2022 | |

## SCHEDULE

| | |
|---|---|
| **Limit Of Insurance:** $2,000,000 | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "uninsured motor vehicle" or an "underinsured motor vehicle".

2. With respect to damages resulting from an "accident" with an "underinsured motor vehicle", we will pay under this coverage only if Paragraph **a.** or **b.** below applies:

    **a.** The limit of any applicable liability bonds or policies has been exhausted by judgments or payments; or

    **b.** A tentative settlement has been made between an "insured" and the insurer of an "underinsured motor vehicle" and we:

    **(1)** Have been given prompt written notice of such tentative settlement; and

    **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Schedule or Declarations as:

1. An individual, then the following are "insureds":

    **a.** The Named Insured and any "family members".

© Insurance Services Office, Inc., 2016

INSURED COPY

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**c.** The Named Insured for "property damage" only.

## C. Exclusions

This insurance does not apply to any of the following:

**1.** With respect to an "uninsured motor vehicle", any claim settled without our consent.

**2.** Damages for pain, suffering and inconvenience resulting from "bodily injury" caused by an "accident" involving an "uninsured motor vehicle" or an "underinsured motor vehicle", unless the injured person has a legal right to recover damages for such pain, suffering and inconvenience under the New Jersey Automobile Reparation Reform Act. The injured person's legal right to recover damages for pain, suffering and inconvenience under the New Jersey Automobile Reparation Reform Act will be determined by the liability tort limitation, if any, applicable to that person.

**3.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**4.** The direct or indirect benefit of any insurer of property.

**5.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**6.** "Property damage" for which the "insured" has been or is entitled to be compensated by other property or physical damage insurance.

**7.** The first $500 of the amount of "property damage" to the property of each "insured" as the result of any one "accident".

**8.** "Property damage" caused by a hit-and-run vehicle.

**9.** Punitive or exemplary damages.

**10.** "Bodily injury" or "property damage" sustained by any "insured" who is an owner of a motor vehicle:

**a.** Insured under a basic automobile insurance policy issued in accordance with New Jersey law or regulation; or

**b.** Required to be insured in accordance with New Jersey law or regulation, but not insured for this coverage or any similar coverage.

However, this exclusion does not apply to an individual Named Insured, and such Named Insured's spouse, unless the individual Named Insured or such Named Insured's spouse is "occupying", at the time of an "accident", a motor vehicle described in Subparagraph **a.** or **b.** above.

**11.** "Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the Limit Of Insurance shown in the Schedule or Declarations for Uninsured Motorists Coverage and Underinsured Motorists Coverage is the most we will pay for all damages resulting from any one "accident" with an "uninsured motor vehicle" or an "underinsured motor vehicle".

**a.** However, subject to our maximum Limit of Insurance for this coverage, if:

**(1)** An "insured" is not the individual Named Insured under this Policy;

**(2)** That "insured" is an individual Named Insured under one or more other policies providing similar coverage; and

**(3)** All such other policies have a Limit of Insurance for similar coverage which is less than the Limit of Insurance for this coverage;

© Insurance Services Office, Inc., 2016

INSURED COPY

then the most we will pay for all damages resulting from any one "accident" with an "uninsured motor vehicle" or an "underinsured motor vehicle" shall not exceed the highest applicable Limit of Insurance under any Coverage Form or policy providing coverage to that "insured" as an individual Named Insured.

**b.** However, subject to our maximum Limit of Insurance for this coverage, if:

**(1)** An "insured" is not the individual Named Insured under this Policy or any other policy;

**(2)** That "insured" is insured as a "family member" under one or more other policies providing similar coverage; and

**(3)** All such other policies have a Limit of Insurance for similar coverage which is less than the Limit of Insurance for this coverage;

then the most we will pay for all damages resulting from any one "accident" with an "uninsured motor vehicle" or an "underinsured motor vehicle" shall not exceed the highest applicable Limit of Insurance under any Coverage Form or policy providing coverage to that "insured" as a "family member".

However, Paragraphs **D.1.a.** and **D.1.b.** do not apply to "employees" of a business or corporate entity designated in the Schedule or Declarations as a Named Insured.

**2.** With respect to damages resulting from an "accident" involving an "uninsured motor vehicle", we will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

**3.** With respect to damages resulting from an "accident" involving an "underinsured motor vehicle", the Limit of Insurance shall be reduced by all sums paid by or for anyone who may be legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.

**4.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form attached to this Coverage Part.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any personal injury protection benefits.

**E.  Changes In Conditions**

The Conditions are changed for Uninsured And Underinsured Motorists Coverage as follows:

**1. Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

If there is other applicable insurance available under one or more policies or provisions of coverage:

**a.** The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis.

However, if an "insured" is:

**(1)** An individual Named Insured under one or more policies providing similar coverage;

**(2)** Not "occupying" a vehicle owned by that individual Named Insured; and

**(3)** Not an "employee" of a business or corporate entity designated in the Schedule or Declarations as a Named Insured;

then any recovery for damages for "bodily injury" or "property damage" for that "insured" may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage to that "insured" as an individual Named Insured.

However, if an "insured" is:

**(a)** Insured as a "family member" under one or more policies providing similar coverage;

**(b)** Not an individual Named Insured under this or any other policy; and

**(c)** Not an "employee" of a business or corporate entity designated in the Schedule or Declarations as a Named Insured;

then any recovery for damages for "bodily injury" or "property damage" for that "insured" may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage to that "insured" as a "family member".

 © Insurance Services Office, Inc., 2016

INSURED COPY

**b.** Any insurance we provide with respect to a vehicle:

   **(1)** The Named Insured does not own; or

   **(2)** Owned by the Named Insured or, if the Named Insured is an individual, any "family member", that is not a covered "auto" for Uninsured And Underinsured Motorists Coverage under this Coverage Form,

shall be excess over any other collectible uninsured motorists or underinsured motorists insurance providing coverage on a primary basis.

**c.** If the coverage under this Coverage Form is provided:

   **(1)** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

   **(2)** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver or "stolen vehicle" is involved; and

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking coverage under this endorsement must also promptly notify us, in writing, of a tentative settlement between the "insured" and the insurer of an "underinsured motor vehicle", and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

**a.** Have been given prompt notice, in writing, of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

**b.** Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

   **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of this endorsement; and

   **(2)** We also have a right to recover the advanced payment.

**4.** The following condition is added:

**Arbitration**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

© Insurance Services Office, Inc., 2016

INSURED COPY

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

## F. Additional Definitions

As used in this endorsement:

1. "Property damage" means damage to a covered "auto", or to any property of an "insured" while contained in a covered "auto".

2. "Family member" means a person related to an individual Named Insured by blood, marriage, or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

3. "Occupying" means in, upon, getting in, on, out or off.

4. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   **a.** For which no liability bond or policy applies at the time of an "accident";

   **b.** For which an insuring or bonding company denies coverage or is or becomes insolvent;

   **c.** That, with respect to damages for "bodily injury" only, is a hit-and-run vehicle whose operator or owner cannot be identified and that hits, or causes an "accident" resulting in "bodily injury" without hitting:

      **(1)** An individual Named Insured or any "family member";

      **(2)** A vehicle that the Named Insured or any "family member", if the Named Insured is an individual, is "occupying"; or

      **(3)** A covered "auto";

   **d.** For which the only available coverage is a special automobile policy, as defined by New Jersey law; or

   **e.** That is a "stolen vehicle".

   However, an "uninsured motor vehicle" does not include any vehicle:

      **(1)** Owned by or furnished or available for the regular use of the Named Insured or any "family member", except a "stolen vehicle", if the Named Insured is an individual;

      **(2)** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;

      **(3)** Owned by any governmental unit or agency;

      **(4)** Insured under a basic automobile insurance policy issued in accordance with New Jersey law or regulation;

      **(5)** Operated on rails or crawler treads;

      **(6)** Designed for use mainly off public roads while not on public roads; or

      **(7)** While located for use as a residence or premises.

5. "Underinsured motor vehicle" means the following:

   **a.** With respect to an "insured" who:

      **(1)** Is not the individual Named Insured under this Policy;

      **(2)** Is an individual Named Insured under one or more other policies providing similar coverage; and

      **(3)** Is not an "employee" of a business or corporate entity designated in the Schedule or Declarations as a Named Insured;

   "underinsured motor vehicle" means a land motor vehicle or "trailer" of any type to which a liability bond or policy applies at the time of an "accident", but its limit of liability is less than the highest applicable limit of liability under any Coverage Form or policy providing coverage to that "insured" as an individual Named Insured.

   **b.** With respect to an "insured" who:

      **(1)** Is not the individual Named Insured under this Policy or any other policy;

      **(2)** Is insured as a "family member" under one or more other policies providing similar coverage; and

      **(3)** Is not an "employee" of a business or corporate entity designated in the Schedule or Declarations as a Named Insured;

   "underinsured motor vehicle" means a land motor vehicle or "trailer" of any type to which a liability bond or policy applies at the time of an "accident", but its limit of liability is less than the highest applicable limit of liability under any Coverage Form or policy providing coverage to that "insured" as a "family member".

**c.** With respect to any other "insured" who is not described in Paragraph **a.** or **b.** above, "underinsured motor vehicle" means a land motor vehicle or "trailer" of any type to which a liability bond or policy applies at the time of an "accident", but its limit of liability is less than the Limit of Insurance for this coverage.

However, an "underinsured motor vehicle" does not include any vehicle:

**(1)** Owned or operated by a self-insurer under any applicable motor vehicle law;

**(2)** Owned by any governmental unit or agency;

**(3)** Operated on rails or crawler treads;

**(4)** Designed for use mainly off public roads while not on public roads;

**(5)** While located for use as a residence or premises; or

**(6)** Owned by or furnished or available for the regular use of the Named Insured or, if the Named Insured is an individual, any "family member".

**6.** "Stolen vehicle" means a vehicle that is a covered "auto" and, at the time of the "accident", the vehicle is operated by an unknown third person without the consent of the "insured".

            © Insurance Services Office, Inc., 2016            CA 21 14 10 16

INSURED COPY

POLICY NUMBER:152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 21 57 03 16**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# CONNECTICUT UNINSURED AND UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Connecticut, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

| |
|---|
| **Named Insured:**  UNITEX TEXTILE SERVICES LLC |
| **Endorsement Effective Date:**  07-01-22 |

**SCHEDULE**

| Limit Of Insurance | | |
|---|---|---|
| **Uninsured Motorists Coverage:** | $2,000,000 | **Each "Accident"** |
| **Underinsured Motorists Coverage:** | $2,000,000 | **Each "Accident"** |
| ☐ If indicated by an "X" in the box to the left or in the Declarations, Underinsured Motorists Conversion Coverage applies. | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

© Insurance Services Office, Inc., 2015

INSURED COPY

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle" or "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle" or "underinsured motor vehicle".

2. We will pay only after all liability bonds or policies have been exhausted by judgments or payments.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of an "underinsured motor vehicle".

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form;

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form; or

   c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

4. "Bodily injury" sustained by:

   a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

   b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

   c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

5. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

6. Punitive or exemplary damages.

7. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

© Insurance Services Office, Inc., 2015   CA 21 57 03 16

INSURED COPY

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Uninsured Or Underinsured Motorists Coverage shown in the Schedule or Declarations.

   The coverage limit for Uninsured And Underinsured Motorists Coverage applies separately to damages caused by an "accident" with an "uninsured motor vehicle" and an "underinsured motor vehicle".

2. The Limit of Insurance shall be reduced by:

   **a.** All sums paid or payable under any workers' compensation or similar law.

   **b.** All sums paid to "insureds" because of "bodily injury" by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form or Medical Payments Coverage endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

   We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

## E. Changes In Conditions

The Conditions are changed for Connecticut Uninsured And Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

   If there is other applicable similar insurance available under one or more policies or provisions of coverage:

   **a.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary, secondary or excess basis.

   **b.** Subject to Paragraph **1.a.** above, with respect to "bodily injury" to an "insured" while:

   **(1)** "Occupying" a vehicle owned by that "insured", only the Uninsured/Underinsured Motorists Coverage applicable to that vehicle will apply, and no other policies or provisions of coverage will apply.

   **(2)** "Occupying" a vehicle not owned by that "insured", or while not "occupying" any vehicle, the following priorities of recovery apply:

| First | The Uninsured/Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
|---|---|
| Second | Any Coverage Form or policy affording Uninsured/Underinsured Motorists Coverage to the "insured" as an individual Named Insured. |
| Third | Any Coverage Form or policy affording Uninsured/Underinsured Motorists Coverage to the "insured" as a "family member". |

INSURED COPY

**c.** With respect to the second and third priorities, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable on the same level of priority.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved; and

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Legal Action Against Us** is replaced by the following:

**Legal Action Against Us**

**a.** No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

**b.** Any legal action against us under this Coverage Form must be brought within three years after the date of the "accident".

**c.** Paragraph **3.b.** above of this condition does not apply if, within three years after the date of the "accident", we and the "insured" agree to arbitration in accordance with the provisions of this Coverage Form.

**4. Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

**Transfer Of Rights Of Recovery Against Others To Us**

**a.** With respect to damages caused by an "accident" with an "uninsured motor vehicle":

**(1)** If any person or organization has rights to recover damages from another, that person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**(2)** If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**(3)** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** With respect to damages caused by an "accident" with an "underinsured motor vehicle", the **Transfer Of Rights Of Recovery Against Others To Us** Condition does not apply.

**5.** The following condition is added:

**Arbitration**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle", or do not agree as to the amount of damages, then the matter may be arbitrated. Both parties must agree to arbitration. If the amount of damages the "insured" demands is $40,000 or less, both parties will select a single arbitrator. Each party will pay the expenses it incurs and bear the expenses of the arbitrator equally. If the amount of damages the "insured" demands is more than $40,000, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by the arbitrator(s) will be binding.

**F. Underinsured Motorists Conversion Coverage**

If the Schedule or Declarations indicates that Underinsured Motorists Conversion Coverage applies, the following provisions apply:

**1.** The definition of "underinsured motor vehicle" is replaced by the following:

"Underinsured motor vehicle" means a land motor vehicle or "trailer" for which the sum of all payments received by or on behalf of the "insured", from or on behalf of anyone who is legally responsible, is less than the fair, just and reasonable damages of the "insured".

**2.** With respect to coverage provided under the above definition of "underinsured motor vehicle", Paragraph **2.** of the **Limit Of Insurance** Provision does not apply.

   © Insurance Services Office, Inc., 2015

INSURED COPY

**G. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. To which no bodily injury liability bond or policy applies at the time of the "accident";

   b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or

   c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle the "insured" is "occupying"; or

      (2) Cause "bodily injury" to the "insured" without physical contact with the "insured", a covered "auto" or a vehicle the "insured" is "occupying". However, in such cases, the "insured" must prove by a fair preponderance of the evidence that the "bodily injury" resulted from the negligence of an unidentified motorist.

However, "uninsured motor vehicle" does not include any vehicle:

   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or who becomes insolvent and cannot provide the amounts required by that motor vehicle law;

   b. Owned by a governmental unit or agency; or

   c. Designed for use mainly off public roads while not on public roads.

4. "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which the sum of all bodily injury liability bonds or policies applicable at the time of the "accident" is less than the Limit of Insurance of this coverage.

However, "underinsured motor vehicle" does not include any vehicle:

   a. Owned or operated by a self-insurer under any applicable motor vehicle law;

   b. Owned by a governmental unit or agency;

   c. Designed for use mainly off public roads while not on public roads; or

   d. For which an insuring or bonding company denies coverage or is or becomes insolvent.

© Insurance Services Office, Inc., 2015

INSURED COPY

## SCHEDULE OF UNINSURED/UNDERINSURED MOTORIST COVERAGE LIMITS

**Policy Number**

152200-91-26-38-4A

Named Insured

UNITEX TEXTILE SERVICES LLC

**Effective Date:**   07-01-2022
12:01 A.M., Standard Time

IN ACCORDANCE WITH YOUR SELECTION OF UNINSURED AND/OR UNDERINSURED MOTORISTS COVERAGE, YOUR LIMITS OF LIABILITY FOR THESE COVERAGES ARE AS FOLLOWS:

| APPLICABLE STATE | UNINSURED MOTORISTS | UNDERINSURED MOTORIST |
|---|---|---|
| CT | $2,000,000 | $2,000,000 |
| NJ | $2,000,000 | INCLUDED |

P02104 08 03

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 22 30 01 20**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NEW JERSEY PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, New Jersey, this endorsement modifies insurance provided under the following:

    AUTO DEALERS COVERAGE FORM
    BUSINESS AUTO COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** | UNITEX TEXTILE SERVICES LLC |
| **Endorsement Effective Date:** | 07/01/2022 |

**SCHEDULE**

| **I.** | **Extended Medical Expense Benefits** | |
|---|---|---|
| **Benefits** | | **Limit Of Insurance** |
| **Medical Expenses** | $1,000 | **Per Person Per "Accident"** |

| **II.** | **Medical Expense Benefits Deductible** |
|---|---|
| | Unless otherwise indicated below, medical expense benefits are subject to a deductible of $250 per "accident". |
| ☐ | When indicated to the left, medical expense benefits applicable to: |
| **A.** | The "named insured" and, if the "named insured" is an individual, any "family members" will be subject to a deductible of _____ per "accident" instead of the $250 deductible; and |
| **B.** | An "eligible injured person" other than the "named insured" and, if the "named insured" is an individual, any "family members" shall be subject to a separate deductible of $250 per "accident". |

| **III.** | **Medical Expense Benefits Copayment** |
|---|---|
| | Medical expense benefits are subject to a copayment of 20% per "accident" for amounts payable between the applicable deductible and $5,000. |

| **IV.** | **Deletion Of Benefits Other Than Medical Expenses Option** |
|---|---|
| ☐ | All Personal Injury Protection Benefits other than medical expense benefits are deleted with respect to the "named insured" and, if the "named insured" is an individual, any "family members", when indicated to the left. Refer to the Deletion Of Benefits Other Than Medical Expenses Provision. |

| **V.** | **Medical Expense Benefits-As-Secondary Option** |
|---|---|
| ☐ | If the "named insured" is an individual, medical expense benefits with respect to the "named insured" and "family members" are secondary to the health benefits plans under which the "named insured" and "family members" are insured, when indicated to the left. |

**CA 22 30 01 20**

© Insurance Services Office, Inc., 2019

**Page 1 of 15**

INSURED COPY

| VI. | Personal Injury Protection Coverage For Pedestrians | |
|---|---|---|
| | Coverage ONLY is provided for "private passenger automobiles". | **Premium** |
| | | |

| VII. | Pedestrian Personal Injury Protection | |
|---|---|---|
| | Coverage ONLY is provided for the following vehicles designed for use principally on public roads which are not "private passenger automobiles" and to which the liability coverage of this Coverage Form applies. | |

| Description Of Vehicle | Premium |
|---|---|
| NJ 1 2013 FORD TRANSIT CONNECT NM0LS7BN9DT161683 | $10 |
| NJ 2 2013 FORD TRANSIT CONNECT NM0LS7BN7DT158961 | $10 |
| NJ 4 2016 FORD TRANSIT CONNECT NM0LS7E77G1256188 | $10 |
| NJ 5 2016 FORD TRANSIT CONNECT NM0LSE70G1241502 | $10 |
| | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

## A. Coverages

### 1. Personal Injury Protection

We will pay Personal Injury Protection Benefits for "bodily injury" sustained by an "eligible injured person" caused by an "accident" occurring during the policy period and arising out of the ownership, maintenance or use, including loading or unloading, of a "private passenger auto" as an auto.

These Personal Injury Protection Benefits consist of:

#### a. Medical Expense Benefits

An amount not exceeding $250,000 per person per "accident" for reasonable and necessary expenses incurred for medical, surgical, rehabilitative and diagnostic treatments and services, hospital expenses, ambulance or transportation services, medication and nonmedical expenses that are prescribed by a treating "health care provider" for a permanent or significant brain, spinal cord or disfiguring injury.

Nonmedical expense means charges for products and devices, not exclusively used for medical purposes or as durable medical equipment, such as vehicles, durable goods, equipment, appurtenances, improvements to real or personal property, fixtures and services and activities such as recreational activities, trips and leisure activities.

All medical expenses must be rendered by a "health care provider", be "clinically supported" and consistent with the symptoms, diagnosis or indications of the "insured". They must also be consistent with the most appropriate level of service that is in accordance with the standards of good practice and standard professional treatment protocols, including care paths for an "identified injury". They must not be rendered primarily for the convenience of the "insured" or "health care provider" nor may they involve unnecessary testing or treatment.

However, medical expenses include any nonmedical remedial treatment rendered in accordance with recognized religious methods of healing.

#### b. Income Continuation Benefits

An amount not exceeding a limit of $100 per week and a total limit of $5,200 payable for the loss of income of an "income producer" during his or her lifetime, as a result of "bodily injury" disability, not to exceed net "income" normally earned during the period in which benefits are payable.

© Insurance Services Office, Inc., 2019
CA 22 30 01 20

INSURED COPY

**c. Essential Services Benefits**

An amount not exceeding a limit of $12 per day and a total limit of $4,380 payable to an "eligible injured person" as reimbursement for payments made to others, for substitute essential services of the type actually rendered during his or her lifetime and which he or she would ordinarily have performed not for "income" but for the care and maintenance of himself or herself and persons related to the "eligible injured person" by blood, marriage or adoption (including a ward or foster child) who are residents of the same household as the "eligible injured person".

**d. Death Benefits**

The amount or amounts payable in the event of the death of an "eligible injured person" as determined below:

**(1)** If the "eligible injured person" was an "income producer" at the time of the "accident", an amount equal to the difference between $5,200 and all basic income continuation benefits paid for any loss of "income" resulting from his or her injury prior to his or her death; or

**(2)** If the "eligible injured person" ordinarily performed essential services for the care and maintenance of himself or herself, his or her family or family household, an amount equal to the difference between $4,380 and all basic essential services benefits paid with respect to his or her injury prior to death.

**e. Funeral Expense Benefits**

An amount not exceeding $1,000 for reasonable funeral, burial and cremation expenses incurred.

**2. Extended Medical Expense Benefits**

We will pay Extended Medical Expense Benefits for "bodily injury" sustained by an "insured person" caused by an "accident" occurring during the policy period and arising out of the ownership, maintenance or use, including loading and unloading, of a "highway vehicle" not owned by or furnished or available for the regular use of the "named insured" or any "family member".

Subject to the limits shown in the Schedule or Declarations, Extended Medical Expense Benefits consist of the following:

Reasonable expenses incurred for medical, surgical, rehabilitative and diagnostic treatments and services, hospital expenses, ambulance or transportation services, medication and nonmedical expenses that are prescribed by a treating "health care provider" for a permanent or significant brain, spinal cord or disfiguring injury.

Nonmedical expense means charges for products and devices, not exclusively used for medical purposes or as durable medical equipment, such as vehicles, durable goods, equipment, appurtenances, improvements to real or personal property, fixtures and services and activities such as recreational activities, trips and leisure activities.

**3. Pedestrian Personal Injury Protection**

This coverage applies to "pedestrians" and only to "accidents" which occur during the policy period in New Jersey. With respect to an "insured motor vehicle" as described for this coverage, Pedestrian Personal Injury Protection Coverage is the only Personal Injury Protection Coverage for that vehicle.

INSURED COPY

We will pay Pedestrian Personal Injury Protection Benefits to an "eligible injured person". These Pedestrian Personal Injury Protection Benefits consist of:

**a. Medical Expense Benefits**

An amount not exceeding $250,000 per person per "accident" for reasonable and necessary expenses incurred for medical, surgical, rehabilitative and diagnostic treatments and services, hospital expenses, ambulance or transportation services, medication and nonmedical expenses that are prescribed by a treating "health care provider" for a permanent or significant brain, spinal cord or disfiguring injury.

Nonmedical expense means charges for products and devices, not exclusively used for medical purposes or as durable medical equipment, such as vehicles, durable goods, equipment, appurtenances, improvements to real or personal property, fixtures and services and activities such as recreational activities, trips and leisure activities.

All medical expenses must be rendered by a "health care provider", be "clinically supported" and consistent with the symptoms, diagnosis or indications of the "insured". They must also be consistent with the most appropriate level of service that is in accordance with the standards of good practice and standard professional treatment protocols, including care paths for an "identified injury". They must not be rendered primarily for the convenience of the "insured" or "health care provider" nor may they involve unnecessary testing or treatment.

However, medical expenses include any nonmedical remedial treatment rendered in accordance with recognized religious methods of healing.

**b. Income Continuation Benefits**

An amount not exceeding a limit of $100 per week and a total limit of $5,200 payable for the loss of income of an "income producer" during his or her lifetime, as a result of "bodily injury" disability; not to exceed net "income" normally earned during the period in which benefits are payable.

**c. Essential Services Benefits**

An amount not exceeding a limit of $12 per day and a total limit of $4,380 payable to an "eligible injured person" as reimbursement for payments made to others, for substitute essential services of the type actually rendered during his or her lifetime and which he or she would ordinarily have performed not for "income" but for the care and maintenance of himself or herself and persons related to the "eligible injured person" by blood, marriage or adoption (including a ward or foster child) who are residents of the same household as the "eligible injured person".

**d. Death Benefits**

The amount or amounts payable in the event of the death of an "eligible injured person" as determined below:

**(1)** If the "eligible injured person" was an "income producer" at the time of the "accident", an amount equal to the difference between $5,200 and all basic income continuation benefits paid for any loss of "income" resulting from his or her injury prior to his or her death; or

**(2)** If the "eligible injured person" ordinarily performed essential services for the care and maintenance of himself or herself, his or her family or family household, an amount equal to the difference between $4,380 and all basic essential services benefits paid with respect to his or her injury prior to death.

**e. Funeral Expense Benefits**

An amount not exceeding $1,000 for reasonable funeral, burial and cremation expenses incurred.

All medical expenses must be rendered by a "health care provider", be "clinically supported" and consistent with the symptoms, diagnosis or indications of the "insured". They must also be consistent with the most appropriate level of service that is in accordance with the standards of good practice and standard professional treatment protocols, including care paths for an "identified injury". They must not be rendered primarily for the convenience of the "insured" or "health care provider" nor may they involve unnecessary testing or treatment.

    © Insurance Services Office, Inc., 2019    CA 22 30 01 20

INSURED COPY

However, medical expenses include any nonmedical remedial treatment rendered in accordance with recognized religious methods of healing.

## B. Exclusions

### 1. Personal Injury Protection

We will not pay Personal Injury Protection Benefits for "bodily injury":

a. To a person whose conduct contributed to the "bodily injury" in any of the following ways:

(1) While committing a high misdemeanor or felony or seeking to avoid lawful apprehension or arrest by a police officer; or

(2) While acting with specific intent to cause injury or damage to himself or herself or others;

b. To any person who, at the time of the "accident", was the owner or registrant of a "private passenger auto" registered or principally garaged in New Jersey that was being operated without Personal Injury Protection Coverage;

c. To any person who is not occupying a covered "auto", other than the "named insured" or any "family member" or a resident of New Jersey, if the "accident" occurs outside of New Jersey;

d. Arising out of the ownership, maintenance or use, including loading or unloading, of any vehicle while located for use as a residence or premises other than for transitory recreational purposes;

e. Arising directly or indirectly out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these;

f. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material;

g. To any person, other than the "named insured" or any "family member", if such person is entitled to New Jersey Personal Injury Protection Coverage as a "named insured" or "family member" under the terms of any other policy with respect to such coverage;

h. To any "family member", if such person is entitled to New Jersey Personal Injury Protection Coverage as a "named insured" under the terms of another policy; or

i. To any person operating or occupying a "private passenger auto" without the permission of the owner or the "named insured" under the Policy insuring that "auto";

j. For the following "diagnostic tests":

(1) Brain mapping, when not done in conjunction with appropriate neurodiagnostic testing;

(2) Iridology;

(3) Mandibular tracking and simulation;

(4) Reflexology;

(5) Spinal diagnostic ultrasound;

(6) Surface electromyography (surface EMG);

(7) Surrogate arm mentoring; or

(8) Any other "diagnostic test" that is determined to be ineligible for coverage under Personal Injury Protection Coverage by New Jersey law or regulation;

k. For the following "diagnostic tests" when used to treat temporomandibular joint disorder (TMJ/D):

(1) Doppler ultrasound;

(2) Electroencephalogram (EEG);

(3) Needle electromyography (needle EMG);

(4) Sonography;

(5) Thermograms/thermographs; or

(6) Videofluoroscopy.

**2. Extended Medical Expense Benefits**

The exclusions that apply to Personal Injury Protection also apply to Extended Medical Expense Benefits, except Exclusion **c.**, which does not apply to Extended Medical Expense Benefits. In addition, the following exclusions are added to Extended Medical Expense Benefits:

**a.** We will not pay Extended Medical Expense Benefits for "bodily injury" to any person, other than the "named insured" or any "family member" or a resident of New Jersey, if the "accident" occurs outside of New Jersey.

**b.** We will not pay Extended Medical Expense Benefits for "bodily injury" to any "insured" who is entitled to benefits for the "bodily injury" under:

**(1)** Personal Injury Protection Coverage; or

**(2)** Any:

**(a)** Workers' compensation law; or

**(b)** Medicare provided under federal law.

**c.** We will not pay Extended Medical Expense Benefits for "bodily injury" to any "insured" who would be entitled to benefits for the "bodily injury" under Personal Injury Protection Coverage, except for the application of a:

**(1)** Deductible;

**(2)** Copayment; or

**(3)** Medical fee schedule promulgated by the New Jersey Department of Banking and Insurance.

**3. Pedestrian Personal Injury Protection**

The exclusions that apply to Personal Injury Protection also apply to Pedestrian Personal Injury Protection, except Exclusions **b.** and **c.**, which do not apply to Pedestrian Personal Injury Protection Coverage.

**C. Limit Of Insurance**

**1.** Any amount payable by us as Personal Injury Protection benefits for "bodily injury" shall be reduced by:

**a.** All amounts paid, payable or required to be provided under any workers' compensation or employees' temporary disability law.

**b.** Medicare provided under federal law.

**c.** Benefits actually collected that are provided under federal law to active and retired military personnel.

**2.** Any amount payable by us as medical expense benefits will be limited by medical fee schedules, as promulgated by the New Jersey Department of Banking and Insurance for specific injuries or services, or the usual, customary and reasonable fee, whichever is less.

**3.** Any amounts payable for medical expense benefits as the result of any one "accident" shall be:

**a.** Reduced by the applicable deductible indicated in the Schedule or in the Declarations; and

**b.** Subject to the copayment of 20% for the amount between the applicable deductible and $5,000.

**4.** The applicable limit of income continuation benefits applies separately to each full regular and customary work week of an "eligible injured person". If this disability from work or employment consists of or includes only a part of such a week, we shall be liable for only that proportion of such weekly limit that the number of days lost from work or employment during the partial week bears to the number of days in his or her full work week.

**5.** If the Schedule or Declarations indicates that the "named insured" has elected the Medical Expense Benefits-As-Secondary Option, the following provisions apply to medical expense benefits:

**a. Priority Of Benefits**

**(1)** The health benefits plans under which the "named insured" and any "family member" are insured shall provide primary coverage for "allowable expenses" incurred by the "named insured" and any "family member" before any medical expense benefits are paid by us.

**(2)** This insurance shall provide secondary coverage for medical expense benefits for "allowable expenses", which remained uncovered.

**(3)** The total benefits paid by the health benefits plans and this insurance shall not exceed the total amount of "allowable expenses".

© Insurance Services Office, Inc., 2019

CA 22 30 01 20

INSURED COPY

**b. Determination Of Medical Expense Benefits Payable**

(1) To calculate the amount of "actual benefits" to be paid by us, we will first determine the amount of "eligible expenses" which would have been paid by us, after application of the deductible and copayment indicated in the Schedule or Declarations, had the "named insured" not elected the Medical Expense Benefits-As-Secondary Coverage Option.

(2) If the remaining "allowable expenses" are:

(a) Less than the benefits calculated in Paragraph (1) above, we will pay "actual benefits" equal to the remaining "allowable expenses", without reducing the remaining "allowable expenses" by the deductible or copayment.

(b) Greater than the benefits calculated in Paragraph (1) above, we will pay "actual benefits" equal to the benefits calculated in Paragraph (1) above, without reducing the remaining "allowable expenses" by the deductible or copayment.

(3) We will not reduce the "actual benefits" determined in Paragraph 2.:

(a) By any deductibles or copayments of the health benefits plans which have provided primary coverage for medical expense benefits; or

(b) For any "allowable expense" remaining uncovered which otherwise would not be an "eligible expense" under Personal Injury Protection Coverage, except as set forth in Paragraph (4) below.

(4) In determining remaining uncovered "allowable expenses", we shall not consider any amount for items of expense which exceed the dollar or percent amounts recognized by the medical fee schedules promulgated by the New Jersey Department of Banking and Insurance.

(5) The total amount of medical expense benefits for the "named insured" or any "family member" per "accident" shall not exceed the maximum amount payable for medical expense benefits under this Policy.

**c. Health Benefits Plan Ineligibility**

(1) If, after the "named insured" has elected the Medical Expense Benefits-As-Secondary Coverage Option, it is determined that the "named insured" or any "family member" did not have a health benefits plan in effect at the time an "accident" occurred which resulted in "bodily injury" to the "named insured" or any "family member", medical expense benefits shall be provided to the "named insured" or any "family member", subject to the following:

(a) Only Paragraph 1. of the Limit Of Insurance Provision will apply with respect to medical expense benefits.

(b) Any amount payable for medical expense benefits for the "named insured" and any "family member" as a result of any one "accident" shall:

(i) Be reduced by a deductible equal to the sum of $750 plus the applicable deductible indicated in the Schedule or in the Declarations; and

(ii) Be subject to a copayment of 20% for amounts less than $5,000 after the deductible has been applied.

(iii) Be determined:

i. By the medical fee schedules promulgated by the New Jersey Department of Insurance; or

ii. By us, on a reasonable basis, considering the medical fee schedules for similar services or equipment in the region where the service or equipment was provided, if an item of expense is not included on the medical fee schedules.

© Insurance Services Office, Inc., 2019

INSURED COPY

**(iv)** Not exceed the maximum amount payable for medical expense benefits under this Policy.

**(2)** All items of medical expense incurred by the "named insured" or any "family member" for the treatment of "bodily injury" shall be "eligible expenses" to the extent the treatment or procedure from which the expenses arose:

**(a)** Is recognized on the medical fee schedules promulgated by the New Jersey Department of Banking and Insurance; or

**(b)** Are reasonable expenses in accordance with Section 4 of the New Jersey Reparation Reform Act.

**(3)** We shall be entitled to recover the difference between:

**(a)** The reduced premium paid under this Policy for the Medical Expense Benefits-As-Secondary Option; and

**(b)** The premium which would have been paid under this Policy had the "named insured" not elected such option.

We will not provide any premium reduction for the Medical Expense Benefits-As-Secondary Option for the remainder of the policy period.

**6.** The Limit Of Insurance shown in the Schedule or Declarations for weekly income continuation benefits shall be prorated for any period of "bodily injury" disability less than one week.

**D. Changes In Conditions**

**1.** The **Duties In The Event Of Accident, Claim, Suit Or Loss** Condition in the Business Auto and Motor Carrier Coverage Forms and **Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions** in the Auto Dealers Coverage Form are amended by the addition of the following:

**a.** If an "eligible injured person", "insured person" or the legal representative or survivors of either institutes legal action to recover damages for injury against a person or organization who is or may be liable in tort therefor, he or she must promptly give us a copy of the summons and complaint or other process served in connection with the legal action.

**b.** The "eligible injured person", "insured person" or someone on their behalf must promptly give us written proof of claim including:

**(1)** Full particulars of the nature and extent of the "bodily injury"; and

**(2)** Such other information that will help us determine the amount due and payable.

**c.** The "eligible injured person" or "insured person" must submit to physical examination by physicians when and as often as we reasonably require and a copy of the medical report will be forwarded to such "eligible injured person" or "insured person" if requested.

**d.** In the event of "accident", claim, "suit" or "loss", if the notice, proof of claim or other reasonably obtainable information regarding the accident is received by us more than 30 days after the accident, we may impose an additional medical expense benefits copayment in accordance with New Jersey law or regulation. This copayment shall be in addition to:

**(1)** Any medical expense benefits deductible or copayment; or

**(2)** Any penalty imposed in accordance with our **Decision Point Review Plan.**

**2.** The **Policy Period, Coverage Territory** Condition for **Personal Injury Protection** and **Extended Medical Expense Benefits** is replaced by the following:

This Coverage Part applies only to "accidents" which occur during the policy period:

**a.** Anywhere in the world.

**b.** For pedestrian Personal Injury Protection Coverage, the coverage territory is New Jersey.

**3.** For Extended Medical Expense Benefits, the **Two Or More Coverage Forms Or Policies Issued By Us** Condition does not apply. However, no one will be entitled to receive duplicate payments for the same elements of "loss".

© Insurance Services Office, Inc., 2019

INSURED COPY

**4.** The following **Reimbursement And Trust** Condition is added:

Subject to any applicable limitations set forth in the New Jersey Automobile Reparation Reform Act, if we make any payment to any "eligible injured person" or "insured person" under this coverage and that person recovers from another party, he or she shall hold the proceeds in trust for us and pay us back the amount we have paid. We will have a lien against such payment, and may give notice of the lien to the person or organization causing "bodily injury", his or her agent or insurer or a court having jurisdiction in the matter.

**5.** The following **Payment Of Personal Injury Protection Benefits** Conditions are added:

**a.** Medical expense benefits and essential services benefits may be paid at our option to the "eligible injured person", "insured person" or the person or organization furnishing the products or services for which such benefits are due. These benefits shall not be assignable except to providers of service benefits. Any such assignment is not enforceable unless the provider of service benefits agrees to be subject to the requirements of our **Decision Point Review Plan**. In the event of the death of an "eligible injured person" or "insured person" any amounts payable, but unpaid prior to death, for medical expense benefits are payable to the "eligible injured person's" or "insured person's" estate.

**b.** Benefits payable under Paragraph **A.1.d.(1)** of the description of death benefits are payable to the "eligible injured person's" surviving spouse, or if there is no surviving spouse, to his or her surviving children, or if there is not a surviving spouse or any surviving children, to the "eligible injured person's" estate.

**c.** Benefits payable under Paragraph **A.1.d.(2)** of the description of death benefits are payable to the person who has incurred the expense of providing essential services.

**d.** Funeral expense benefits are payable to the "eligible injured person's" or "insured person's" estate.

**6.** The following **Deletion Of Benefits Other Than Medical Expenses Option** Condition is added:

When the Schedule or the Declarations indicates that the Deletion Of Benefits Other Than Medical Expenses Option applies, we will pay Personal Injury Protection Benefits consisting only of medical expense benefits for the "named insured" and "family members".

**7.** The following **Employee Benefits Reimbursement** Condition is added:

If the "eligible injured person" or "insured person" fails to apply for workers' compensation benefits or employees' temporary disability benefits for which that person is eligible, we may immediately apply to the provider of these benefits for reimbursement of any Personal Injury Protection Benefits that we have paid.

**8.** The following **Proof Of Health Benefits Plan Coverage** Condition is added:

If the "named insured" has elected the Medical Expense Benefits-As-Secondary Option, the "named insured" shall provide proof that the "named insured" and "family members" are insured by health insurance coverage or benefits in a manner and to an extent approved by the New Jersey Department of Banking and Insurance.

**9.** The following **Special Requirements For Medical Expenses** Conditions are added:

**a.** **Care Paths For "Identified Injuries" (Medical Protocols)**

**(1)** The New Jersey Department of Banking and Insurance has established by regulation the standard courses of medically necessary diagnosis and treatment for "identified injuries". These courses of diagnosis and treatments are known as care paths.

The care paths do not apply to treatment administered during "emergency care".

**(2)** Upon notification to us of a "bodily injury" covered under this Policy, we will advise the "insured" of the care path requirements established by the New Jersey Department of Banking and Insurance.

© Insurance Services Office, Inc., 2019

INSURED COPY

**(3)** Where the care paths indicate a decision point, further treatment or the administration of a diagnostic test is subject to our **Decision Point Review Plan.**

A decision point means the juncture in treatment where a determination must be made about the continuation or choice of further treatment of an "identified injury".

**b. Coverage For "Diagnostic Tests"**

**(1)** In addition to the care path requirements for an "identified injury", the administration of any of the following "diagnostic tests" is also subject to the requirements of our **Decision Point Review Plan:**

  **(a)** Brain audio evoked potential (BAEP);

  **(b)** Brain evoked potential (BEP);

  **(c)** Computer assisted tomographic studies (CT, CAT Scan);

  **(d)** Dynatron/cyber station/cybex;

  **(e)** H-reflex Study;

  **(f)** Magnetic resonance imaging (MRI);

  **(g)** Nerve conduction velocity (NCV);

  **(h)** Somasensory evoked potential (SSEP);

  **(i)** Sonogram/ultrasound;

  **(j)** Visual evoked potential (VEP);

  **(k)** Any of the following "diagnostic tests" when not otherwise excluded under Exclusion **j.:**

   **(i)** Brain mapping;

   **(ii)** Doppler ultrasound;

   **(iii)** Electroencephalogram (EEG);

   **(iv)** Needle electromyography (needle EMG);

   **(v)** Sonography;

   **(vi)** Thermography/thermograms;

   **(vii)** Videofluoroscopy; or

  **(l)** Any other "diagnostic test" that is subject to the requirements of our **Decision Point Review Plan** by New Jersey law or regulation.

**(2)** The "diagnostic tests" listed under Paragraph **(1)** must be administered in accordance with New Jersey Department of Banking and Insurance regulations, which set forth the requirements for the use of "diagnostic tests" in evaluating injuries sustained in "auto" "accidents".

However, those requirements do not apply to "diagnostic tests" administered during "emergency care".

**(3)** We will pay for other "diagnostic tests" that are:

  **(a)** Not subject to our **Decision Point Review Plan;** and

  **(b)** Not specifically excluded under Exclusion **j.;** only if administered in accordance with the criteria for medical expenses as provided in this endorsement.

**c. Decision Point Review Plan**

**(1)** Coverage for certain medical expenses under this endorsement is subject to our **Decision Point Review Plan,** which provides appropriate notice and procedural requirements that must be adhered to in accordance with New Jersey law or regulation. We will provide a copy of this plan upon request, or in the event of any claim for medical expenses under this coverage.

**(2)** Our **Decision Point Review Plan** includes the following minimum requirements as prescribed by New Jersey law or regulation:

  **(a)** The requirements of the **Decision Point Review Plan** only apply after the tenth day following the "accident".

  **(b)** We must be provided prior notice as indicated in our plan, with appropriate "clinically supported" findings, that additional treatment for an "identified injury", the administration of a "diagnostic test" listed under Paragraph **(1)** or the use of durable medical equipment is required.

The notice and "clinically supported" findings may include a comprehensive treatment plan for additional treatment.

© Insurance Services Office, Inc., 2019

CA 22 30 01 20

INSURED COPY

**(3)** Once we receive such notice with the appropriate "clinically supported" findings, we will, in accordance with our plan:

   **(a)** Promptly review the notice and supporting materials; and

   **(b)** If required as part of our review, request any additional medical records or schedule a physical examination.

**(4)** We will then determine and notify the "eligible injured person" or the "insured person" whether we will provide coverage for the additional treatment, "diagnostic test" or use of durable medical equipment as indicated in our plan and within the applicable three business day requirements specified in New Jersey Department of Banking and Insurance regulations.

Any determination we make will be based on the determination of a physician. If the physician prepares a written report concerning the examination we have required, such report will be made available to the "eligible injured person" upon request.

**(5)** Any physical examination of an "eligible injured person" or "insured person" scheduled by us will be conducted in accordance with our plan.

**(6)** We may deny reimbursement of further treatment, testing or use of durable medical equipment for repeated unexcused failure of an "eligible injured person" or "insured person" to appear for a physical scheduled examination required by us in accordance with our plan.

**(7)** A penalty will be imposed in accordance with our plan if:

   **(a)** We do not receive proper notice and "clinically supported" findings; or

   **(b)** Any "eligible injured person" or "insured person" fails to use a network in accordance with N.J.A.C. 11:3-4.8.

   **(c)** We do not receive proper notice for treatment, "diagnostic tests" or durable medical equipment in accordance with the requirements of our **Decision Point Review Plan.**

However, no penalty will be imposed where the proper notice or findings were received by us and we thereafter failed to act in accordance with our plan to request further information, modify or deny reimbursement of further treatment, "diagnostic tests" or the use of durable medical equipment with respect to that notice or those findings.

**d. Dispute Resolution**

If we and any person seeking Personal Injury Protection Coverage do not agree as to the recovery of Personal Injury Protection Coverage under this endorsement, then the matter may be submitted to dispute resolution, on the initiative of any party to the dispute, in accordance with N.J.A.C. 11:3-5.6.

However, prior to submitting such matter to dispute resolution, providers who are assigned service benefits by an "eligible injured person" or "insured person", or have a power of attorney from such person, shall be subject to our internal appeals process in accordance with New Jersey law or regulation. Any request for dispute resolution may include a request for review by a medical review organization.

**10.** The following condition is added for **Personal Injury Protection** and **Pedestrian Personal Injury Protection:**

**Coordination And Nonduplication**

**a.** Regardless of the number of "autos" insured for basic personal injury protection coverage pursuant to Section 4 of the New Jersey Automobile Reparation Reform Act or the number of insurers or policies providing such coverage, there shall be no duplication of payment of basic Personal Injury Protection Benefits and the aggregate maximum amount payable under this and all applicable policies with respect to "bodily injury" to any one person as the result of any one "accident" shall not exceed the applicable amounts or limits specified in Section 4 of said Act.

© Insurance Services Office, Inc., 2019

INSURED COPY

**b.** If an "eligible injured person" under this coverage is also an "eligible injured person" under other complying policies, the insurer paying benefits to such person shall be entitled to recover from each of the other insurers an equitable pro rata share of the benefits paid. The pro rata share is the proportion that the insurer's liability bears to the total of all applicable limits. Complying Policy means a policy of automobile liability insurance maintained pursuant to the requirements of Section 3 of the New Jersey Automobile Reparation Reform Act and providing basic Personal Injury Protection Coverage as approved by the Commissioner of Insurance.

**11.** The following condition is added for **Personal Injury Protection** and **Extended Medical Expense Benefits:**

**Medical Payments Deletion**

In consideration of the coverage provided for Personal Injury Protection and Extended Medical Expense Benefits in Paragraphs **A.1.** and **A.2.** of this endorsement, and the adjustment of applicable rates because of "bodily injury" to an "eligible injured person", any auto medical payments coverage provided under the Coverage Part is deleted with respect to an "auto" which is a covered "auto".

**E. Definitions**

The **Definitions** section is amended as follows:

**1.** The definition of "bodily injury" is replaced by the following:

"Bodily injury" means bodily harm, sickness or disease, including an "identified injury" or death that results.

**2.** The following definitions are added for **Personal Injury Protection, Extended Medical Expense Benefits** and **Pedestrian Personal Injury Protection:**

    **a.** "Actual benefits" means those benefits determined to be payable for "allowable expenses".

    **b.** "Allowable expense" means a medically necessary, reasonable and customary item of expense covered as benefits by the "named insured's" or "family member's" health benefits plan or Personal Injury Protection Benefits as an "eligible expense", at least in part. When benefits provided are in the form of services, the reasonable monetary value of each such service shall be considered as both an "allowable expense" and a paid benefit.

    **c.** "Clinically supported" means that a "health care provider", prior to selecting, performing or ordering the administration of a treatment or "diagnostic test", has:

        **(1)** Physically examined the "eligible injured person" or "insured person" to ensure that the proper medical indications exist to justify ordering the treatment or test;

        **(2)** Made an assessment of any current and/or historical subjective complaints, observations, objective findings, neurologic indications, and physical tests;

        **(3)** Considered any and all previously performed tests that relate to the injury and the results and which are relevant to the proposed treatment or test; and

        **(4)** Recorded and documented these observations, positive and negative findings and conclusions on the "insured's" medical records.

    **d.** "Diagnostic test(s)" means a medical service or procedure utilizing any means other than bioanalysis, intended to assist in establishing a:

        **(1)** Medical;

        **(2)** Dental;

        **(3)** Physical therapy;

        **(4)** Chiropractic; or

        **(5)** Psychological diagnosis;

    for the purpose of recommending or developing a course of treatment for the tested patient to be implemented by the treating practitioner or by the consultant.

    **e.** "Eligible expense" means:

        **(1)** In the case of health benefits plans, that portion of the medical expenses incurred for the treatment of "bodily injury" which is covered under the terms and conditions of the plan, without application of the deductible(s) and copayment(s), if any.

        **(2)** In the case of Personal Injury Protection Benefits, that portion of the medical expenses incurred for the treatment of "bodily injury" which, without considering any deductible and copayment, shall not exceed:

            **(a)** The percent or dollar amounts specified on the medical fee schedules, or the actual billed expense, whichever is less; or

 © Insurance Services Office, Inc., 2019

INSURED COPY

(b) The reasonable amount, as determined by us, considering the medical fee schedules for similar services or equipment in the region where the service or equipment was provided, when an incurred medical expense is not included on the medical fee schedules.

f. "Emergency care" means all treatment of a "bodily injury" which manifests itself by acute symptoms of sufficient severity such that absence of immediate attention could reasonably be expected to result in death, serious impairment to bodily functions or serious dysfunction to a bodily organ or part. Such emergency care shall include all medically necessary care immediately following an "accident", including but not limited to, immediate prehospitalization care, transportation to a hospital or trauma center, emergency room care, surgery, critical and acute care. Emergency care extends during the period of initial hospitalization until the patient is discharged from acute care by the attending physician. Emergency care shall be presumed when medical care is initiated at a hospital within 120 hours of the "accident".

g. "Family member" means a person related to the "named insured" by blood, marriage or adoption (including a ward or foster child) who is a resident of the same household as the "named insured".

h. "Health care provider" means those persons licensed or certified to perform health care treatment or services compensable as medical expenses and shall include, but not be limited to:

(1) Hospital or health care facilities that are maintained by a state or any of its political subdivisions or licensed by the Department of Health and Senior Services;

(2) Other hospitals or health care facilities designated by the Department of Health and Senior Services to provide health care services, or other facilities, including facilities for radiology and diagnostic testing, free-standing emergency clinics or offices, and private treatment centers;

(3) A nonprofit voluntary visiting nurse organization providing health care services other than in a hospital;

(4) Hospitals or other health care facilities or treatment centers located in other states or nations;

(5) Physicians licensed to practice medicine and surgery;

(6) Licensed chiropractors, dentists, optometrists, pharmacists, chiropodists (podiatrists), psychologists, physical therapists, health maintenance organizations, orthotists and prosthetists, professional nurses, occupational therapists, speech language pathologists, audiologists, physician assistants, physical therapy assistants and occupational therapy assistants;

(7) Registered bioanalytical laboratories;

(8) Certified nurse-midwives and nurse practitioners/clinical nurse-specialists; or

(9) Providers of other health care services or supplies including durable medical goods.

i. "Identified injury" means the following "bodily injuries" for which the New Jersey Department of Banking and Insurance has established standard courses of medically necessary diagnosis and treatment:

(1) Cervical Spine: Soft Tissue Injury;

(2) Cervical Spine: Herniated Disc/Radiculopathy;

(3) Thoracic Spine: Soft Tissue Injury;

(4) Thoracic Spine: Herniated Disc/Radiculopathy;

(5) Lumbar-Sacral Spine: Soft Tissue Injury;

(6) Lumbar-Sacral Spine: Herniated Disc/Radiculopathy; and

(7) Any other "bodily injury" for which the New Jersey Department of Banking and Insurance has established standard courses of appropriate diagnosis and treatment.

j. "Income" means salary, wages, tips, commissions, fees and other earnings derived from work or employment.

k. "Income producer" means a person who, at the time of the "accident", was in an occupational status, earning or producing income.

© Insurance Services Office, Inc., 2019

INSURED COPY

l. "Named insured" means the person or organization named in Item **1** of the Declarations and, if an individual, includes his or her spouse if the spouse is a resident of the household of the "named insured", except that if the spouse ceases to be a resident of the same household, the spouse shall be a "named insured" for the full term of the Policy in effect at the time of cessation of residency. If the covered "auto" is owned by a farm family copartnership or corporation, the term "named insured" also includes the head of the household of each family designated in the Policy as having a working interest in the farm.

m. "Occupying" means in, upon, getting in, on, out or off.

n. "Pedestrian" means any person who is not occupying, using, entering into, or alighting from a vehicle propelled by other than muscular power and designed primarily for use on highways, rails and tracks.

o. "Private passenger auto" means a self-propelled vehicle designed for use principally on public roads and which is one of the following types:

   **(1)** A private passenger or station wagon type auto;

   **(2)** A van, a pickup or panel truck or delivery sedan; or

   **(3)** A utility auto designed for personal use as a camper or motor home or for family recreational purposes.

   A "private passenger auto" does not include:

   **(a)** A motorcycle;

   **(b)** An auto used as a public or livery conveyance for passengers including, but not limited to, any period of time an auto is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the auto.

This Paragraph **(b)** does not apply to an auto being used during any period of time a person is logged into a "transportation network platform" as a driver, a "transportation network company rider" is not "occupying" the auto and that driver has not accepted a request through the "transportation network platform" to transport a passenger.

   **(c)** A pickup or panel truck, delivery sedan or utility auto customarily used in the occupation, profession or business of an "insured" other than farming or ranching; or

   **(d)** A utility auto customarily used for the transportation of passengers other than members of the user's family or their guests.

p. "Transportation network company rider" means a passenger who uses a "transportation network platform" to connect with a driver for the purpose of receiving prearranged transportation services.

q. "Transportation network platform" means an online-enabled application or digital network used to connect passengers with drivers using vehicles for the purpose of providing prearranged transportation services for compensation.

**3.** The following definition is added to the **Definitions** section for **Personal Injury Protection:**

"Eligible injured person" means:

a. The "named insured" and, if the "named insured" is an individual, any "family member", if the "named insured" or the "family member" sustains "bodily injury":

   **(1)** As a result of any "accident" while occupying, using, entering into or alighting from a "private passenger auto"; or

   **(2)** While a "pedestrian", caused by a "private passenger auto" or by an object propelled by or from a "private passenger auto".

© Insurance Services Office, Inc., 2019

CA 22 30 01 20

INSURED COPY

**b.** Any other person who sustains "bodily injury":

  **(1)** While, with your permission, that person is occupying, using, entering into or alighting from the covered "auto"; or

  **(2)** While a "pedestrian", caused by the covered "auto" or as a result of being struck by an object propelled by or from the covered "auto".

**4.** The following is added to the **Definitions** section for **Extended Medical Expense Benefits:**

  **a.** "Highway vehicle" means a land motor vehicle or trailer other than:

   **(1)** A "private passenger auto";

   **(2)** A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads;

   **(3)** A vehicle operated on rails or crawler treads; or

   **(4)** A vehicle while located for use as a residence or premises.

  **b.** "Insured person" means:

   **(1)** The "named insured" and, if the "named insured" is an individual, any "family member" of the "named insured", if the "named insured" or "family member" sustains "bodily injury":

    **(a)** While occupying, using, entering into or alighting from a "highway vehicle"; or

    **(b)** While a "pedestrian", caused by a "highway vehicle".

   **(2)** Any other person who sustains "bodily injury" while occupying a "highway vehicle" (other than a motorcycle or a vehicle while being used as a public or livery conveyance including, but not limited to, any period of time a vehicle is being used by any person who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the vehicle) if such "highway vehicle" is being operated by the "named insured" and, if the "named insured" is an individual, a "family member", or any other person using such "highway vehicle" with the permission of the "named insured"; or

   **(3)** Any other person who sustains "bodily injury" occupying a covered "auto" if the covered "auto" is being operated by the "named insured" and, if the "named insured" is an individual, a "family member", or any other person using the covered "auto" with the permission of the "named insured".

**5.** The following is added to the **Definitions** section for **Pedestrian Personal Injury Protection:**

  **a.** "Eligible injured person" means:

   A person who sustains "bodily injury" while a "pedestrian", caused by an "insured motor vehicle" or as a result of being struck by an object propelled by or from the "insured motor vehicle".

  **b.** "Insured motor vehicle" means a self-propelled motor vehicle designed for use principally on public roads, which is not a "private passenger auto" and to which the liability coverage of this Coverage Form applies.

   © Insurance Services Office, Inc., 2019

INSURED COPY

COMMERCIAL AUTO
CA 05 10 11 20

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW JERSEY PUBLIC OR LIVERY PASSENGER CONVEYANCE, TRANSPORTATION NETWORK AND ON-DEMAND DELIVERY SERVICES EXCLUSION

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Covered Autos Liability Coverage**

The following exclusion is added:

**Public Or Livery Passenger Conveyance And On-demand Delivery Services**

This insurance does not apply to any covered "auto" while being used:

1. As a public or livery conveyance for passengers. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the covered "auto"; or

2. By an "insured" who is logged into a "transportation network platform" or "delivery network platform" as a driver to provide "delivery services", whether or not the goods, items or products to be delivered are in the covered "auto".

However, this exclusion does not apply to business activities performed by an "insured" that are directly related to the Named Insured(s) listed in the Declarations.

**B. Changes In Physical Damage Coverage**

The following exclusion is added:

We will not pay for "loss" to any covered "autos" while being used:

1. As a public or livery conveyance for passengers. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the covered "auto"; or

2. By an "insured" who is logged into a "transportation network platform" or "delivery network platform" as a driver to provide "delivery services", whether or not the goods, items or products to be delivered are in the covered "auto".

However, this exclusion does not apply to business activities performed by an "insured" that are directly related to the Named Insured(s) listed in the Declarations.

**C. Changes In Auto Medical Payments**

If Auto Medical Payments Coverage is attached, then the following exclusion is added:

**Public Or Livery Passenger Conveyance And On-demand Delivery Services**

This insurance does not apply to:

"Bodily injury" sustained by an "insured" "occupying" a covered "auto" while it is being used:

1. As a public or livery conveyance for passengers. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the covered "auto"; or

2. By an "insured" who is logged into a "transportation network platform" or "delivery network platform" as a driver to provide "delivery services", whether or not the goods, items or products to be delivered are in the covered "auto".

© Insurance Services Office, Inc., 2019

INSURED COPY

However, this exclusion does not apply to business activities performed by an "insured" that are directly related to the Named Insured(s) listed in the Declarations.

**D. Changes In Uninsured And Underinsured Motorists Coverage**

If Uninsured And Underinsured Motorists Coverage is attached, then the following exclusion is added:

**Public Or Livery Passenger Conveyance And On-demand Delivery Services**

This insurance does not apply to any covered "auto" while being used:

**1.** As a public or livery conveyance for passengers. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the covered "auto"; or

**2.** By an "insured" who is logged into a "transportation network platform" or "delivery network platform" as a driver to provide "delivery services", whether or not the goods, items or products to be delivered are in the covered "auto".

However, this exclusion does not apply to business activities performed by an "insured" that are directly related to the Named Insured(s) listed in the Declarations.

**E. Changes In Personal Injury Protection Coverage**

If Personal Injury Protection Coverage is attached, then the following exclusion is added:

**Transportation Network And On-demand Delivery Services**

This insurance does not apply to any "private passenger auto" while being used:

**1.** During any period of time, by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the "private passenger auto"; or

**2.** By an "insured" who is logged into a "transportation network platform" or "delivery network platform" as a driver to provide "delivery services", whether or not the goods, items or products to be delivered are in the "private passenger auto".

**F. Additional Definitions**

As used in this endorsement:

**1.** "Delivery network platform" means an online-enabled application or digital network, used to connect customers:

**a.** With drivers; or

**b.** With local vendors using drivers;

for the purpose of providing prearranged "delivery services" for compensation. A "delivery network platform" does not include a "transportation network platform".

**2.** "Delivery services" includes courier services.

**3.** "Occupying" means in, upon, getting in, on, out or off.

**4.** "Transportation network platform" means an online-enabled application or digital network used to connect passengers with drivers using vehicles for the purpose of providing prearranged transportation services for compensation.

   © Insurance Services Office, Inc., 2019   CA 05 10 11 20

INSURED COPY

# 2020 COMMERCIAL AUTO
# MULTISTATE FORM REVISIONS
# ADVISORY NOTICE TO POLICYHOLDERS

This Notice does not form part of your policy. No coverage is provided by this Notice nor can it be construed to replace any provision of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided. If there is any conflict between the Policy and this Notice, **THE PROVISIONS OF THE POLICY SHALL PREVAIL.**

Carefully read your policy, including the endorsements attached to your policy.

This Notice provides information concerning the following forms and endorsements which apply to your renewal policy being issued by us. The forms and endorsements may reduce, broaden or reinforce coverage. This Notice does not reference every change, including editorial changes, made in your policy.

## Broadenings Of Coverage

**COVERAGE FORMS**

### CA 00 01 – Business Auto Coverage Form

### CA 00 20 – Motor Carrier Coverage Form

### CA 00 25 – Auto Dealers Coverage Form

These Coverage Forms have generally been revised to:

- Provide that a maximum Physical Damage Comprehensive or Specified Causes Of Loss Coverage deductible applies to all loss in any one event caused by either the perils of theft, mischief or vandalism, or all perils. With respect to the Auto Dealers Coverage Form, this revision is newly added for autos not held for sale.

- Increase the amount for Loss Of Use expenses under Physical Damage Coverage from $20 per day/$600 maximum to $30 per day/$900 maximum.

### CA 00 01 – Business Auto Coverage Form

### CA 00 25 – Auto Dealers Coverage Form

Paragraph **B.3.** under Section I is introduced to generally provide that certain autos leased or rented for a continuous period of six months or more will be considered owned autos under the Policy. With this change, Paragraph **B.** has been newly titled "Owned Autos".

### CA 00 01 – Business Auto Coverage Form

### CA 00 20 – Motor Carrier Coverage Form

These Coverage Forms have generally been revised to:

- Extend coverage for towing and labor costs under Physical Damage Coverage to include light or medium trucks.

- Provide updated Physical Damage Comprehensive or Specified Causes Of Loss Coverage deductible options applicable to either the perils of theft, mischief or vandalism, or all perils.

- Increase the amount for Transportation expenses under Physical Damage Coverage from $20 per day/$600 maximum to $30 per day/$900 maximum.

© Insurance Services Office, Inc., 2020

INSURED COPY

**ENDORSEMENTS**

### CA 04 22 – Earlier Notice Of Cancellation Provided By Us

This endorsement generally accommodates an earlier notice of cancellation than would otherwise be given if this endorsement was not attached, for any statutorily permitted reason, other than non-payment of premium.

### CA 04 39 – Volunteer Hired Autos

This endorsement generally extends Covered Autos Liability Coverage to volunteers who rent or hire an auto, in a volunteer's name, under a contract or agreement for the purposes of performing duties related to the conduct of your business. Physical Damage Coverage is also provided for such autos.

### CA 04 43 – Waiver Of Transfer Of Rights Of Recovery Against Others To Us (Waiver Of Subrogation) – Automatic When Required By Written Contract Or Agreement

This endorsement automatically waives the insurer's right of recovery on a blanket basis to the extent the insured has waived its right of recovery in a written contract or agreement.

### CA 05 24 – Non-Ownership Liability Coverage For Volunteers

### CA 05 25 – Partners Or Members As Insureds

These endorsements generally extend your non-ownership covered autos liability coverage to volunteers (**CA 05 24**) and partners or members (**CA 05 25**) under certain conditions specified in the applicable endorsement.

### CA 04 21 – Full Safety Glass Coverage

This endorsement generally provides that if Comprehensive Physical Damage Coverage is purchased, no Comprehensive Coverage deductible applies to the cost of repairing or replacing damaged safety glass on the covered autos indicated in the endorsement Schedule.

### CA 04 15 – Garagekeepers Coverage For Autos And Watercrafts

This endorsement generally provides Garagekeepers Coverage for physical damage to, or loss of, customers' watercraft in your possession.

### CA 04 41 – Replacement Cost Coverage – Private Passenger Types

The endorsement provides a replacement cost Physical Damage Coverage option for private passenger type autos, which provides that in the event of a total loss to a specific insured auto, the insurer will pay the replacement cost of that auto subject to certain conditions and in accordance with any applicable legal or regulatory authority.

### CA 04 52 – On-Hook Coverage

This endorsement generally provides coverage for loss to a customer's auto or customer's auto equipment left in your care as part of your towing operations.

### CA 20 15 – Mobile Equipment

### CA 20 33 – Autos Leased, Hired, Rented Or Borrowed With Drivers – Physical Damage Coverage

### CA 99 28 – Stated Amount Insurance

These endorsements have been revised to generally provide that:

- Any Comprehensive or Specified Causes Of Loss Coverage deductible applies to either the perils of theft, mischief or vandalism, or all perils; and
- A maximum Comprehensive or Specified Causes Of Loss Coverage deductible may apply to all loss in any one event caused by either the perils of theft, mischief or vandalism, or all perils.

### CA 20 16 – Mobile Homes Contents Coverage

This endorsement has been revised to provide a theft coverage option.

### CA 27 17 – Designated Location(s) Products And Work You Performed Aggregate Limit For Certain General Liability Coverages

With respect to Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement provides a separate Designated Location Products And Work You Performed Aggregate Limit, which applies to each location designated in the Schedule of the endorsement.

          © Insurance Services Office, Inc., 2020          CA P 012 12 20

INSURED COPY

**CA 27 18 – Automatic Insured Status For Newly Acquired Or Formed Limited Liability Companies – Other Than Covered Auto Coverages**

With respect to specified other than covered autos coverages, where applicable, this endorsement generally includes a limited liability company you newly acquire or form, and over which you maintain ownership or majority interest as an insured, if there is no other similar insurance available to that limited liability company.

## Reductions Of Coverage

**COVERAGE FORM**

**CA 00 25 – Auto Dealers Coverage Form**

An **Access Or Disclosure Of Confidential Or Personal Information** exclusion has been added under Paragraphs **A. Bodily Injury And Property Damage Liability** and **B. Personal And Advertising Injury Liability** under **Section II – General Liability Coverages** and under **Section III – Acts, Errors Or Omissions Liability Coverages.**

These exclusions generally preclude coverage for damages arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

**ENDORSEMENTS**

**CA 20 47 – Additional Insured – General Liability Coverages – Lessor Of Leased Equipment**

**CA 25 09 – Additional Insured – General Liability Coverages – Owners Of Leased Land Or Premises**

**CA 25 45 – Additional Insured – General Liability Coverages – Lessor Of Leased Equipment – Automatic**

**Status When Required In Lease Agreement With You**

With respect to Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, these endorsements have been revised to delete "arising out of" and add specific language that provides an additional insured with coverage for their vicarious or contributory negligence only. These endorsements may reduce coverage for those jurisdictions in which:

- Named insureds are permitted to contractually hold harmless an additional insured for that additional insured's sole negligence; and
- Courts have enabled coverage for the sole negligence of the additional insured.

**CA 20 71 – Auto Loan/Lease Gap Coverage**

This endorsement has been revised to provide that any deferred lease or loan payments at the time of a loss will also be subtracted from any unpaid amount due on a lease or loan for covered auto.

**CA 27 05 – Unmanned Aircraft Exclusion For General Liability Coverages**

With respect to Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage with respect to damages under:

- Paragraph **A.** Bodily Injury And Property Damage Liability, arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft. This endorsement will result in a reduction in coverage under Paragraph **A.** Bodily Injury And Property Damage Liability to the extent that:
  - An exposure exists with respect to unmanned aircraft that are **not** owned or operated by or rented or loaned to any insured; or
  - Liability is assumed under any insured contract for the ownership, maintenance or use of unmanned aircraft.

© Insurance Services Office, Inc., 2020

INSURED COPY

- Paragraph **B.** Personal And Advertising Injury Liability, arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with certain exceptions. This endorsement will result in a reduction in coverage under Paragraph **B.** Personal And Advertising Injury Liability to the extent that an exposure exists with respect to unmanned aircraft. However, this endorsement would **not** result in a reduction of coverage with respect to the use of another's advertising idea in your advertisement or to infringing upon another's copyright, trade dress or slogan in your advertisement.

### CA 27 06 – Unmanned Aircraft Exclusion For General Liability Coverages – (Bodily Injury And Property Damage Liability Only)

With respect to Paragraph **A.** Bodily Injury and Property Damage Liability under Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage for bodily injury and property damage arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft. This endorsement will result in a reduction in coverage under Paragraph **A.** Bodily Injury And Property Damage Liability to the extent that:

- An exposure exists with respect to unmanned aircraft that are **not** owned or operated by or rented or loaned to any insured; or
- Liability is assumed under any insured contract for the ownership, maintenance or use of unmanned aircraft.

### CA 27 07 – Unmanned Aircraft Exclusion For General Liability Coverages – (Personal And Advertising Injury Liability Only)

With respect to Paragraph **B.** Personal And Advertising Injury Liability, under Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage for personal and advertising injury arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with certain exceptions. This endorsement will result in a reduction in coverage under Paragraph **B.** Personal And Advertising Injury Liability to the extent that an exposure exists with respect to unmanned aircraft. However, the attachment of this endorsement would **not** result in a reduction of coverage with respect to the use of another's advertising idea in your advertisement or to infringing upon another's copyright, trade dress or slogan in your advertisement.

### CA 27 15 – Amendment Of Personal And Advertising Injury Definition – General Liability Coverages Endorsement

This endorsement removes from the definition of "personal and advertising injury", the offense of oral and written publication, in any manner, of material that violates a person's right of privacy.

### CA 27 16 – Exclusion – Cross Suits Liability For General Liability Coverages Endorsement

With respect to Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage for any claim or suit for damages that are brought by any Named Insured against another Named Insured. To the extent that an exposure exists with respect to cross suits being brought between Named Insureds, this endorsement will result in a reduction in bodily injury, property damage or personal and advertising injury coverage with respect to such exposure related to cross suits liability.

## Broadenings And Reductions Of Coverage

### ENDORSEMENTS

#### CA 27 08 – Limited General Liability Coverage For Designated Unmanned Aircraft

With respect to Paragraph **A.** Bodily Injury And Property Damage Liability under Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage with respect to bodily injury and property damage arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with the exception of unmanned aircraft that are designated in the Schedule of the endorsement, but only related to operations or projects that are also designated in the Schedule.

This endorsement will result in a broadening of coverage under Paragraph **A.** Bodily Injury And Property Damage Liability with respect to designated unmanned aircraft that are owned or operated by or rented or loaned to any insured, but only with respect to designated operations or projects.

However, this endorsement will result in a reduction in coverage under Paragraph **A.** to the extent that:

INSURED COPY

- An exposure exists with respect to unmanned aircraft that are **not** owned or operated by or rented or loaned to any insured; or
- Liability is assumed under any insured contract for the ownership, maintenance or use of unmanned aircraft;

with respect to unmanned aircraft that are:

- **Not** designated in the Schedule of the endorsement; or
- Designated in the Schedule of the endorsement, with respect to operations or projects that are not designated in the Schedule of the endorsement.

In addition, this endorsement excludes coverage with respect to Paragraph **B.** Personal And Advertising Injury Liability arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with certain exceptions. This endorsement will result in a reduction in coverage under Paragraph **B.**, to the extent that an exposure exists with respect to unmanned aircraft, but only if such unmanned aircraft are:

- **Not** designated in the Schedule of the endorsement; or
- Designated in the Schedule of the endorsement, with respect to operations or projects that are not designated in the Schedule of the endorsement.

However, this endorsement would **not** result in a reduction of coverage with respect to the use of another's advertising idea in your advertisement or to infringing upon another's copyright, trade dress or slogan in your advertisement.

This endorsement contains an optional Unmanned Aircraft Liability Aggregate Limit. If a limit is shown in the Schedule, any coverage provided under the endorsement is subject to that aggregate limit. The Unmanned Aircraft Liability Aggregate Limit will be subject to the General Liability Aggregate Limit or the Products And Work You Performed Aggregate Limit, whichever applies. All other limits continue to apply if and to the extent that the Unmanned Aircraft Liability Aggregate Limit has not been used up.

### CA 27 09 – Limited General Liability Coverage For Designated Unmanned Aircraft (Bodily Injury And Property Damage Liability Only)

With respect to Paragraph **A.** Bodily Injury And Property Damage Liability under Section **II – General Liability** Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage for bodily injury and property damage arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with the exception of unmanned aircraft that are designated in the Schedule of the endorsement, but only related to operations or projects that are also designated in the Schedule.

This endorsement will result in a broadening of coverage under Paragraph **A.** Bodily Injury And Property Damage Liability with respect to designated unmanned aircraft that are owned or operated by or rented or loaned to any insured, but only with respect to designated operations or projects.

However, this endorsement will result in a reduction in coverage under Paragraph **A.** to the extent that:

- An exposure exists with respect to unmanned aircraft that are **not** owned or operated by or rented or loaned to any insured; or
- Liability is assumed under any insured contract for the ownership, maintenance or use of unmanned aircraft;

with respect to unmanned aircraft that are:

- **Not** designated in the Schedule of the endorsement; or
- Designated in the Schedule of the endorsement, with respect to operations or projects that are **not** designated in the Schedule of the endorsement.

This endorsement contains an optional Bodily Injury And Property Damage Unmanned Aircraft Liability Aggregate Limit. If a limit is shown in the Schedule, any coverage provided under the endorsement is subject to that aggregate limit. The Bodily Injury And Property Damage Unmanned Aircraft Liability Aggregate Limit will be subject to the General Liability Aggregate Limit or the Products And Work You Performed Aggregate Limit, whichever applies. All other limits continue to apply if and to the extent that the Bodily Injury And Property Damage Unmanned Aircraft Liability Aggregate Limit has not been used up.

INSURED COPY

**CA 27 10 – Limited Coverage For Designated Unmanned Aircraft (Personal And Advertising Injury Only)**

With respect to Paragraph **B.** Personal And Advertising Injury Liability under Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, this endorsement excludes coverage for personal and advertising injury arising out of the ownership, maintenance, use or entrustment to others of any unmanned aircraft, with certain exceptions. This endorsement will result in a reduction in coverage under Paragraph **B.,** to the extent that an exposure exists with respect to unmanned aircraft, but only if such unmanned aircraft are:

- **Not** designated in the Schedule of the endorsement; or
- Designated in the Schedule of the endorsement, with respect to operations or projects that are **not** designated in the Schedule of the endorsement.

However, this endorsement would **not** result in a reduction of coverage with respect to the use of another's advertising idea in your advertisement or to infringing upon another's copyright, trade dress or slogan in your advertisement.

This endorsement contains an optional Personal And Advertising Injury Unmanned Aircraft Liability Aggregate Limit. If a limit is shown in the Schedule, any coverage provided under the endorsement is subject to that aggregate limit. The Personal And Advertising Injury Unmanned Aircraft Liability Aggregate Limit will be subject to the General Aggregate Limit. The Personal And Advertising Injury Limit continues to apply if and to the extent that the Personal And Advertising Injury Unmanned Aircraft Liability Aggregate Limit has not been used up.

## Other Changes

**COVERAGE FORMS**

### CA 00 01 – Business Auto Coverage Form

### CA 00 20 – Motor Carriers Coverage Form

### CA 00 25 – Auto Dealers Coverage Form

The Certain Trailers, Mobile Equipment and Temporary Substitute Autos provision under Covered Autos Liability Coverage, which affords "automatic" liability coverage for trailers with a load capacity of 2,000 pounds or less has been updated with a relatively equivalent provision addressing trailers with a registered Gross Vehicle Weight Rating of 3,000 pounds or less, to generally correspond with the types of trailers that currently qualify for such automatic trailer liability coverage in the insurance market.

An unmanned aircraft exclusion has been added to Covered Autos Liability Coverage to reinforce that aircraft exposures are not contemplated under auto liability insurance.

The worldwide coverage provision under the Policy Period, Coverage Territory Condition has been reinforced to generally provide that coverage applies anywhere **else** in the world, since the coverage territory of the United States of America, its' territories and possessions, Puerto Rico and Canada are already addressed in an earlier provision in this condition.

### CA 00 25 – Auto Dealers Coverage Form

The insuring agreement under Paragraph **A.1.a.** of Bodily Injury And Property Damage Liability under Section **II** – General Liability Coverages has been reinforced to address certain auto-related products or work you performed exposures resulting from your auto dealer operations.

The exclusions for Material Published With Knowledge Of Falsity and Material Published Prior To Policy Period under Paragraph **B.** Personal And Advertising Injury Liability are being reinforced to reference publications "in any manner" to address internet and electronic publications.

### CA 26 01 – Single Interest Automobile Physical Damage Insurance Policy (Individual Policy Form)

### CA 26 02 – Single Interest Automobile Physical Damage Insurance Policy (Finance Master Policy Form)

These forms have been revised to generally reinforce that the public or livery passenger conveyance and on-demand delivery services exclusions do not apply to business activities performed by an insured that are directly related to the Named Insured(s) listed in the Declarations.

   © Insurance Services Office, Inc., 2020   CA P 012 12 20

INSURED COPY

**ENDORSEMENTS**

**CA 04 43 – Waiver Of Transfer Of Rights Of Recovery Against Others To Us (Waiver Of Subrogation) – Automatic When Required By Written Contract Or Agreement**

This new endorsement will automatically waive the insurer's right of recovery on a blanket basis to the extent the insured has waived its right of recovery in a written contract or agreement.

**CA 20 01 – Lessor – Additional Insured And Loss Payee**

**CA 99 14 – Fire, Fire And Theft, Fire, Theft And Windstorm And Limited Specified Causes Of Loss Coverages**

**CA 20 15 – Mobile Equipment**

Physical Damage Coverage limit references in these endorsements have been removed, since the applicable limits are already addressed under the applicable Coverage Form's Physical Damage Coverage Limit Of Insurance provision.

**CA 20 06 – Driving Schools – Non-Owned Autos**

The columns for "Number Of Owned Autos Used For Driver Training" and "Number Of Driving Instructors" have been removed, in our ongoing effort to remove non-essential rating information from our forms.

**CA 20 19 – Repossessed Autos**

Paragraph **E.** is introduced to reinforce the deductible options addressed in the Schedule of this endorsement.

**CA 20 33 – Autos, Leased, Hired Rented Or Borrowed With Drivers – Physical Damage Coverage**

Paragraphs **C.1.** and **C.2.** have been introduced to generally reinforce that this endorsement provides stated amount coverage, consistent with the way the limits of insurance are displayed in the endorsement.

**CA 20 47 – Additional Insured – General Liability Coverages – Lessor Of Leased Equipment**

**CA 20 49 – Additional Insured – General Liability Coverages – Grantor Of Franchise**

**CA 25 09 – Additional Insured – General Liability Coverages – Owners Of Leased Or Rented Land Or Premises**

**CA 25 29 – Additional Insured – General Liability Coverages – Concessionaires Trading Under Your Name**

**CA 25 30 – Additional Insured – General Liability Coverages – Controlling Interest**

**CA 25 31 – Additional Insured – General Liability Coverages – Grantor Of Licenses – Automatic Status When Required By Licensor**

**CA 25 32 – Additional Insured – General Liability Coverages – Grantor Of Licenses**

**CA 25 45 – Additional Insured – General Liability Coverages – Lessor Of Leased Equipment – Automatic Status When Required In Lease Agreement With You**

**CA 25 46 – Additional Insured – General Liability Coverages – Co-Owner Of Insured Premises**

With respect to Section **II** – General Liability Coverages of the Auto Dealers Coverage Form, these additional insured endorsements are revised to indicate that if coverage provided to the additional insured is required by contract or agreement, coverage to the additional insured will be afforded to the extent permissible by law and to the extent the named insured is required by the contract or agreement to provide insurance for the additional insured.

Additionally, if coverage provided to the additional insured is required by contract or agreement, the limits of insurance of the named insured's policy that are available to an additional insured will be limited to the extent required by the contract or agreement or the amount of insurance available under the applicable Limits Of Insurance shown in the Declarations, whichever is less.

**CA 20 71 – Auto Loan/Lease Gap Coverage**

This endorsement has been revised to generally reinforce that Auto Loan/Lease Gap Coverage is excess over any other collectible insurance applicable to a covered total loss.

INSURED COPY

**CA 23 17 – Truckers Uniform Intermodal Interchange Endorsement Form UIIE-1**

This form was revised to generally reinforce that cargo claims that are not a result of a motor carrier commercial vehicle accident or theft of cargo during the interchange period are not subject to indemnification, consistent with changes made to the Uniform Intermodal Interchange and Facilities Access Agreement by the Intermodal Association of America.

**CA 23 24 – Agricultural Produce Trailers – Seasonal**

This endorsement has been revised to address trailers with a Gross Vehicle Weight Rating exceeding 3,000 pounds used to transport agricultural produce during the specified period of operations, which is relatively equivalent to the former specification of trailers with a load capacity exceeding 2,000 pounds.

**CA 23 44 – Public Or Livery Passenger Conveyance Exclusion**

**CA 23 45 – Public Or Livery Passenger Conveyance And On-demand Delivery Services Exclusion**

**CA 26 04 – Amendment Of Single Interest Policy Provisions – Public Or Livery Passenger Conveyance And On-demand Delivery Services Exclusion**

These endorsements have been revised to generally reinforce that the public or livery passenger conveyance and on-demand delivery services exclusions do not apply to business activities performed by an insured that are directly related to the Named Insured(s) listed in the Declarations.

**CA 25 49 – Limited Product Withdrawal Expense Endorsement**

This endorsement has been revised to delete the second paragraph of Paragraph **C.1.** under the **Deductible And Participation Percentage Provisions** section relating to the insured's reimbursement to the insurer of any payment of all or part of any deductible amount that the insurer is required to pay by law, since this endorsement only relates to reimbursement for product withdrawal expenses you incur and not product withdrawal expenses that you become legally obligated to pay as damages.

© Insurance Services Office, Inc., 2020
**CA P 012 12 20**

INSURED COPY

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 04 44 10 13**

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US (WAIVER OF SUBROGATION)

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| **Name(s) Of Person(s) Or Organization(s):** |
|---|
| NYS OFFICE OF MENTAL HEALTH |
| CONSOLIDATED BUSINESS OFFICE |
| CONTRACT & PROCUREMENT SERVICES-UNIT N UPPER |
| 75 NEW SCOTLAND AVE. |
| ALBANY, NY 12208 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The **Transfer Of Rights Of Recovery Against Others To Us** condition does not apply to the person(s) or organization(s) shown in the Schedule, but only to the extent that subrogation is waived prior to the "accident" or the "loss" under a contract with that person or organization.

**CA 04 44 10 13**                    © Insurance Services Office, Inc., 2011                    **Page 1 of 1**

INSURED COPY

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 04 44 10 13**

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US (WAIVER OF SUBROGATION)

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

### SCHEDULE

| **Name(s) Of Person(s) Or Organization(s):** |
|---|
| CONTRACT AND PROCUREMENT SERVICES |
| NYS OFFICE OF MENTAL HEALTH |
| CONSOLIDATED BUSINESS OFFICE |
| CONTRACT & PROCUREMENT SERVICES-UNIT N UPPER |
| 75 NEW SCOTLAND AVE.   ALBANY, NY 12208 |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The **Transfer Of Rights Of Recovery Against Others To Us** condition does not apply to the person(s) or organization(s) shown in the Schedule, but only to the extent that subrogation is waived prior to the "accident" or the "loss" under a contract with that person or organization.

**CA 04 44 10 13**                © Insurance Services Office, Inc., 2011                **Page 1 of 1**

INSURED COPY

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 20 48 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DESIGNATED INSURED FOR
# COVERED AUTOS LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement identifies person(s) or organization(s) who are "insureds" for Covered Autos Liability Coverage under the Who Is An Insured provision of the Coverage Form. This endorsement does not alter coverage provided in the Coverage Form.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

**SCHEDULE**

| |
|---|
| **Name Of Person(s) Or Organization(s):** |
| CONTRACT AND PROCUREMENT SERVICES<br>NYS OFFICE AND MENTAL HEALTH<br>CONSOLIDATED BUSINESS OFFICE<br>CONTRACT & PROCUREMENT SERVICES- UNIT N UPPER<br>75 NEW SCOTLAND AVE.<br>ALBANY, NY 12208 |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph **A.1.** of Section **II** — Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms and Paragraph **D.2.** of Section **I** — Covered Autos Coverages of the Auto Dealers Coverage Form.

CA 20 48 10 13               © Insurance Services Office, Inc., 2011               **Page 1 of 1**

POLICY NUMBER: 152200-91-26-38-4A

**COMMERCIAL AUTO**
**CA 20 48 10 13**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# DESIGNATED INSURED FOR
# COVERED AUTOS LIABILITY COVERAGE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement identifies person(s) or organization(s) who are "insureds" for Covered Autos Liability Coverage under the Who Is An Insured provision of the Coverage Form. This endorsement does not alter coverage provided in the Coverage Form.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

**SCHEDULE**

| **Name Of Person(s) Or Organization(s):** |
|---|
| NYS OFFICE OF MENTAL HEALTH<br>CONSOLIDATED BUSINESS OFFICE<br>CONTRACT & PROCUREMENT SERVICES- UNIT N UPPER<br>75 NEW SCOTLAND AVE.<br>ALBANY, NY 12208 |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

Each person or organization shown in the Schedule is an "insured" for Covered Autos Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Paragraph **A.1.** of Section **II** — Covered Autos Liability Coverage in the Business Auto and Motor Carrier Coverage Forms and Paragraph **D.2.** of Section **I** — Covered Autos Coverages of the Auto Dealers Coverage Form.

**CA 20 48 10 13**          © Insurance Services Office, Inc., 2011          **Page 1 of 1**

INSURED COPY

COMMERCIAL AUTO
CA 99 03 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

© Insurance Services Office, Inc., 2011

INSURED COPY

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The **Conditions** are changed for **Auto Medical Payments Coverage** as follows:

1. The **Transfer Of Rights Of Recovery Against Others To Us** Condition does not apply.

2. The reference in **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© Insurance Services Office, Inc., 2011

CA 99 03 10 13

INSURED COPY

COMMERCIAL AUTO
CA 99 33 10 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# EMPLOYEES AS INSUREDS

This endorsement modifies insurance provided under the following:

  BUSINESS AUTO COVERAGE FORM
  MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

The following is added to the **Section II – Covered Autos Liability Coverage,** Paragraph **A.1. Who Is An Insured** provision:

  Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

INSURED COPY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOWING

This endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**
**MOTOR CARRIER COVERAGE FORM**

**Physical Damage Coverage Section, Paragraph A.2.,** is replaced with the following:

We will pay for towing and labor costs each time that a covered "auto" is disabled.  All labor must be performed at the place of disablement of the covered "auto".

The following limits apply:

Private Passenger type "autos":  $100;

Other than Private Passenger type "autos":  $250

INSURED COPY